Thomas M. McInerney, CA Bar No. 162055
tmm@ogletreedeakins.com
Jill V. Cartwright, CA Bar No. 260519
jill.cartwright@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA 94105
Telephone:    415.442.4810
Facsimile:    415.442.4870

A. Craig Cleland, *pro hac vice*
craig.cleland@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
191 Peachtree St., NE., Ste. 4800
Atlanta, GA 30303
Telephone:    404.881.1300
Facsimile:    404.870.1732

Attorneys for Defendant
GOOGLE INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HEATH, on behalf of himself and others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE INC., a Delaware corporation,<br><br>　　　　Defendant. | Case No. 15-cv-01824-BLF<br><br>**DEFENDANT GOOGLE INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>Date:　　　September 3, 2015<br>Time:　　　9:00 a.m.<br>Location:　　Courtroom 3, 5th Floor, San Jose<br><br>Complaint Filed: April 22, 2015<br>Trial Date:　　Not Set |

# TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................................. 1

II. PLAINTIFF'S COMPLAINT .................................................................................................. 2

III. LEGAL ARGUMENT ............................................................................................................ 3

    A. Standards for Granting a 12(b)(6) Motion .................................................................. 3

    B. Plaintiff Fails to State a Cause of Action for Disparate Impact for Applicants Because Such Claims Are Not Actionable Under the ADEA for Mere Applicants. ................................................................................................... 3

    C. Count I Also Fails Because Plaintiff Does Not Identify A Specific Policy Or Practice Allegedly Causing Age Discrimination. .................................. 5

    D. No Cause Of Action Exists for a Rule 23 Class Action Under the ADEA. ............................................................................................................................ 7

    E. Count II Must Be Dismissed Because FEHA Does Not Apply to Heath Or to Other Applicants Outside California. ................................................... 8

        1. Heath cannot invoke extraterritorial application of FEHA for his individual claims or class claims. ........................................................... 8

        2. Without his own standing, Plaintiff cannot bring FEHA claims on class members' behalf. ........................................................... 10

IV. CONCLUSION .................................................................................................................... 11

i    Case No. 15-cv-01824-BLF

DEFENDANT GOOGLE INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Aldridge v. City of Memphis*,
    No. 05-2966-STA-DKV, 2008 WL 2999557 (W.D. Tenn. July 31, 2008).................................4

*Allen v. Highlands Hosp. Corp.*,
    545 F.3d 387 (6th Cir. 2008) ..................................................................................................6

*Anderson v. CRST Int'l, Inc.*,
    No. CV 14-368 DSF MANX, 2015 WL 1487074, at *5 (C.D. Cal. Apr. 1, 2015)......................9

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................................3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................................3

*Douglas v. Anderson*,
    656 F.2d 528 (9th Cir. 1981) ..................................................................................................4

*Durante v. Qualcomm, Inc.*,
    144 F. App'x 603 (9th Cir. 2005)............................................................................................6

*EEOC v. Allstate Ins. Co.*,
    458 F. Supp. 2d 980 (E.D. Mo. 2006) ....................................................................................5

*EEOC v. Francis W. Parker Sch.*,
    41 F.3d 1073 (7th Cir. 1994)...................................................................................................5

*Ellis v. United Airlines, Inc.*,
    73 F.3d 999 (10th Cir. 1996)...................................................................................................5

*Faulkner v. ADT Sec. Servs.*,
    706 F.3d 1017 (9th Cir. 2013).................................................................................................3

*Genesis Healthcare Corp. v. Symczyk*,
    ___ U.S. ___, 133 S. Ct. 1523 (2013) ....................................................................................7

*Gonsalves v. Infosys Technologies, LTD.*,
    No. C 09-04112 MHP, 2010 WL 1854146 (N.D. Cal. May 6, 2010) .....................................9

*Griggs v. Duke Power Co.*,
    401 U.S. 424 (1971) ................................................................................................................4

*Hawkins v. Comparet-Cassani*,
    251 F.3d 1230 (9th Cir. 2001)...............................................................................................11

*Hoffman–La Roche v. Sperling*,
    493 U.S. 165 (1989) ..................................................................................................1, 7

