1  Daniel L. Low, CA Bar No. 218387
   dlow@kotchen.com
2  KOTCHEN & LOW LLP
   1745 Kalorama Road NW, Suite 101
3  Telephone:  202.841.7164
   Facsimile:   202.280.1128
4
   Attorney for Plaintiffs
5  ROBERT HEATH and CHERYL FILLEKES

# UNITED STATES DISTRICT COURT

# THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT HEATH, and
CHERYL FILLEKES,
Plaintiffs, on behalf of themselves and others similarly situated,

    Plaintiffs,

v.

GOOGLE INC., a Delaware corporation,

    Defendant.

Case No. 15-cv-01824-BLF

**REPLY MEMORANDUM IN SUPPORT OF DANIEL LOW'S MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF ROBERT HEATH**

Date:     February 18, 2016
Time:    9:00 a.m.
Location: Courtroom 3, 5th Floor, San Jose

Complaint Filed: April 22, 2015
Trial Date:           May 1, 2017

# REPLY MEMORANDUM IN SUPPORT OF DANIEL LOW'S MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF ROBERT HEATH

Pursuant to Civil Local Rules 5-1(c)(2)(E), 7-3, and 11-5, Daniel Low on behalf of Kotchen & Low LLP ("Movant") hereby files this reply brief in support of his motion to withdraw as counsel of record for Plaintiff Robert Heath ("Mr. Heath").

On January 22, 2016, Daniel Low moved to withdraw as counsel of record for Plaintiff Robert Heath. Mot. to Withdraw (Dkt. #42). At that time, Mr. Heath was seeking alternate counsel, but had not yet secured counsel. *Id.* at 4. On February 4, 2016, Dow Patten, of the firm Smith Patten, entered an appearance on behalf of Mr. Heath. Notice of Appearance (Dkt. #46). On February 5, 2016, Mr. Patten, on behalf of Mr. Heath, filed a statement of non-opposition to Mr. Low's motion to withdraw. Pl. Heath's Statement of Non-Opposition (Dkt. #49). The same day, Defendant Google, Inc. ("Google") filed a response to Mr. Low's motion to withdraw, raising four concerns. Def.'s Resp. to Mot. to Withdraw (Dkt. #50).

First, Google was concerned regarding the service of process on Mr. Heath. *Id.* at 1. The appearance of Mr. Patten for Mr. Heath moots this concern.

Second, Google indicated that it was concerned with scheduling, given the March 11 conditional certification briefing deadline. *Id.* Google's concerns arose in

relation to the scheduling of Mr. Heath's deposition. Movant understands that Google and Mr. Heath have recently agreed to a date in early March for Mr. Heath's deposition.

Nevertheless, Movant believes the case schedule will need to be modified. As Plaintiffs indicated in their Motion to Extend Scheduling Order Deadlines, Google has lodged objections to all of Plaintiffs' document requests and single interrogatory, and has refused to provide the vast majority of responsive documents and information. Pls.' Mot. to Extend Scheduling Order Deadlines at 2 (Dkt. #39). As Plaintiffs explained, Google's discovery practices had necessitated a 30(b)(6) deposition just to determine what responsive materials Google possessed. *Id.* at 4-5. Plaintiffs noticed that deposition on December 4, 2015, and later served an amended, narrower notice on January 14, 2016, in response to Google's objections with the scope of Plaintiffs' first notice. *See* Am. Rule 30(b)(6) Dep. Notice (Ex. 1). In addition to addressing discovery matters, Plaintiffs' amended 30(b)(6) deposition notice requested that Google designate a witness to testify concerning Google's hiring procedures for technical positions, including its use of hiring committees, as well as government investigations into age discrimination at Google. *Id.* Google has objected to this notice, and has refused to provide a witness to address any topic other than its hiring procedures for the specific positions to which the Plaintiffs applied. *See* Letter from T. McInerney to D. Kotchen (Feb. 3, 2016) (Ex. 2).

Google's refusal to produce documents responsive to Plaintiffs' document requests, refusal to provide a substantive response to Plaintiffs' interrogatory, and refusal to designate a witness to fully address Plaintiffs' noticed 30(b)(6) deposition topics are the subject of several forthcoming Joint Discovery Reports that the parties will submit next week.

While the evidentiary requirements on conditional certification are low, *see, e.g. Benedict v. HP Co.*, No. 13-CV-119-LHK, 2014 WL 587135, at *5 (N.D. Cal. Feb. 13, 2014) (noting that "[f]or conditional certification at the notice-stage, courts require little more than substantial allegations") (citations omitted), Plaintiffs believe they will be significantly prejudiced if required to move for conditional certification without obtaining even basic collective action discovery, such as deposition testimony concerning Google's hiring procedures for all members of the putative collective action. After conferring with both counsel for Google and Mr. Patten, Movant is hopeful that the parties can reach agreement on an extension to the schedule, and intends to file either a stipulation, or, if necessary, a motion to extend the conditional certification briefing schedule until after more discovery has been conducted.

Third, Google raised the issue of lead counsel. Def.'s Resp. to Mot. to Withdraw at 1-2 (Dkt. #50). Mr. Patten has stipulated that Kotchen & Low will serve as lead counsel. However, it is possible that Mr. Heath and Ms. Fillekes will seek to

certify different classes. In that case, Mr. Patten will serve as counsel for Mr. Heath's class, and Kotchen & Low (and its co-counsel) will serve as counsel for Ms. Fillekes' class.

Fourth, Google sought clarification concerning whether only Mr. Low was withdrawing his representation of Mr. Heath, or whether all attorneys of the firm Kotchen & Low were withdrawing. *Id.* at 2. To clarify, all attorneys of Kotchen & Low, as well as their co-counsel in this matter, Michael F. Brown of DVG Law Partner LLC, and Vonda K. Vandaveer, are withdrawing their representation of Mr. Heath.

For the foregoing reasons, and for the reasons stated in Movant's opening brief, Movant respectfully requests that the Court issue an order pursuant to Local Rules 5-1(c)(2)(E) and 11-5, and substitute Mr. Patten, of Smith Patten, as Mr. Heath's counsel of record.

Dated: February 12, 2016

Respectfully submitted,

By: /s/Daniel Low

Daniel L. Low, SBN: 218387
Kotchen & Low LLP
1745 Kalorama Road NW, Suite 101
Washington, DC 20009
202-471-1995
202-280-1128 (fax)
dlow@kotchen.com

*Attorney for Plaintiffs*