UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT HEATH and CHERYL FILLEKES, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE INC., a Delaware corporation,<br><br>Defendant. | Case No.  5:15-cv-01824-BLF (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NOS. 1-4**<br><br>Re: Dkt. Nos. 55, 56, 57, 58 |

  Rebert Heath and Cheryl Fillekes (hereafter: "plaintiffs") sue Google, Inc., ("Google") for violations of the Age Discrimination in Employment ACT (ADEA) 29 U.S.C. § 612, et seq., and the California Fair Employment and Housing Act (FEHA), Cal. Govt. Code § 12900, et seq. Plaintiffs, both over the age of 40, claim that Google gives preferential treatment to job applicants under 40 years of age, and that this policy or practice is systemically engrained throughout the company. Plaintiffs allege that they applied for jobs for which they were well qualified, but were not offered employment because of their age. The suit is brought as a collective action under 29 U.S.C. § 216(b) on behalf of themselves, as well as applicants in the United States who were over 40 and who were not hired, from August 13, 2010 to the present.

**DISCUSSION**

  Now before this court are Discovery Dispute Joint Reports ("DDJRs") Nos. 1, 2, 3, and 4,

which, pursuant to this court's Standing Order Re: Civil Discovery Disputes ("SO"), were filed in lieu of noticed discovery motions. In these DDJRs, plaintiffs seek orders requiring Google to provide certain additional discovery that, they aver, was requested but improperly refused. Roughly speaking, the disputed discovery seeks extensive documentation about defendant's hiring processes and procedures, as well as information about anyone who either approached Google or was approached by Google about potential employment. A pretty tall order.

More specifically, DDJR #1 seeks an order compelling production of lots of documents from 40 "Hiring Committees" and records of government investigations and other lawsuits. DDJR#2 concerns a very sweeping interrogatory that asks for the identity and a long list of particulars (including age) about anyone for the last five and a half years who inquired at, was contacted by, or applied for employment with Google. DDJR #3 is a fight about the scope of the kinds of questions that plaintiffs may put to a Google Fed. R. Civ. P. 30(b)(6) witness. DDJR #4 complains about redactions on non-privileged documents Google produced.

After years of hearing discovery motions that could and should have been avoided, the court adopted the SO. In many cases, discovery disputes are best resolved by the opposing lawyers working diligently and conscientiously together to reach some middle ground. The SO requires them to make their best effort to do just that. The SO establishes a procedure that begins with low level, informal contacts between the sparring lawyers, and advances ultimately to an in-person, face-to-face meeting between lead counsel. If the face-to-face does not produce agreement, then the parties may file a DDJR that describes the dispute and concludes with each side offering its final and "most reasonable" proposal for how the court should decide.

Although the SO requires that lead counsel include in a DDJR an attestation that they compiled with the SO, only plaintiffs' counsel made that attestation. Not only did defendant's lead counsel not make the attestation, he did not sign any of the DDJRs. (Another lawyer signed for defendant.)

More troubling, both sides ignored the requirement that lead counsel meet in person. (Indeed, it is not clear what involvement, if any, lead counsel had in the various telephone negotiations over discovery issues that are alluded to in the DDJRs.) Both sides cavalierly seem to

believe that their footnote telling the court that their offices are 3000 miles apart suffices to excuse the face to face meeting.  They either failed to read or simply decided to ignore the SO language that told them that an in-person meeting was so important that: "Except in extreme circumstances, excuses such as press of business, inconvenience, or cost will not suffice."  The SO even explained how a site for the face-to-face meeting would be selected if they could not agree on it.  No one approached the court urging an "extreme circumstance[ ]".

In addition, neither side set out at the conclusion of their arguments, their "…final and 'most reasonable' proposal for how the court should decide."  True, there were one or two offered concessions in the body of the arguments, but the parties barely budged from what they had been saying to each other all along.

The court denies, without prejudice, the four DDJRs for failure to comply with the SO.  If the plaintiffs wish the court's assistance to pursue the discovery issues further, then they shall so advise defendant, and the parties are required to forthwith hold a proper lead-counsel-in-person meeting.  (The consequences of failing to participate in the SO process is covered in the SO.)  If that meeting does not resolve the discovery disputes, they may, in accord with the SO, within 5 business days file, as needed, one or more DDJRs.[1]

SO ORDERED.

Dated:   March 3, 2016

_____
HOWARD R. LLOYD
United States Magistrate Judge

---

[1] The court encourages plaintiffs to give serious consideration to sharply narrowing the breadth and scope of their discovery requests and to address the question of how the discovery they seek would tend to show that the age of job seekers was a factor in Google's decision to either grant or deny employment. On the other hand, the presiding judge has not ordered that certain discovery must wait until after certification of the collective action. And, defendant should be cautious not to be so stingy in what it agrees to produce that it looks like stonewalling.  "Unreasonable burden" excuses rarely carry the day absent convincing proof.  Redacting portions of responsive documents on the grounds of lack of relevance is a real stretch, as is (assuming a protective order in place) withholding third party information on the basis of "privacy."

3

5:15-cv-01824-BLF Notice has been electronically mailed to:

Anthony Craig Cleland     craig.cleland@ogletreedeakins.com, kristy.burroughs@ogletreedeakins.com

Daniel A. Kotchen     dkotchen@kotchen.com, mvk@kotchen.com

Daniel Lee Low     dlow@kotchen.com, ltremaine@kotchen.com

Dow Wakefield Patten     dow@smithpatten.com, kristine@smithpatten.com

George S. Duesdieker     grgdr@yahoo.com, george@duesdieker.com

Jill Vogt Cartwright     jill.cartwright@ogletreedeakins.com, natalie.larios@ogletreedeakins.com, sfodocketing@ogletreedeakins.com

Thomas Michael McInerney     tmm@ogletreedeakins.com, SFODocketing@ogletreedeakins.com, suddie.scott@ogletreedeakins.com