UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT HEATH, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GOOGLE INC.,<br><br>    Defendant. | Case No. 15-cv-01824-BLF<br><br>**ORDER DENYING PLAINTIFF ROBERT HEATH'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>[Re: ECF 65] |

In this age discrimination action, Plaintiff Robert Heath moves to file a second amended complaint to re-assert his claim for age discrimination under the California Fair Employment and Housing Act (FEHA) as a Rule 23 class claim. Mot., ECF 65. For the reasons stated below, the Court DENIES Heath's motion.

I.      **BACKGROUND**

In April 2015, Heath filed his original complaint asserting age discrimination under the federal Age Discrimination in Employment Act (ADEA) and FEHA. Compl., ECF 1. He pled both claims on behalf of himself and a nationwide Rule 23 class. Compl. ¶ 39. In addition, he asserted the ADEA claim as a collective action. Compl. at 21 ¶ m.

In June 2015, Defendant Google Inc. filed a motion to dismiss. ECF 16. In response, Heath filed a first amended complaint that omitted any allegations concerning a Rule 23 class claim under FEHA. FAC ¶¶ 51-52, ECF 18. The FAC also joined Cheryl Fillikes as a plaintiff.

FAC, ECF 18.

In September 2015, the Court conducted an initial case management conference, ECF 30, and thereafter, approved, as amended, the parties' stipulated scheduling order, ECF 35. This order set January 11, 2016 as the last day to amend pleadings or add parties except for good cause. *Id.* at 2.

In December 2015, Plaintiffs filed a motion to continue the deadlines in the scheduling order by 60 days, which Google partially opposed. ECF 39. The Court granted the motion in part and continued the deadline to file amended pleadings to March 11, 2016 absent good cause. ECF 41 at 2.

In February 2016, the parties filed a stipulated request to continue the deadlines associated with briefing a motion for conditional certification but they did not seek to continue the deadline to file an amended pleading. ECF 52. The Court held a telephone conference with the parties to discuss its concerns with the proposed stipulation, and after the parties failed to file any discovery disputes or a newly proposed schedule taking into account the Court's comments, the Court denied the request. ECF 63.

On March 25, 2016, Heath's counsel emailed Google seeking a stipulation to file a second amended complaint. Exh. 1 to McInerney Decl. to Opp., ECF 68-1 . That e-mail stated that Heath intended to file the motion seeking leave to file a second amended complaint that weekend. *Id.*

On April 25, 2016, one month after Heath sought Google's agreement to file a second amended complaint, and 45 days after the March 11, 2016 deadline to file amended pleadings absent good cause, Heath filed the instant motion. ECF 65. The proposed SAC does not include amended allegations on behalf of Fillikes. Exh. A to Patton Decl. to Mot., ECF 65-1. However, Fillikes does not oppose Heath's motion to file a SAC. ECF 66.

**II.   DISCUSSION**

The parties appear[1] to disagree over the appropriate legal standard governing this motion.

---

[1] Heath's motion confusingly refers to the Rule 15 standard for granting liberal leave to amend but at the same time, uses the words "good cause." *Compare* Mot. 4-5 (describing legal standard under Rule 15), ECF 65 *with* Mot. 5 ("There is [g]ood [c]ause…"), ECF 65.

1  Heath appears to argue that his request for leave to file a second amended complaint should be
2  governed by Fed. R. Civ. P. 15. Mot. 4, ECF 65. Google argues that Fed. R. Civ. P. 16 provides
3  the applicable legal standard. Opp. 4, ECF 67.

4  In general, a motion to amend is subject to Rule 15, which provides that "[t]he court
5  should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However,
6  "[o]nce the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil
7  Procedure 16[,] which establishe[s] a timetable for amending pleadings[,] that rule's standards
8  control[ ]." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir.1992).

9  The instant motion is governed by Rule 16 because the Court issued an initial scheduling
10  order in September 2015, ECF 35, and modified the dates in December 2015, ECF 42. Both
11  orders explicitly specified that pleadings may not be amended beyond a certain date except for
12  good cause. ECF 35, 42. The December 2015 scheduling order set the last day to amend
13  pleadings to March 11, 2016. *Id*. at 2. As a result, Rule 16, not Rule 15, guides the analysis of
14  whether to allow Heath leave to file a SAC.

