UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ROBERT HEATH, et al.,

    Plaintiffs,

v.

GOOGLE INC.,

    Defendant.

Case No. 15-cv-01824-BLF

**ORDER DENYING DEFENDANT GOOGLE INC.'S MOTION TO STRIKE**

[Re: ECF 85]

This motion requires the Court to decide whether Plaintiff Cheryl Fillekes' ("Fillekes") motion for conditional certification of a collective action and Plaintiff Robert Heath's ("Heath") partial joinder to Fillekes' motion should be stricken because they were filed late. For the reasons discussed below, the Court DENIES Defendant's motion to strike Plaintiffs' motions.

## I. BACKGROUND

On April 22, 2015, Heath filed his original complaint. ECF 1. On June 25, 2015, Plaintiff Fillekes joined this action as a plaintiff and filed, along with Heath, a First Amended Complaint ("FAC"). ECF 18. The FAC alleges one claim for age discrimination under the federal Age Discrimination in Employment Act ("ADEA") and one claim for age discrimination under the California Fair Employment and Housing Act ("FEHA"). *Id.* The FAC, which is the operative complaint, pleads the ADEA claim as a putative collective action on behalf of Plaintiffs and "all individuals similarly situated, *i.e.*, individuals who are age 40 or older who sought a work position with Google located in the United States and were not hired from August 13, 2010 to the present." FAC ¶ 51, ECF 18. The FEHA claims are only individual claims under the FAC.

In September 2015, after conducting the initial case management conference, the Court approved, as amended, the parties' stipulated scheduling order, which set a deadline of January 11, 2016, for Plaintiffs to file a motion to conditionally certify the purported collective action. ECF 35. The scheduling order also set a trial date of May 1, 2017. *Id.*

1    Two months later, Plaintiffs filed a motion to extend the deadlines in the scheduling order
2    by 60 days. ECF 39. Google opposed the motion except as to Plaintiffs' request to extend the
3    deadline for Plaintiffs to file their motion for conditional certification of the ADEA claims. ECF
4    40. The Court granted the motion in part, extending until March 11, 2016, Plaintiffs' deadline to
5    file a motion to conditionally certify a collective action (except for good cause). ECF 41. The
6    Court, however, declined to extend the trial date.[1] *Id.* at 2.

7    In February 2016, the parties filed a joint stipulation to extend the briefing schedule on
8    Plaintiffs' motion for conditional certification. ECF 52. The parties informed the Court that they
9    were then preparing joint discovery reports for submission to Magistrate Judge Lloyd addressing
10   disagreements over the scope of Plaintiffs' Rule 30(b)(6) deposition notice, among other things.
11   *Id.* at 2. The parties proposed that Plaintiffs would promptly notify the Court upon completion of
12   their Rule 30(b)(6) deposition and file a motion to conditionally certify a collective action within
13   30 days of the deposition. *Id.* at 5.

14   On March 18, 2016, after considering the parties' stipulation and conducting a telephonic
15   conference with the parties on February 24, 2016, the Court denied the parties' stipulation without
16   prejudice. ECF 63. The Court's Order explained that Magistrate Judge Lloyd had denied the
17   parties' pending discovery disputes because the parties had failed to comply with his standing
18   order, and that the parties had not filed renewed discovery disputes or filed a newly proposed
19   schedule taking into account the Court's comments during the telephone conference. *Id.* The
20   Court's order was issued after the scheduled filing date for a motion for conditional certification
21   had passed, but the Court did not set a new deadline.

22   Plaintiffs did not renew their motion to modify the case schedule and did not file a motion
23   to conditionally certify the collective action. The previously ordered hearing date of May 19,
24   2016, for conditional certification came and went without any action by Plaintiffs. On June 23,
25   2016, the Court held a further case management conference, at which the Court advised Plaintiffs
26   that their motion was overdue and indicated that filing the motion more than one week after would

---

[1] The Court subsequently reset the trial date to June 5, 2017. ECF 88.

1 surely jeopardize their opportunity to proceed as a collective action.

2 On June 30, 2016, Fillekes filed a Motion to Conditionally Certify a Collective Action. ECF 75.  Heath filed a partial joinder in Fillekes' motion on July 2, 2016.  ECF 78.  Shortly thereafter, Google filed a motion to strike Fillekes' Motion, Heath's joinder, and Plaintiffs' collective action allegations.  ECF 85.  Google urges the Court to "exercise its broad discretion to enforce its Scheduling Order by striking" the motions because "[n]ot only did Plaintiffs file their motion three and one-half months after the deadline to file it, they did so without filing a motion for leave of court to modify the Court's Scheduling Order or to otherwise show good cause or excusable neglect for their lengthy and prejudicial delay." *Id.* at 1.  Moreover, Google contends that "entertaining Plaintiffs' belated motion would require dramatic changes to the schedule and cause substantial prejudice to Google."  *Id.*  Fillekes opposed Google's motion, arguing that the Court "explicitly suspended the briefing schedule on conditional certification . . . and the motion was timely filed."  Opp. 1, ECF 91.  Heath joined in Fillekes' opposition.  ECF 92.

