UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT HEATH, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>GOOGLE INC.,<br><br>  Defendant. | Case No. 15-cv-01824-BLF<br><br>**ORDER RE CASE MANAGEMENT CONFERENCE HELD ON OCTOBER 6, 2016**<br><br>[Re: ECF 117] |

On October 5, 2016, this Court granted Plaintiff Cheryl Fillekes' motion for conditional certification and denied Plaintiff Robert Heath's partial joinder. ECF 119. On October 6, 2016, the parties appeared before the Court for a further case management conference ("CMC") to address several outstanding issues, including Cheryl Fillekes' class definition, the opt-in notice, consent to join forms, and the case schedule. The Court addresses each in turn below.

## I. CHERYL FILLEKES' CLASS PERIOD AND DEFINITION

The parties seek to modify three aspects of the class definition as approved by the Court in its Order Granting Fillekes' Motion for Conditional Certification. *See* ECF 119. First, the parties "agree the class period must be measured from the date Fillekes filed her EEOC charge on June 24, 2015, rather than measured from the date Heath filed his charge." Joint Case Management Statement 1, ECF 117 [hereinafter "Joint CMS"]. Thus, "the class period should begin August 28, 2014—300 days prior to the filing of Ms. Fillekes' EEOC charge." *Id.* Because the parties agree, the Court will allow this administrative change.

Second, Fillekes seeks to revise the class definition "to include class members who learned that they would not be hired on or after [August 28, 2014]." Joint CMS 1. Google did not respond to this in the Joint CMS, but at the CMC, it stated that its only issue with this modification was logistical. Because the Court also finds this to be an administrative change and a correct

statement of the law, the Court will allow the modification.

Finally, Google seeks to excise "the SWE family of positions" from Fillekes' collective action. Joint CMS 1. Google contends that Fillekes lacks standing to assert SWE-related claims because she did not interview for an SWE position during the class period as revised, and "did not present any substantial allegations or evidence 'to suggest that SRE and SysEng candidates like her are similarly situated to candidates for SWE positions.'" *Id.* at 3 (citing Opp'n 11, ECF 108).

Fillekes disagrees, and argues that "[c]andidates for SRE and SysEng positions are similarly situated to SWE applicants, as all three positions require overlapping skill sets and job responsibilities . . . ." *Id.* at 2. Fillekes also states that she was "first recruited for an SWE role at Google and underwent a technical telephone screen before she was contacted by Google recruiter . . . for a SysEng role." *Id.* at 3. She thus contends that she would "adequately serve as a named plaintiff on behalf of other SWE applicants who were rejected by Google during the class period." *Id.*

At the CMC, Fillekes stated that excluding the SWE position would have an adverse impact on the class, and would contravene the broad remedial purposes of the Age Discrimination in Employment Act. Google argued, however, that the SWE position must be excluded because Fillekes did not experience an adverse action relating to the SWE position within the limitations period.

The Court finds that such a substantive modification of the class definition is inappropriately raised in a Joint CMS. *See Stanfield v. First NLC Fin. Serv., LLC*, No. C-06-3892-SBA, 2006 WL 3190527, at *2 (N.D. Cal. Nov. 1, 2006) (holding that the Court determines the propriety and scope of the collective action using a stricter standard at the decertification stage). The Court also finds that this issue was known to Google when it filed its opposition to Fillekes' motion for conditional certification, but did not raise it. Accordingly, this issue is not properly before the court. The Court DENIES Google's request without prejudice to Google raising the issue again in a motion to decertify the class, if any.

## II. IDENTIFYING RECIPIENTS OF THE OPT IN NOTICE

The parties have successfully met and conferred regarding a Third Party Administrator—to

1   be paid, as agreed upon at the CMC, by Fillekes' counsel—and methods of determining who will

2   receive the opt in notice. The Court elects not to disturb this agreement.

