UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT HEATH and CHERYL FILLEKES, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE, INC.,<br><br>Defendant. | Case No. 5:15-cv-01824-BLF (HRL)<br><br>**ORDER RE AMENDED DISCOVERY DISPUTE JOINT REPORT NO. 1 AND DISCOVERY DISPUTE JOINT REPORT NO. 2**<br><br>Re: Dkt. Nos. 100, 101 |

**Amended Discovery Dispute Joint Report (DDJR) No. 1**

Plaintiffs Robert Heath ("Heath") and Cheryl Fillekes ("Fillekes") seek an order compelling Google to respond to their Requests for Production of Documents ("RFPs") numbers 6, 9, and 11. The time period specified is January 1, 2010 to present. The information sought concerns Google and its alleged age discrimination against applicants and employees. Both of the plaintiffs were applicants who were not hired. Fillekes progressed to having an in-person interview. Heath did not get further than a telephone interview. They started out with the same attorney, but later Heath obtained separate counsel. Fillekes moved for conditional certification of an "opt-in" class which narrowly defined its members as those over the age of 40, who applied for engineering jobs in three classifications, who were interviewed in person, but who were not

offered employment.

Because plaintiffs allege that Google engaged in a company-wide pattern and practice of age discrimination against both applicants and employees, they contend that almost everything that has any connection with Google and claimed age discrimination, whether it pertains to applicants or employees in any position, is fair game for discovery. RFPs 6, 9, and 11 seek that very broad discovery. Google balked and, except for one category of documents, said "no."

Thereupon, plaintiffs filed DDJRs about this and other discovery grievances. The court denied, without prejudice, each DDJR because of procedural defects. (Dkt. 62). In its order, the court suggested that plaintiffs should consider dialing back the scope and breadth of their discovery requests and that defendant should not be so stingy in discovery responses that it might be seen as stonewalling.

Now before the court is Amended DDJR #1, which again seeks company-wide discovery about age discrimination against Google applicants and employees. Plaintiffs propose to narrow RFPs 6, 9, and 11 to only seek:

> Request 6: (1) all complaints lodged with the EEOC (or comparable state agency) regarding age discrimination by applicants or employees, any response by Google, any correspondence between Google and the EEOC (or state agency), all documents produced, and all documents reflecting any resolution of the complaint, (2) all complaints filed in court, any answer by Google, all expert reports prepared as part of the case (including materials relied upon by the expert, all deposition and trial transcripts, and all documents reflecting any resolution of the case.
>
> Request 9: for any federal or state government investigation of Google regarding its hiring practices and/or age discrimination, all communications between Google and the government, all documents produced to the government, all documents reflecting testimony, and all documents reflecting any resolution of the investigation.
>
> Request 11: all briefs filed with the court in the *Reid* case, as well as all documents produced in discovery, including all expert reports and any evidence relied upon by the expert, all deposition and trial transcripts, and all documents reflecting any resolution of the case.

(Dkt. 101, Amended DDJR No. 1 at 5:19-6:6). In support of their position, plaintiffs cite cases which say discovery can be broad, but none offer specific guidance on the appropriate scope of discovery when (as will be discussed below), a collective action has been conditionally certified as to a relatively small subset of job applicants in a case where the plaintiffs allege a company-wide

2

policy and practice of age discrimination against applicants and employees alike. The defendant, which also offers no helpful case authority, complains about the scope and breadth of what plaintiffs' want, grumbles about relevance and burden, and urges that determining the permissible scope of discovery should wait until the presiding judge certifies a class or not.

Some months have gone by since Amended DDJR #1 was filed, and the playing field has changed. The presiding judge has now conditionally certified a "Fillekes class" defined as:

> All individuals who: interviewed in-person for any Site Reliability Engineer ("SRE"), Software Engineer ("SWE"), or Systems Engineer ("SysEng") position with Google, Inc. ("Google") in the United States; were age 40 or older at the time of the interview; and were refused employment by Google; and received notice that they were refused employment on August 28, 2014 through October 5, 2016.

(Dkt. 121 at 6).

Heath is not a member of the Fillekes class, and the presiding judge rebuffed each of his attempts to secure an order certifying a "Heath class." Heath, apparently, is now on his own.

The court here is dealing with discovery, not with whether what the discovery discloses is admissible at trial. This court does not believe that the class definition should cabin what is discoverable. It seems reasonable to allow the plaintiffs to try to prove their claims by demonstrating, possibly, that there is a company-wide policy and practice of age discrimination, and that---if there is---it is as likely to be practiced against both Google employees and Google applicants.

