| | |
|---|---|
| ROBERT HEATH, ET AL.,<br>    Plaintiffs,<br>  v.<br>GOOGLE INC.,<br>    Defendant. | Case No. 15-cv-01824-BLF<br><br>**ORDER GRANTING PLAINTIFF'S ADMINISTRATIVE MOTION TO SEAL**<br><br>[Re: ECF 150] |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

Before the Court is Plaintiff Cheryl Fillekes' administrative motion to file under seal the opt-in plaintiff's Consent to Join Forms. Mot., ECF 150. For the reasons stated below, the motion is GRANTED.

**I. LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm

1 their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

**II. DISCUSSION**

Here, Fillekes seeks to file the putative class members' opt-in consent forms under seal. These consent forms contain personal information concerning Google's applicants, including individuals' names, dates of birth, home addresses, and contact information. Mot. 2; Kotchen

2

Decl. ¶ 2, ECF 150-1.

The standard under which this sealing motion is resolved is irrelevant, as the Ninth Circuit has found that compelling reasons exist to protect an individual's privacy interest and to prevent exposure to or harm or identity theft. *Nursing Home Pension Fund v. Oracle Corp.*, C01-00988, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) (citing *Foltz*, 331 F.3d at 1134). Accordingly, the Court finds the protection of the putative class members' private information to constitute both good cause and a compelling reason to seal, and thus GRANTS Plaintiff's motion to seal.

**IT IS SO ORDERED.**

Dated: April 18, 2017

BETH LABSON FREEMAN
United States District Judge