# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

ROBERT HEATH, ET AL.,

        Plaintiffs,

    v.

GOOGLE INC.,

        Defendant.

Case No. 15-cv-01824-BLF

**ORDER GRANTING PLAINTIFFS'
ADMINISTRATIVE MOTIONS TO
FILE UNDER SEAL CONSENT FORMS
AND NOTICE OF VOLUNTARY
WITHDRAWAL OF CONSENT FORMS**

[Re: ECF 188, 190]

      Plaintiff Cheryl Fillekes and the Opt-In Plaintiffs ("Plaintiffs") have filed two administrative motions to file under seal. Defendant Google Inc. ("Google") did not file a response. Plaintiffs request to seal (1) the Opt-In Plaintiffs' Consent to Join Forms, ECF 188; and (2) the names of Opt-In Plaintiffs in Plaintiffs' Notice of Voluntary Withdrawal of Consent to Join Forms, ECF 190. For the reasons stated below, the Court GRANTS Plaintiffs' motions to seal.

## I. LEGAL STANDARD

      "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

      However, "while protecting the public's interest in access to the courts, we must remain

mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd*., 727 F.3d 1214, 1228–29 (Fed. Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II.  DISCUSSION

First, Plaintiffs seek to file the Opt-In Plaintiffs' consent forms under seal. These consent forms contain personal information concerning Google's applicants, including individuals' names,

dates of birth, home addresses, and contact information. ECF 188; Kotchen Decl. ¶ 2, ECF 188-1. The Court previously permitted putative class members' consent forms to be sealed. ECF 152.

Second, in connection with Plaintiffs' public filing of their Notice of Voluntary Withdrawal of Consent to Join Forms, Plaintiffs seek to redact only the names of the Opt-In Plaintiffs who wish to withdraw their consent forms. ECF 190. Plaintiffs believe the sealing of the names of the class members wishing to withdraw their consent forms is justified in light of the Court's prior sealing of putative class members' consent forms. Kotchen Decl. ¶ 3, ECF 190-1.

The Court has reviewed Plaintiffs' motions to seal and the declarations in support thereof. As the Court articulated in its previous order sealing the putative class members' consent forms, ECF 152, the standard under which the instant sealing motion is resolved is irrelevant. The Ninth Circuit has found that compelling reasons exist to protect an individual's privacy interest and to prevent exposure to or harm or identity theft. *Nursing Home Pension Fund v. Oracle Corp.*, C01-00988, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) (citing *Foltz*, 331 F.3d at 1134). Accordingly, the Court finds the protection of the Opt-In Plaintiffs' private information to constitute both good cause and a compelling reason to seal. Likewise, Plaintiffs have established good cause and compelling reasons to redact the names of the Opt-In Plaintiffs wishing to withdraw their consent forms. Plaintiffs' requests are also narrowly tailored. Civ. L.R. 79-5(b). Thus, the Court GRANTS Plaintiffs' motions to seal.

Accordingly, the following documents may be filed under seal:

| Document | Portion(s) Filed Under Seal |
|---|---|
| Consent to Joint Forms (Ex. A), | Entire Document |
| Notice of Voluntary Withdrawal of Consent to Join Forms | Opt-In Plaintiffs' Names Only |

Dated: August 11, 2017

_____
BETH LABSON FREEMAN
United States District Judge