*Kimel v. Florida Bd. of Regents*,
    528 U.S. 62 (2000) ..............................................................................................................8

*Kocsis v. Delta Air Lines, Inc.*,
    963 F. Supp. 2d 1002 (D. Haw. 2013)..................................................................................6

*L. Tarango Trucking v. County of Contra Costa*,
    181 F. Supp. 2d 1017 (N.D. Cal. 2001)..............................................................................10

*Mays v. BNSF Ry. Co.*,
    974 F. Supp. 2d (N.D. Ill. 2013) ..........................................................................................5

*Piazza v. Ebsco Indus., Inc.*,
    273 F.3d 1341 (11th Cir. 2001) .........................................................................................10

*Priyanto v. M/S Amsterdam, et al.*,
    Case No. CV-07-3811, 2009 U.S. Dist. LEXIS 7849, 2009 WL 175739 (C.D.
    Cal. Jan. 23, 2009)................................................................................................................9

*Rose v. Wells Fargo & Co.*,
    902 F.2d 1417 (9th Cir.1990) ..............................................................................................6

*Rulenz v. Ford Motor Co.*,
    No. 10CV1791-GPC-MDD, 2013 WL 2181241 (S.D. Cal. May 20, 2013) ................9

*Sarviss v. General Dynamics Info. Tech., Inc.*,
    663 F. Supp. 2d 883 (C.D. Cal. 2009)..................................................................................9

*Sischo–Nownejad v. Merced Cmty. Coll. Dist.*,
    934 F.2d 1104 (9th Cir.1991) ..............................................................................................4

*Smith v. City of Des Moines*,
    99 F.3d 1466 (8th Cir. 1996) ...............................................................................................5

*Smith v. City of Jackson*,
    544 U.S. 228 (2005) ...............................................................................................1, 4, 5, 6

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) ...............................................................................................3

*Syverson v. Int'l Bus. Machines Corp.*,
    No. C-03-04529 RMW, 2007 WL 2904252 (N.D. Cal. Oct. 3, 2007) .........................6

*In re Verifone Securities Litig.*,
    784 F. Supp. 1471 (N.D. Cal. 1992).................................................................................10

*Villarreal v. R.J. Reynolds Tobacco Co.*,
 No. 2:12-cv-0138-RWS, 2013 WL 823055 (N.D. Ga. March 6, 2013) ...................................4

*Wards Cove Packaging Co. v. Antonio*,
 490 U.S. 642 (1989) ...............................................................................................................1

*Western Mining Counsel v. Watt*,
 643 F.2d 618 (9th Cir. 1981) ..................................................................................................3

*Westways World Travel, Inc. v. AMR Corp.*,
 218 F.R.D. 223 (C.D. Cal. 2003) ..........................................................................................10

*Williams v. Gerber Prods. Co.*,
 552 F.3d 934 (9th Cir. 2008) ..................................................................................................3

*Wright v. Adventures Rolling Cross Country, Inc.*,
 Case No. C-12-0982-EMC, 2012 U.S. Dist. LEXIS 104378 (N.D. Cal. May 3,
 2012) ......................................................................................................................................9

*Wynn v. National Broadcasting Co., Inc.*,
 234 F. Supp. 2d 1067 (C.D. Cal. 2002) ...........................................................................7, 8

*Xin Liu v. Amway Corp.*,
 347 F.3d 1125 (9th Cir. 2003) ................................................................................................4

**State Cases**

*Campbell v. Arco Marine Inc.*,
 42 Cal. App. 4th 1850 (1996) .................................................................................................8

*North Alaska Salmon Co. v. Pillsbury*,
 174 Cal. 1 (1916) ....................................................................................................................9

*Sullivan v. Oracle Corp.*,
 51 Cal. 4th 1191 (2011) ....................................................................................................9, 10

**Statutes**

29 U.S.C. § 216(b) ........................................................................................................... 1, 7, 8

29 U.S.C. § 623(a)(1) ............................................................................................................ 1, 4

29 U.S.C. § 623(a)(2) ................................................................................................................4

29 U.S.C. § 626(b) .....................................................................................................................8