15  Pursuant to Rule 16, and as emphasized in the scheduling order, a party seeking leave to
16  amend must show "good cause." Fed. R. Civ. P. 16(b)(4). "Unlike Rule 15(a)'s liberal
17  amendment policy which focuses on the bad faith of the party seeking to interpose an amendment
18  and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers
19  the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. "Although the
20  existence or degree of prejudice to the party opposing the modification might supply additional
21  reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking
22  modification. If that party was not diligent, the inquiry should end." *Id*. (internal citations
23  omitted).

24  If good cause is found, "the Court may then consider whether leave to amend should be
25  granted pursuant to Rule 15(a)." *Thomas v. San Francisco Travel Ass'n*, Case No. 14-cv-03043-
26  YGR, 2016 WL 861239, at *2 (N.D. Cal. March 7, 2016). Under Rule 15(a), courts generally
27  consider four factors when deciding to grant a motion for leave to amend: bad faith, undue delay,
28  prejudice, and futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Because Rule

3

1  16(b)'s 'good cause' inquiry essentially incorporates the [first three] factors, 'if a court finds that
2  good cause exists, it should then deny a motion for leave to amend only if such amendment would
3  be futile.'" *M.H. v. Cnty. of Alameda*, Case No. 11-cv-2868-CW, 2012 WL 5835732, at *2 (N.D.
4  Cal. Nov. 16, 2012) (citations omitted).

5  Here, Heath has not shown he diligently attempted to amend the pleadings to re-assert a
6  Rule 23 class claim under FEHA. In his opening brief, Heath does not even use the word
7  "diligent," or any of its variations. In the reply brief, Heath conclusorily states that "[a]fter the
8  moving party demonstrates diligence under Rule 16, the court applies the standard set forth in
9  Rule 15 to determine whether the amendment is proper[,]" but fails to explain how he has shown
10  diligence. Reply 5, ECF 70. Heath, instead, focuses his papers on arguing that allowing
11  amendment would conserve judicial resources, Mot. 5, ECF 65, and would not cause undue delay
12  or prejudice, *id*. at 6-7; Reply 2-5, ECF 70, that there is no evidence of bad faith or dilatory
13  motive, Mot. 7, ECF 65, and lack of futility, Reply 5-6, ECF 70. As a result, Heath's complete
14  failure to show diligence warrants denial of his motion for leave to file a second amended
15  complaint.

16  Moreover, even looking at the record, it is not clear that Heath could show diligence.
17  Heath first asserted his FEHA claim as a class 23 cause of action in his original complaint in April
18  2015, ECF 1, and two months later, in June 2015, he withdrew those class allegations, ECF 18. In
19  March 2016, Heath's counsel informed Google of his desire to re-assert the class allegations.
20  Heath makes no effort to explain how he was diligent in the nearly nine months that passed
21  between his withdrawal of and new desire to assert class allegations under FEHA. Further, it was
22  nearly an additional month from that communication with Google before Heath even filed a
23  motion before the Court seeking leave to amend. Once again, Heath makes no effort to explain
24  how he was diligent during this time period. Based on the arguments put forth by Heath, at best,
25  the Court can only surmise that Heath has experienced a renewed desire to re-plead his FEHA
26  class claims but such a desire does not substitute for a showing of diligence. Accordingly, Heath

has not shown good cause and the Court DENIES his motion for leave to amend.[2]

## III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff Robert Heath's motion for leave to file a second amended complaint is DENIED.

**IT IS SO ORDERED.**

Dated: July 29, 2016

_____
BETH LABSON FREEMAN
United States District Judge

---

[2] The Court also notes that the other factors weigh against granting leave to amend. For example, allowing Heath to file an amended complaint at this time, would likely invite another round of motions to dismiss and further add to the havoc in the case schedule that Plaintiffs created by failing to file a motion for conditional certification before the deadline. Moreover, Google, undoubtedly would be prejudiced, as it would have to re-depose Heath on these new allegations.