## II.   LEGAL STANDARD

Defendant brings this motion pursuant to Federal Rules of Civil Procedure 6(b), 12(f), and 16(b).  Mot., ECF 85.  The Court decides the issue under Rule 6(b), which gives the Court discretion to allow the filing of an untimely motion for good cause and where the party's failure to act in a timely fashion was the result of "excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).  "This rule, like all the Federal Rules of Civil Procedure, is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits."  *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (citations, internal quotation marks, and modifications omitted).

The Ninth Circuit has held that, for purposes of Rule 6(b), "excusable neglect" must be judged by the standard set forth in *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993).  *See Speiser, Krause & Madole P.C. v. Ortiz*, 271 F.3d 884, 888 (9th Cir. 2001) (applying the *Pioneer* "excusable neglect" standard in a Rule 6(b)(2) analysis); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) ("In *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814 (9th Cir. 1996), this court held that the Supreme

3

Court's analysis of 'excusable' neglect in *Pioneer* is applicable to Rule 6(b)[.]" (citation omitted)). A "determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer,* 507 U.S. at 395); *see also Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 927 (9th Cir. 2004) ("Excusable neglect is an equitable concept that takes account of factors such as 'prejudice, the length of the delay and impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'") (quoting *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001)); *Briones*, 116 F.3d at 381 (noting that these four factors are not exclusive, but "provide a framework with which to determine whether missing a filing deadline constitutes 'excusable' neglect").

"Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer*, 507 U.S. at 392. Indeed, excusable neglect may be found where the relevant circumstances reveal inadvertent delays, mistakes, or carelessness. *Id.* at 388.

### III. DISCUSSION

Applying the *Pioneer* factors here, the Court concludes that Plaintiffs have demonstrated that their failure to file a motion for conditional certification in a timely fashion was the result of excusable neglect. The Court addresses each of the factors below.

#### A. Prejudice

Google argues that accommodating Plaintiffs' belated motions would cause substantial delay and prejudice Google because "[t]he Court would need to make dramatic changes to the current schedule and continue the trial date in order to accommodate Plaintiffs' Motion[s]." Mot. 11, ECF 85. At the time Google filed its motion, the hearing on conditional certification was

4

"set for hearing on November 10, 2016, nearly six months after the May 19, 2016 date (now vacated) that the Scheduling Order set for the hearing, two months after the discovery cutoff, and one month before the deadline to file dispositive motions." *Id.* Because the motion for conditional certification requests a 90-day opt-in period, Google expressed concern that "no defined list of opt-ins would exist until February 10, 2017—which is after the fact discovery cutoff, the expert discovery cutoff, the deadline for filing dispositive motions, and the deadline for Google to move for decertification, and roughly three months before the trial date." *Id.* Google thus contends that consideration of the untimely motion "would effectively deprive Google of its due process rights in this action." *Id.*

Four days after Google filed its motion, the Court reset the hearing on the motion to conditionally certify the collective to September 22, 2016, thus negating some of Defendant's concerns—the hearing is now 10 days after the close of the discovery cut off and four months before the deadline to file dispositive motions. ECF 41, 88. Trial was also pushed one month, from May 1, 2017 to June 5, 2017 based on the Court's schedule. ECF 88.

Plaintiffs do not address prejudice in their opposition. *See* Opp., ECF 91. Google makes much of this in its Reply, stating, "Plaintiffs' silence is perhaps not surprising given that the parties almost certainly cannot prepare for a June 5, 2017 trial date without seriously prejudicing Google's due process rights to complete discovery of opt-ins, finalize expert discovery, and file dispositive and decertification motions." Reply 8, ECF 99.

However, in light of the revised case schedule below, any resulting prejudice to Google is minimized. The revised schedule maintains the trial date while also providing the parties with sufficient time to complete discovery before filing any dispositive motions or a motion to decertify, if necessary. Accordingly, the Court finds that accommodating Plaintiffs' belated motions would not cause substantial delay or prejudice Defendant.

### B.     Length of the Delay

Defendants allege that Plaintiffs filed their motion for conditional certification three and one-half months late. Mot. 1, ECF 85. In light of the reason for Plaintiffs' delay, which is addressed below, as well as the Court's ability to revise the case schedule without delaying trial,

5

the Court finds that the delay was not long enough to justify denying relief.

### C. Reason for the Delay

Plaintiffs' tardiness is attributable to their mistaken belief that this Court "explicitly suspended the briefing schedule on conditional certification" on February 24, 2016, and only reset the deadline on June 23, 2016, when the Court discussed the timeliness of the motion. Opp. 1, ECF 91. Plaintiffs contend that on June 23, the Court "encouraged Plaintiffs to expeditiously file a conditional certification motion." Opp. 5, ECF 91. Once Plaintiffs understood that the Court had imposed a deadline, Fillekes filed her motion in a matter of days, and Heath filed a partial joinder two days later. *Id.* This suggests that had Plaintiffs understood they were subject to an earlier deadline, they would have met the deadline.