3   Google estimates that it will take six to eight weeks to produce the names and contact

4   information to the Third Party Administrator. At the CMC, Plaintiff did not object to this

5   timeframe. Accordingly, the Court finds the proposed time frame acceptable.

### III.   THE PROPOSED NOTICE

The Supreme Court has held that employees need to receive "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate in the collective action. *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). Here, both Fillekes and Google have provided a copy of their proposed opt-in notice and consent to join forms. ECF 117-1 (Fillekes' proposed notice and opt-in form); ECF 117-2 (Google's proposed Notice and opt-in form). "Although the parties have agreed on many aspects of the opt-in notice and consent to join forms, they remain at an impasse on a number of issues." Joint CMS 4. The Court rules on each of the issues below.

First, Fillekes' argues that the SWE positions should be included in the class definition and opt in notice. *Id.* at 4. Google objects. *Id.* at 5. As discussed above, the Court has already approved the class definition which includes SWE and declines to reconsider this issue at this time. Accordingly, the SWE position will be included in the class definition.

Second, Fillekes seeks to title the notice, "Notice of Opportunity to Join Conditionally Certified Collective Action Lawsuit to Recover Damages." *Id.* at 4. Google objects to using the term "opportunity" in the title of the notice. *Id.* at 5. Fillekes contends that use of the term "opportunity" "is appropriate, as . . . [w]ithout this language, the notice title does not connote any requirement to take further action." *Id.* at 4. Google argues, however, that the title "gives the air of a court-approved advertisement or notice of settlement, and it minimizes the substantial litigation-related risks and opportunities that may be incumbent on individuals who elect to join this action[.]" *Id.* at 5. The Court agrees with Google; the right to join a lawsuit is not an opportunity. Accordingly, the notice may be titled "Notice of Conditional Certification of Lawsuit Alleging Age Discrimination," or something similar that is agreeable to both parties.

3

Third, Fillekes seeks to refer to the potential opt ins as "class members of a collective action," as opposed to "party plaintiffs." *Id.* at 4. She contends that referring to the opt ins as "party plaintiffs" is needlessly confusing. *Id.* Google objects, and argues that calling the opt ins "party plaintiffs" informs them that they become "party plaintiffs" by opting in to the case. *Id.* at 5. The Court agrees with Google. *See* 29 U.S.C. § 216(b). Accordingly, and to the extent it is necessary, the potential opt ins shall be referred to as "party plaintiffs" in the notice.

Fourth, Fillekes "objects to the inclusion of language concerning potential opt ins being required to pay Google's costs." Joint CMS 4. Specifically, she contends that such language is confusing and unnecessary. *Id.* Google argues that the proposed notice should include language stating that if the potential opt ins join the case, they may be required to pay a portion of Google's costs if Google prevails. *Id.* at 6. Google states that such "information is both accurate and necessary to educate potential opt-ins of litigation-related risks and burdens that they undertake by joining this action." *Id.* Although some courts in this district have not required the inclusion of such language, the Court agrees with those that have required it—it is more accurate to indicate that the potential opt ins may be responsible for their share of the costs if they lose at trial. *See Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530, 541 (N.D. Cal. 2007) (finding that information that informs potential plaintiffs that they share in liability should be included to present to potential plaintiffs a fair statement of their rights). The parties shall meet and confer to determine the appropriate language.

Fifth, Fillekes contends that language in the notice stating that Google denies that the case may be maintained as a collective action for trial is duplicative to language regarding the case being subject to decertification. Joint CMS 4; Ex. 2 to Joint CMS 2, ECF 117-2. Google argues that such language is necessary "to maintain the neutrality of the statement." Joint CMS 6. The Court agrees with Google. The parties shall meet and confer to determine the precise language.

Sixth, Fillekes seeks to include Michael F. Brown or the law firm of DVG Law Partner LLC on the notice, as he is co-counsel. *Id.* at 5. Google objects, because "[a]lthough Mr. Brown is listed as counsel on Plaintiff Heath's original complaint with an indication that he would file an application for admission *pro hac vice*, he has not done so after almost one and a half years of

4

1   litigation." *Id.* at 6. The Court agrees with Google. Neither Mr. Brown nor the law firm of DVG
2   Law Partner LLC may be listed on the notice until Mr. Brown or someone from his law firm
3   appears before this Court.