With an eye on proportionality, and hearing no substantiated claim of undue burden, the court orders production of non-privileged documents and electronically stored information (ESI) responsive to RFPs 6, 9, 11, from January 1, 2010 to the present as follows:

1. All claims filed with the EEOC or comparable state agency by any engineering applicant or employee alleging age discrimination by Google; Google's response(s) including documents, statements, charts, compilations, exhibits, and internal investigation; and the outcome of the claim.

2. All complaints of age discrimination by any engineering applicant or employee of Google filed in court; any court filings showing whether or why any claim was or

was not established; and the outcome. (The court does not order production of the *Reid v. Google, Inc.* lawsuit materials.)

3. Documents identifying and describing any investigation of Google by federal or state agencies into systemic or institutional age discrimination in hiring or employment; all correspondence between Google and the investigators; all documents produced, reports, graphs, charts, statements, testimony, and compilations; all findings, conclusions, opinions, and recommendations; and the outcome or current status if still ongoing. This category is not limited to engineering applicants or employees.

4. A rolling production shall begin forthwith, with full compliance by April 28, 2017.

## DDJR No. 2

In DDJR #2, the plaintiffs seek an order compelling Google to produce certain ESI from a data base called "gHire." This court is not told exactly what information is in gHire; but, whatever the totality might be, it seems to include resumes from job applicants. Plaintiffs say Google should have identified (and produced information) from gHire when it earlier responded to plaintiffs' requests for production, specifically Request for production ("RFP") #3:

> Documents and ESI relating to demographics or statistics of Google, Inc.'s United States Potential Hires and work force, including, but not limited to database files, spreadsheets, reports, studies, or other documents reflecting the statistics of the Potential Hires and/or workforce in terms of the individuals' ages, genders, and other demographic or statistical data of any kind.

(Dkt. 100, DDJR 2 at 2).

Google says: "nonsense." RFP #3 asks for demographic information, and that is not what's in gHire. If they wanted contact information for putative class members, says Google, plaintiffs should have made a formal request and not the "informal" request they made once they learned of gHire. The informal request was:

> For gHire, please sort by the following jobs: Software Engineer, Software Engineer in Test, Site Reliability Engineer, and Systems Engineer, Site Reliability Engineering (however they are referenced in the data) and export

the following fields: application date, candidate name, candidate contact information, company, job opening ID, job opening title, job opening type, and text of resume.

(Dkt. 100, DDJR 2 at 8).

Furthermore, says Google, plaintiffs are not entitled to contact information until class certification.

Well, by now a conditional Fillekes class has been certified, so that last mentioned argument has gone away. And, broadly construed, gHire does appear to have raw demographic and statistical information available within the data, even if the information has not been tabulated, formulated, or organized into demographics. Plaintiffs could have defanged Google's argument by formally propounding an RFP asking for the gHire information, but they did not. Even now, there is still over a year left before the close of discovery, presumably plenty of time for more formal discovery.

Ordinarily, this court would not be so generous to construe the gHire database as responsive to RFP #3. Here though, even Google concedes that contact information would be fair game for discovery after class certification, and that has occurred. Also, it would exalt form over substance to deny an order for the information sought only to require plaintiffs to ask for it again formally and more specifically. The court will require Google to produce gHire information for the fields requested by plaintiffs, as described above, and for the three job classifications identified in the certified class definition.[1]

However, what inclusive dates should be used? The court is not inclined to be generous on this point and chooses the inclusive dates from the conditionally certified class definition: August 28, 2014 through October 5, 2016.

---

[1] This court is unaware whether the presiding judge during proceedings on class notification may have made an order or otherwise indicated a limitation on access by plaintiff's counsel to contact information on the putative class members. If so, to the extent it is inconsistent, this order is trumped.

5

Production shall be completed by April 28, 2017.

SO ORDERED.

Dated:   February 22, 2017

_____
HOWARD R. LLOYD
United States Magistrate Judge

5:15-cv-01824-BLF Notice has been electronically mailed to:

Anthony Craig Cleland     craig.cleland@ogletreedeakins.com, kristy.burroughs@ogletreedeakins.com

Brian Davis Berry     brian.berry@ogletreedeakins.com, patti.pomerantz@ogletreedeakins.com, sfodocketing@ogletreedeakins.com

Daniel A. Kotchen     dkotchen@kotchen.com, mvk@kotchen.com

Daniel Lee Low     dlow@kotchen.com, ltremaine@kotchen.com

Dow Wakefield Patten     dow@smithpatten.com, kristine@smithpatten.com

George S. Duesdieker     grgdr@yahoo.com, george@duesdieker.com

Thomas Michael McInerney     tmm@ogletreedeakins.com, cathy.vittoria@ogletreedeakins.com, SFODocketing@ogletreedeakins.com