Cal. Gov. Code § 12940(a) .................................................................................................... 1, 8

iv   Case No. 15-cv-01824-BLF
DEFENDANT GOOGLE INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

**Other Authorities**

Fed. R. Civ. P. 8(a) ............................................................................................................. 3, 11

Fed. R. Civ. P. 12(b)(6) ...................................................................................................... 3, 11

Fed. R. Civ. P. 23 ............................................................................................................ 1, 7, 8

I.     **INTRODUCTION**

Defendant Google Inc. ("Google" or the "Company") respectfully requests the Court dismiss Count I and Count II of plaintiff Robert Heath's Complaint (ECF No. 1 ("Complaint")).

Count I has three major defects.

First, Count I fails to state a claim for disparate-impact age discrimination for failure-to-hire an applicant because Heath was just that – an applicant, not an employee. In disparate-impact cases, which allege that an otherwise-neutral employment policy or practice has a discriminatory effect, "the employer's practices may be said to adversely affect [an individual's status] ***as an employee***." *Smith v. City of Jackson*, 544 U.S. 228, 235 (2005) (emphasis added). Such claims may be brought pursuant to Section 4(a)(2) of the Age Discrimination in Employment Act ("ADEA"), but this provision only applies to ***employees***, not ***applicants*** for employment. The ADEA provision relating to failure-to-hire/applicant claims, section 4(a)(1) (29 U.S.C. § 623(a)(1)), does not, by its terms, authorize disparate impact claims brought by nonemployees. *Id*. at 236 n.6. As such, Heath fails to state a claim on his Count I disparate impact claim.

Second, even if Heath could bring a disparate impact claim for failure to hire, he fails to plead a particular policy or practice allegedly causing the age discrimination. It is not enough for him to simply allege a policy or practice has a disparate impact on applicants. Rather, he must identify the specific employment practices that are allegedly responsible for the disparate impact, which he has not done. *Smith*, 544 U.S. at 236 n.6; *Wards Cove Packaging Co. v. Antonio*, 490 U.S. 642, 650 (1989).

Third, Heath improperly attempts to bring Count I as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. An ADEA claim may not be brought as a ***class*** action pursuant to Rule 23, but instead may be brought only as a ***collective*** action under Section 216(b) of the Fair Labor Standards Act. 29 U.S.C. § 216(b); *Hoffman–La Roche v. Sperling,* 493 U.S. 165, 170 (1989).

Count II is also significantly flawed. In Count II, Heath attempts to apply the California Fair Employment and Housing Act ("FEHA") (Gov't Code § 12940(a)) to alleged actions occurring outside of California. However, FEHA does not apply extraterritorially outside of

1 California, and plaintiff has failed to allege facts sufficient to show he can invoke the FEHA

2 protections. As such, Heath has no standing to represent a class under the FEHA.

3      For these reasons, Google respectfully requests the Complaint be dismissed with prejudice.

4 **II.**    **PLAINTIFF'S COMPLAINT**

5      Heath brings two counts of age discrimination on behalf of a putative class of applicants for

6 any position with Google. Count I is for age discrimination under the ADEA. (Complaint ¶¶ 48-

7 53). Count II is for age discrimination under the FEHA. (*Id.* ¶¶ 54-59). A resident of Florida and

8 a software engineer, Heath alleges that on February 2, 2011, a recruiter, Sam Chun, contacted him

9 about a software engineer position at Google. (*Id.* ¶¶ 6, 14, 18). Heath responded with interest,

10 and Mr. Chun scheduled a technical interview for February 8, 2011. (*Id.* ¶ 20).

11      Heath asserts that, on February 8th, he was subjected to an interview by someone "barely

12 fluent in English," who, in Heath's opinion, complicated the interview by using a speakerphone

13 and conducted a poorly executed interview of him. (*Id.* ¶¶ 21-25). The interview required Heath to

14 answer technical questions and write a short program. (*Id.* ¶¶ 24-26). Heath takes issue with the

15 interviewer asking him to read his programming code over the phone rather than uploading the

16 program to Google Docs, apparently because Heath believed the interviewer lacked sufficient

17 fluency in English. (*Id.* ¶ 26).