Defendants points to the fact that "Fillekes' counsel quietly sat on signed declarations for seven absent members of the putative collective action for over six weeks before the filing deadline passed" in an effort to demonstrate that Plaintiffs "could have filed a motion for conditional certification over a year ago." Mot. 10, ECF 85. However, this fact adds further credence to Plaintiffs' argument.

Finally, the Court modified the deadline for Plaintiffs' motion several times, including once after the initial deadline had passed. This plainly contributed to Plaintiffs' confusion. The initial deadline for Plaintiffs' motion was January 11, 2016. ECF 35. In December 2015, the Court extended the scheduling deadlines, and reset the date upon which Plaintiffs were to file their motion for conditional certification to March 11, 2016. ECF 41. On February 18, 2015, the parties filed a joint stipulation to extend the scheduling order, seeking to continue the conditional collective action certification briefing schedule. ECF 52. On February 24, the Court held a telephonic conference and suspended the briefing schedule until the parties received an order from Judge Lloyd resolving a discovery dispute. Ex. 1 to Pl.'s Opp., ECF 91-1. Finally, on March 18, 2016, the Court issued an order denying the joint stipulation to extend the scheduling order without prejudice. ECF 63. Despite the fact that the Court issued this order after the filing date for the motion for conditional certification had passed, the Court did not reinstate a deadline. *See id.* The Court anticipated that the parties would file a renewed motion, but they did not, and thus,

1 the ambiguity as to the deadline for the filing of Plaintiffs' motion persisted. As to this point, the
2 Court acknowledges that it shares in the responsibility for causing this confusion.
3       The Court finds the reason for Plaintiffs' delay in filing their conditional certification
4 motion reasonable in light of the Court created ambiguity.

### D. Good Faith

Google asserts that "Plaintiffs have made the 'good faith' inquiry easy for the Court because they have not even attempted in their Motion and Joinder to show that they have exercised reasonable diligence or seek leave of court for filing untimely." Mot. 10, ECF 85. However, that is not the proper test under Rule 6(b). Instead, the Court is to determine whether the failure to file in a timely fashion was "in bad faith or [in an attempt] to obtain any advantage." *Herbert v. State Farm Mut. Auto. Ins. Co.*, No. C 06-05532 SBA, 2009 WL 88352, at \*2 (N.D. Cal. Jan. 13, 2009).

Here, there is no evidence that Plaintiffs acted in bad faith by filing an untimely motion. Instead, as previously discussed Plaintiffs' delay was due their mistaken belief that the Court had suspended all deadlines related to the motion. Indeed Google does not attempt to argue that Plaintiffs acted in bad faith or in an attempt to obtain an advantage. Accordingly, there is no evidence that Plaintiffs acted with anything less than good faith. *See Bateman*, 231 F.3d at 1225 (finding that counsel's error "resulted from negligence and carelessness, not from deviousness or willfulness").

## IV. ORDER

For the foregoing reasons, and upon finding good cause, the Court DENIES Defendant's motion to strike and ORDERS that the following schedule shall apply in this case:

| Event | Date or Deadline |
|---|---|
| Last Day to Disclose Expert Witness and Report on Merits and Decertification | October 30, 2016 (prior date: October 6, 2016) |
| Last Day to Disclose Rebuttal Expert Witnesses and Reports on Merits and Decertification | December 23, 2016 (prior date: December 6, 2016) |
| Last Day to Conduct Expert Discovery | December 30, 2016 (prior date: December 6, 2016) |

| | |
|---|---|
| Fact Discovery Cutoff | December 23, 2016 (prior date: September 12, 2016) |
| Last Day to File Motion to Decertify any Conditionally Certified Collective Action | January 13, 2017 (prior date: January 6, 2017) |
| Last Day to File Opposition to Motion to Decertify any Conditionally Certified Collective Action | February 13, 2017 (prior date: February 6, 2017) |
| Last Day to File Reply to Opposition to Decertify any Conditionally Certified Collective Action | February 27, 2017 (prior date February 20, 2017) |
| Last Day to File Dispositive Motions | January 3, 2017 (prior date: December 13, 2016) |
| Last Day to File Opposition to Dispositive Motions | January 24, 2017 (prior date: January 3, 2017) |
| Last Day to File Reply to Dispositive Motions | February 2, 2017 (prior date: January 12, 2017) |
| Hearing on Motion to Decertify any Conditionally Certified Collective Action | March 9, 2017 (no change) |
| Hearing on Dispositive Motions | February 16, 2017 (prior date: January 26, 2017) |
| Final Pretrial Conference | May 4, 2017 (no change) |
| Trial | June 5, 2017 (no change)[2] |

**IT IS SO ORDERED.**

Dated: September 12, 2016

_____
BETH LABSON FREEMAN
United States District Judge

---

[2] If the parties agree, the Court would be willing to continue the trial date to August 14, 2017 and the final pretrial conference to July 20, 2017, to allow further refinement of the dates set forth in this order.

8