4       Finally, Google argues that the names and contact information for its counsel should be
5   provided on the class notice, instead of only the contact information for Fillekes' counsel. *Id.*
6   Google supports its contention by stating that, "[u]nlike an order certifying a Rule 23 class, an
7   order conditionally certifying a collective action does not create an attorney-client relationship
8   between the named plaintiff's lawyers and potential opt-ins." *Id.* Fillekes objects, and contends
9   that conditional certification does create an attorney-client relationship between the named
10  plaintiff's lawyers and potential opt ins. *Id.* at 5.

11      Although the Court is not concerned about intimidation given that the potential opt ins are
12  not current Google employees, the Court agrees with Fillekes.[1] Moreover, although Google cites
13  to a case before the District Court for the Eastern District of New York, it does not cite any case
14  law requiring that the notice include defense counsel's contact information. Indeed, courts in this
15  district have rejected requests to include defense counsel's contact information in FLSA collective
16  action notices. *See, e.g.*, *Harris v. Vector Marketing Corp.*, 716 F. Supp. 2d 835, 847 (N.D. Cal.
17  2010); *Adams*, 242 F.R.D. at 541. Because the Court finds that including the name and contact
18  information for Google's counsel would be confusing, it may not be included on the class notice.

19      The parties shall make the following additional changes to the proposed notice:
20      1.    Bold the statements in all capital letters on the first page of Fillekes' proposed
21  notice. *See* Ex. 1 to Joint CMS 1, ECF 117-1.
22      2.    Modify the sentence on page four of Fillekes' proposed notice that reads,
23  "Alternatively, you may retain your own counsel" to "Alternatively, you may retain your own
24  counsel at your own expense." *Id.* at 4.
25      3.    Add a space on the consent form for potential opt ins to indicate that they are not
26  automatically represented by Fillekes' counsel.

---

[1] The Court, however, does not decide whether conditional certification creates an attorney-client relationship between class counsel and the potential opt ins.

4. The notice period shall be 90 days.

### IV. ROBERT HEATH'S SEVERANCE

Through the Joint CMS, Heath, whose partial joinder in Fillekes' collective action was denied (ECF 119), seeks to sever his individual claims from Fillekes' conditionally certified collective action. Joint CMS 7–8. Google has indicated its preference that Heath's claims be severed, as well. *Id.* at 8. To preserve judicial efficiency and economy, however, the Court declines to sever Heath's claims.

### V. ORDER

It is HEREBY ORDERED that:

1. Fillekes' class definition is modified as follows:
   > All individuals who: interviewed in-person for any Site Reliability Engineer ("SRE"), Software Engineer ("SWE"), or Systems Engineer ("SysEng") position with Google, Inc. ("Google") in the United States; were age 40 or older at the time of the interview; and were refused employment by Google; and received notice that they were refused employment on August 28, 2014 through the present.[2]

2. The parties shall meet and confer regarding the proposed notice in accordance with the Court's ruling above, and file a revised, joint proposed notice with the Court on or before December 6, 2016.

3. The request to sever Heath's claims is DENIED.

4. The trial and all pretrial dates are VACATED. The parties shall meet and confer, and file a revised, joint proposed schedule with the Court on or before December 6, 2016.

5. A further case management conference is SET for March 2, 2017 at 11:00 am. The parties are to file a joint case management statement on or before February 23, 2017.

**IT IS SO ORDERED.**

Dated: October 7, 2016

							BETH LABSON FREEMAN
							United States District Judge

---

[2] At the CMC, the parties agreed that "the present" would be defined as the date the Court issued its order on Fillekes' motion for conditional certification, *i.e.*, October 5, 2016.

6