18      Two days later, on February 10th, Chun emailed Heath to let him know Google would not

19 be moving forward with the interview process. (*Id.* ¶ 27). Heath alleges that he complained to

20 Google's human resources department about the interview and that the human resources

21 representative told him the interviewer should have used Google Docs to receive the program

22 Heath wrote during the interview. (*Id.* ¶ 29).

23      Based on Heath's interview experiences for a software engineer position, Heath seeks to

24 represent a nationwide class of applicants for any Google job from August 2010 through the

25 present. (*Id.* ¶ 39). Notably, Heath does not seek to bring a class on behalf of only software

26 engineers who failed their technical interview. Instead, he seeks to bring a class on behalf of all

27 applicants regardless of whether an applicant had to pass a technical interview or where the

28 applicant resided or was expected to work. (*Id.* ¶¶ 39, 49, 55).

## III. LEGAL ARGUMENT

### A. Standards for Granting a 12(b)(6) Motion

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Rule 12(b)(6) is read in conjunction with Rule 8(a) of the Federal Rule of Civil Procedure, which requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

To survive a motion to dismiss, the complaint must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly* ("*Twombly*"), 550 U.S. 544, 570 (2007); *see Ashcroft,* 556 U.S. at 678. A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). "The plausibility standard … asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Where a complaint "pleads facts that are merely consistent with a defendant's liability," such relief "stops short" of the plausibility standard. *Id.* (citing *Twombly*, 550 U.S. at 557).

The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals" or "formulaic recitation[s]" of the elements will not suffice. *Iqbal*, 556 U.S. at 678; *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The Court need not accept as true the conclusory allegations, legal characterizations, unreasonable inferences or unwarranted deductions of fact alleged in the operative complaint. *Western Mining Counsel v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

### B. Plaintiff Fails to State a Cause of Action for Disparate Impact for Applicants Because Such Claims Are Not Actionable Under the ADEA for Mere Applicants.

Section 4(a) of the ADEA makes it unlawful for an employer:

(1) ***to fail or refuse to hire*** or to discharge ***any individual*** or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age; [or]

> (2) to **limit, segregate, or classify his employees** in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age[.]

29 U.S.C. § 623(a)(1) & (2)(emphasis added).

Discrimination claims under the ADEA may be asserted under either a disparate treatment or disparate impact theory. *Smith*, 544 U.S. at 238-39. Disparate impact claims assert that an employment policy that is neutral on its face has had a discriminatory impact. *Griggs v. Duke Power Co.*, 401 U.S. 424, 431 (1971); *Douglas v. Anderson*, 656 F.2d 528, 531 (9th Cir. 1981). Conversely, a claim alleging disparate treatment involves an assertion "either that the employer's challenged decision stemmed from an illegitimate motive or that the decision was the product of both legitimate and illegitimate motives." *Sischo–Nownejad v. Merced Cmty. Coll. Dist.*, 934 F.2d 1104, 1109 (9th Cir.1991). Unlike disparate treatment claims, a claim alleging disparate impact requires no showing of discriminatory motive or animus. *Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1140 (9th Cir. 2003).

In *Smith v. City of Jackson*, the Supreme Court held that Section 4(a)(1) (29 U.S.C. § 623(a)(1)), which relates to claims by applicants, "does not encompass disparate impact liability." *Smith*, 544 U.S. at 236 n.6. Instead, disparate impact claims may be brought only under Section 4(a)(2) (29 U.S.C. § 623(a)(2)), which relates to claims by employees. *Aldridge v. City of Memphis*, No. 05-2966-STA-DKV, 2008 WL 2999557, at *5 (W.D. Tenn. July 31, 2008), *aff'd*, 404 F. App'x 29 (6th Cir. 2010) (*citing EEOC v. Allstate Ins. Co.*, 528 F.3d 1042, 1047 (8th Cir. 2008); *Villarreal v. R.J. Reynolds Tobacco Co.*, No. 2:12-cv-0138-RWS, 2013 WL 823055 at *6 (N.D. Ga. March 6, 2013).

The reason for this distinction is that Section 4(a)(2), which contains the ADEA's disparate impact prohibition, "focuses on the effects of the action **on the employee** rather than the motivation for the action of the employer," and this by its terms applies only to existing employees and not claims by applicants for employment. *Id*. Thus, the clear textual differences between the two subsections reflect that 4(a)(2) is the only provision in the ADEA supporting a disparate impact theory of liability, and it only applies to employees. *Villarreal*, 2013 WL 823055, at *6 (dismissing plaintiff's class claim for failure-to-hire on a disparate impact theory of liability).

Numerous federal courts have recognized this distinction and held that ADEA disparate impact claims can be brought only on behalf of employees, not applicants. *See*, *e.g., Smith v. City of Des Moines*, 99 F.3d 1466, 1470 n.2 (8th Cir. 1996) ("Section [4](a)(2) of the ADEA governs employer conduct with respect to 'employees' only …"); *Ellis v. United Airlines, Inc.*, 73 F.3d 999, 1007 n.12 (10th Cir. 1996) ("Section [4](a)(2) . . . does not appear to address refusals to hire at all"), *overruled on other grounds*, *Smith*, 544 U.S. at 232; *EEOC v. Francis W. Parker Sch.*, 41 F.3d 1073, 1077-78 (7th Cir. 1994) (stating that the conclusion that ADEA Section 4(a)(2) "omits from its coverage, 'applicants for employment,' . . . is a result dictated by the statute itself"), *overruled on other grounds*, *Smith*, 544 U.S. at 232; *Mays v. BNSF Ry. Co.*, 974 F. Supp. 2d at 1176-77 (N.D. Ill. 2013)(same); *EEOC v. Allstate Ins. Co.*, 458 F. Supp. 2d 980, 989 (E.D. Mo. 2006) (a "disparate-impact hiring case . . . is no longer cognizable after *City of Jackson*"), aff'd, 528 F.3d 1042 (8th Cir. 2008), *reh'g en banc granted*, *opinion vacated* (Sept. 8, 2008).

In this case, the entirety of Heath's allegations focuses on alleged disparate impact on applicants – and there is no basis in the ADEA for him to do so. Heath brings disparate impact claims by alleging that Google has "adopted policies and practices . . . that involve the preferential and discriminatory hiring of workers . . . ," and that "Google's policies and/or practices of hiring workers of a median age of 29 have a disparate impact on workers aged 40 and older," "whether the disparate impact of Google's policies and practices is justified by business or commercial necessity or a 'reasonable factor other than age.'" (Complaint ¶¶ 41). In Count I, Heath further pleads that "Google has used policies and practices related to hiring and employment . . . that have had a disparate impact on the basis of age. . . ." (Complaint ¶ 52). Accordingly, Count I must be dismissed with prejudice because Heath cannot bring a disparate-impact claim on behalf of himself or other applicants under the ADEA.

### C. Count I Also Fails Because Plaintiff Does Not Identify A Specific Policy Or Practice Allegedly Causing Age Discrimination.

Even assuming Health could state a claim, Count I must still be dismissed because Heath fails to properly allege a specific employment policy or practice allegedly causing disparate impact age discrimination. "To state a claim for disparate impact under the ADEA, a plaintiff is

responsible for identifying the specific employment practice that led to the statistical disparities." *Smith*, 544 U.S. at 241 (2005); *Rose v. Wells Fargo & Co.*, 902 F.2d 1417, 1424 (9th Cir.1990) (holding that to establish a case of disparate impact, plaintiff must: "(1) identify the specific employment practices or selection criteria being challenged; (2) show disparate impact; and (3) prove causation"). As the Supreme Court held in *Smith*, 544 U.S. 228, to establish a *prima facie* case of disparate impact discrimination under the ADEA, the plaintiff is "responsible for isolating and identifying ***the specific employment practices*** that are allegedly responsible for any observed statistical disparities." *Id*.at 241 (emphasis added).

Here, plaintiff pleads only general and conclusory allegations of age discrimination, and he fails to allege ***any*** specific employment practice causing the disparate impact. (Complaint ¶ 50). In *Syverson v. Int'l Bus. Machines Corp.*, No. C-03-04529 RMW, 2007 WL 2904252, at *6 (N.D. Cal. Oct. 3, 2007), this Court examined this same issue. There, the plaintiffs brought a disparate impact claim pertaining to their individual terminations. *Id*. Specifically, the plaintiffs alleged that the defendant "engaged in a pattern or practice of age discrimination by treating older employees less favorably than younger employees." The court held that the plaintiffs' general allegations that the company engaged in a "pattern or practice" of age discrimination was insufficient because the plaintiffs failed to identify the specific employment practices causing the disparate impact and also failed to name specific times, places and people involved in the discriminatory decision. *Id*. Accordingly, the court dismissed the improperly plead disparate impact age discrimination claims. *Id*.

Other courts have also held that such general pleading is insufficient to state a claim. *Durante v. Qualcomm, Inc.*, 144 F. App'x 603, 607 (9th Cir. 2005) (upholding summary judgment for employer because plaintiffs failed to identify a specific employment practice for their disparate impact claim); *Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 404 (6th Cir. 2008) (holding plaintiff's general allegations that "the effect of the policy demanding terminations of the highest paid employees has an age discrimination effect that is improper" was not sufficient to identify a specific practice that disproportionately impacted employees who were at least 40 years old); *Kocsis v. Delta Air Lines, Inc.*, 963 F. Supp. 2d 1002, 1015 (D. Haw. 2013) (holding that plaintiff

1  failed to identify a specific employment practice to satisfy a prima facie case of disparate impact by
2  simply stating the employer had 'internal, unpublished policy of discriminating against older,
3  senior flight attendants'").

4  In this case, rather than complying with the strict pleading requirement of the ADEA, Heath
5  repeatedly makes boilerplate allegations that "Google has engaged in a pattern and practice of
6  discriminating against individuals who are age 40 and older," and generally alleges that Google's
7  unidentified hiring and employment practices adversely treat individuals over age 40.  (Complaint
8  ¶¶ 41, 50-52).  These bare-bones, conclusory allegations are legally insufficient to support a
9  disparate impact claim.  As such, plaintiff's disparate impact theory as to Google's failure to hire
10 fails to state a claim for relief and should be dismissed.  Furthermore, because Google does not
11 believe that plaintiff can amend his pleading to allege the specific employment practice that caused
12 a disparate impact based on age, the Court should grant the motion.

13  **D.  <u>No Cause Of Action Exists for a Rule 23 Class Action Under the ADEA.</u>**

14  Even if Heath could assert a disparate impact claim, which he cannot, he purports to bring
15 his ADEA claim as a class action under Rule 23 of the Federal Rules of Civil Procedure.
16 (Complaint ¶¶ 39-47).  But, as a matter of law, Rule 23 does not apply to ADEA claims.  *Wynn v.*
17 *National Broadcasting Co., Inc.*, 234 F. Supp. 2d 1067, 1081 (C.D. Cal. 2002).  Rather, the ADEA
18 borrows the joinder standards of Section 16(b) of the Fair Labor Standards Act ("FLSA") (29
19 U.S.C. § 216(b)), which provides only for a collective action, which is a completely separate
20 mechanism from a class action.  *Genesis Healthcare Corp. v. Symczyk*, ___ U.S. ___, 133 S. Ct.
21 1523, 1532 (2013) (distinguishing Rule 23 actions, which are representative cases, from FLSA
22 collective actions, which are joinder cases).  For example, under Rule 23, class members are
23 presumed to be putative class members and must opt-out of the class.  Under the FLSA and ADEA,
24 however, "similarly situated" individuals must "opt-in" to the collective action, and in doing so
25 they become "party plaintiffs."  29 U.S.C. § 216(b).  Thus, Heath may not bring his ADEA claim
26 under Rule 23, as he attempts to do so in his Complaint.  *Hoffman–La Roche*, 493 U.S. at 170
27 ("[T]he ADEA incorporates enforcement provisions of the Fair Labor Standards Act of 1938, and
28 provides that the ADEA shall be enforced using certain of the powers, remedies, and procedures of

the FLSA"); *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 74 (2000); *Wynn*, 234 F. Supp. 2d at 1081 ("The class action format under the ADEA is not guided by Fed. R. Civ. P. 23, however. Instead, the ADEA, in 29 U.S.C. § 626(b), incorporates the standards of § 16(b) of the Fair Labor Standards Act (29 U.S.C. § 216(b)) and expressly authorizes employees to bring collective age discrimination actions 'in behalf of themselves and other employees similarly situated.'").

### E. Count II Must Be Dismissed Because FEHA Does Not Apply to Heath Or to Other Applicants Outside California.

In Count II, Heath asserts a nationwide Rule 23 class action under the FEHA, Gov't Code § 12940(a). In doing so, Heath improperly attempts to apply the FEHA extraterritorially throughout the country. This argument fails because the FEHA does not apply extraterritorially outside of California and Heath has failed to plead facts sufficient to show his claims are covered by the FEHA.

#### 1. Heath cannot invoke extraterritorial application of FEHA for his individual claims or class claims.

Non-residents alleging harm outside of California cannot state any claim under the FEHA. *Campbell v. Arco Marine Inc.*, 42 Cal. App. 4th 1850 (1996). In *Campbell*, the California Court of Appeal addressed the same extraterritorial application of the FEHA presented by Heath in his Complaint:

> This case presents the question of whether to construe the California Fair Employment and Housing Act to cover the sexual harassment claims of an employee of a California-based company who is not herself a resident of California, whose employment duties were performed, for the most part, outside the boundaries of the state, and whose injuries are based on behavior occurring outside the state. ***We hold that the FEHA was not intended to apply to non-residents where, as here, the tortious conduct took place out of this state's territorial boundaries.***

*Campbell*, 42 Cal. App. 4th at 1852 (emphasis added).

*Campbell* observed that "the Legislature certainly did not intend to interfere with employment relationships between residents of other states being performed wholly in other states." *Id.* at 1859. Application of California law to wholly out-of-state employment relationships would raise serious constitutional concerns under the Commerce, Due Process, and Full Faith and Credit clauses. *Id.* at 1858. As a result, in this case, plaintiff cannot be allowed to invoke FEHA regarding his personal claims against Google or extend FEHA to a putative class outside of

California. *See Gonsalves v. Infosys Technologies, LTD.*, No. C 09-04112 MHP, 2010 WL 1854146, at *6 (N.D. Cal. May 6, 2010) ("Plaintiff, as a non-resident, may not pursue claims under FEHA without averring a factual nexus between [defendants'] California-based activities and the alleged discriminatory conduct"); *Rulenz v. Ford Motor Co.*, No. 10CV1791-GPC-MDD, 2013 WL 2181241, at *4 (S.D. Cal. May 20, 2013) ("Given that the vast majority of Plaintiff's allegations involve acts which occurred in the state of Nevada, the Court finds that Plaintiff has failed to overcome the presumption against extraterritorial application of FEHA."); *Anderson v. CRST Int'l, Inc.*, No. CV 14-368 DSF MANX, 2015 WL 1487074, at *5 (C.D. Cal. Apr. 1, 2015) (conduct occurring outside California involving a California resident not enough to apply FEHA extraterritorially).

California law, in general, supports a strong presumption against the extraterritorial application of FEHA. *North Alaska Salmon Co. v. Pillsbury*, 174 Cal. 1 (1916). In *North Alaska Salmon*, an employee sought compensation from the then California Industrial Accident Commission for injuries he sustained while working in Alaska for a California employer and pursuant to an agreement made within California. *Id*. at 2. The court held that:

> Although a state may have the power to legislate concerning the rights and obligations of its citizens with regard to transactions occurring beyond its boundaries, the presumption is that it did not intend to give its statutes any extraterritorial effect. The intention to make the act operative, with respect to occurrences outside the state, will not be declared to exist unless such intention is clearly expressed or reasonably to be inferred from the language of the act or from its purpose, subject matter or history.

*Id.* at 4 (internal quotations omitted); *accord Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1207 (2011); *Sarviss v. General Dynamics Info. Tech., Inc.*, 663 F. Supp. 2d 883, 897 (C.D. Cal. 2009); *Wright v. Adventures Rolling Cross Country, Inc.*, Case No. C-12-0982-EMC, 2012 U.S. Dist. LEXIS 104378 (N.D. Cal. May 3, 2012); *Priyanto v. M/S Amsterdam, et al.*, Case No. CV-07-3811, 2009 U.S. Dist. LEXIS 7849, 2009 WL 175739 (C.D. Cal. Jan. 23, 2009).

The California Supreme Court's decision in *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191 (2011) is instructive. There, the Court addressed certified questions from the Ninth Circuit concerning "the applicability of California law to nonresident employees who work both [in California] and in other states for a California-based employer." *Id*. at 1194. *Sullivan* involved

claims for unpaid overtime against a California software company by individuals who claimed that they had been misclassified as exempt employees while working as "instructors" who trained the defendant's customers in the use of the company's products. *Id*. at 1195. The plaintiffs alleged that California's Unfair Competition Law ("UCL") operated to extend the statutory period for their claims under the Fair Labor Standards Act for work performed outside of California. *See id.* at 1206-07. In holding that the UCL does not apply to work performed by non-residents outside of California, the Court emphasized the presumption against extraterritorial application of California law. *Id*. at 1207. The Court also dismissed the plaintiffs' argument that the UCL applied simply because the alleged misclassification or unlawful business act occurs within the state. *Id*. at 1208. Instead, the Court focused on the *situs* of the work performed by the plaintiffs, not the location of where the decision was made to classify the plaintiffs as exempt. *Id*. 1208. Of note, the *Sullivan* court also held that California's Labor Code and the UCL apply to work performed by out of state residents but only when that work is performed *within the State of California*. *Id*. at 1205-1207.

Here, Heath is a resident of Florida and fails to allege any facts establishing that any wrongful conduct occurred within California. As such, FEHA does not apply to Heath and he cannot seek to represent a nationwide class for alleged FEHA violations. As such, Count II must be dismissed with prejudice.

**2.     Without his own standing, Plaintiff cannot bring FEHA claims on class members' behalf.**

"Without individual standing to raise a legal claim, a named representative does not have the requisite typicality to raise the same claim on behalf of a class." *Piazza v. Ebsco Indus., Inc.*, 273 F.3d 1341, 1346 (11th Cir. 2001); *accord Westways World Travel, Inc. v. AMR Corp.*, 218 F.R.D. 223, 235 (C.D. Cal. 2003); s*ee also L. Tarango Trucking v. County of Contra Costa*, 181 F. Supp. 2d 1017, 1024 (N.D. Cal. 2001). This Court has held:

> Plaintiffs argue that even if the representative plaintiffs cannot assert an individual claim against the defendants under [FEHA], they may nonetheless maintain a class action for the benefit of those who [can sue] defendants [under FEHA]. Not so. Where a plaintiff lacks standing to bring a claim personally, that plaintiff cannot represent the class.

*In re Verifone Securities Litig.,* 784 F. Supp. 1471, 1489 (N.D. Cal. 1992) (citations omitted).

As noted, Heath cannot maintain a FEHA claim because he is a non-resident who fails to allege any wrongful conduct occurring within California. The fact that Heath might allege similar claims to those of other supposed applicants does not authorize him to litigate on behalf of absent class members when he has no right to bring a claim for himself. As the Ninth Circuit held, "[a] named plaintiff cannot represent a class alleging [ ] claims that the named plaintiff does not have standing to raise." *Hawkins v. Comparet-Cassani*, 251 F.3d 1230, 1238 (9th Cir. 2001).

Accordingly, plaintiff's FEHA class claims must be dismissed with prejudice because he has no standing to bring a FEHA class action.

## IV.   CONCLUSION

For the foregoing reasons, Count I and Count II should be dismissed pursuant to Rules 8(a) and 12(b)(6).

DATED:  June 11, 2015

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By:   /s/  *Thomas M. McInerney*
      Thomas M. McInerney
      A. Craig Cleland
      Jill V. Cartwright

Attorneys for Defendant
GOOGLE INC.

21266724.9