# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| ROBERT HEATH, ET AL., <br> Plaintiffs, <br> v. <br> GOOGLE INC., <br> Defendant. | Case No. 15-cv-01824-BLF <br><br> **ORDER RE PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL, OR IN THE ALTERNATIVE, FOR LEAVE TO FILE PUBLICLY** |

Before the Court is Plaintiff Cheryl Fillekes and Opt-In Plaintiffs' administrative motion to file under seal or, in the alternative, for leave to file publicly Plaintiffs' Motion for Leave to File Second Amended Complaint ("SAC"). ECF 186. Plaintiffs recognize that their motion for leave to file the SAC, ECF 187, as well as the proposed SAC, 187-2, contain information that has been designated highly confidential by Defendant Google Inc. ("Google"). Pursuant to the Parties' Stipulated Protective Order in this action, a party may not file any protected material on the public record without written permission from the Designating Party (here, Google). Stipulated Protective Order ¶ 12.3, ECF 38. However, Plaintiffs do not believe compelling reasons exist to seal the information in question and request that the Court authorize the public filing of Plaintiffs' motion for leave to file the SAC and the proposed SAC. Google filed a response to Plaintiffs' motion to seal on August 7, 2017. ECF 193. Google argues that the Court should seal the information at issue, and deny Plaintiffs' request for leave to file publicly. On August 8, 2017, Plaintiffs filed an administrative motion for leave to file a reply to the sealing motion. ECF 194.[1]

---

[1] The Court GRANTS Plaintiffs' administrative motion for leave to file a reply, and the Court has considered Plaintiff's reply, ECF 194-1, in making its determination on the instant motion to seal.

The Court has reviewed the parties' briefing and Plaintiffs' proposed SAC, and is inclined to rule that Google has articulated a compelling reason to seal excerpts in the proposed SAC related to Google's interview questions. However, Google has failed to articulate a compelling reason to seal the interviewers' impressions of anonymous candidates. The parties are ORDERED to meet and confer in an attempt to agree on a more narrowly redacted version of Plaintiffs' motion for leave to file the SAC and proposed SAC in light of the Court's reasoning below.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

Compelling reasons must continue to exist to keep judicial records sealed. *See Foltz,* 331 F.3d at 1136. Therefore, in a motion to unseal documents, the burden of demonstrating the continued need for secrecy is placed on the party opposing the motion to unseal. *See id.* at 1138 (holding the district court abused its discretion by denying motion to unseal based on finding that the party *opposing* the motion to unseal "identified no compelling reason to justify sealing the documents in this court record."); *Kamakana,* 447 F.3d at 1182 ("The judge need not document compelling reasons to unseal; rather the proponent of sealing bears the burden with respect to sealing. A failure to meet that burden means that the default posture of public access prevails.").

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed.

Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). And once the right of access is rebutted, "the party seeking disclosure must present sufficiently compelling reasons why the sealed discovery document should be released." *Phillips,* 307 F.3d at 1213.

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b).

**II.    DISCUSSION**

The Ninth Circuit has not explicitly stated whether the "good cause" or "compelling reasons" standard applies to the sealing of a complaint, but this Court and other courts have applied the compelling reasons standard in such instances because "a complaint is the foundation of a lawsuit." *In re Google Inc. Gmail Litig.*, 13-02430, 2013 WL 5366963, at *2 (N.D. Cal. Sept. 25, 2013); *see also Dunbar v. Google, Inc.,* 12–3305, 2013 WL 4428853 at *2 (N.D. Cal. Aug. 14, 2013); *In re NVIDIA Corp. Derivative Litig.,* 06–06110, 2008 WL 1859067, at *3 (N.D. Cal. Apr. 23, 2008) ("While a complaint is not, per se, the actual pleading by which a suit may be disposed of, it is the root, the foundation, the basis by which a suit arises and must be disposed of.") Courts also apply the compelling reasons standard in connection with a motion to amend the complaint

3

and proposed complaint, because they involve central issues that are "more than tangentially related to the underlying cause of action." *See, e.g., Whitecryption Corp. v. Arxan Techs., Inc.*, No. 15-CV-00754-WHO, 2016 WL 7852471, at *1 (N.D. Cal. Mar. 9, 2016). Therefore, the Court applies the compelling reasons standard to the motion to seal Plaintiffs' motion for leave to file the SAC and the proposed SAC.

Here, Plaintiffs' proposed SAC contains excerpts and quotations that come directly from documents contained in Google's gHire system. ECF 187-2. In turn, Plaintiffs' motion for leave to file the SAC quotes from those portions of the proposed SAC. ECF 187. The Court previously granted Google's motion to seal its confidential gHire records in connection with the parties' briefing on conditional class certification. ECF 105.[2] Plaintiffs argue that the selected quotations from the gHire documents are not sealable because they do not contain trade secrets, personally identifying information, or other information that warrants sealing. ECF 186. Google argues that the gHire documents contain sensitive information about Google's hiring process, "including interviewers' evaluation of candidates' interview performances, and the criteria the company considers when selecting candidates." ECF 193. Google further argues that the filing of excerpts from the gHire documents "would essentially render public the highly sensitive documents from which they came." *Id*.

The Court has reviewed the parties' briefing, Plaintiffs' motion for leave to file the SAC, and the unredacted proposed SAC. The Court finds that Google has articulated compelling reasons to seal those portions of the proposed SAC that refer to the type of interview questions and techniques used in Google's hiring process. Disclosure of interview questions could harm Google's efforts to vet and hire employees by providing job applicants and competitors access to the "test questions" in advance of the exam. The Court is not persuaded by Plaintiffs' argument that information on Google's hiring process is already readily available publicly because a few current and former employees have shared their insights on blog posts and social media websites.

---

[2] In addition to the gHire documents sealed by the Court on August 17, 2016, Google points out that some of the quotations come from additional gHire records regarding Google applicants who did not opt-in to the class or apply for positions at issue in this case. *Id*.

4

ECF 194-2. It is quite different if Google itself, via its gHire system, were to reveal its competitively sensitive interview techniques.

However, Google has not articulated compelling reasons to seal those portions of the proposed SAC that disclose only the interviewers' *impressions* of the candidates. The compelling reasons that Google articulates to seal the interview questions do not apply to the interviewers' comments on the candidate. Google has not shown that it would be competitively harmed if other employers knew what Google's interviewers *thought* of the anonymous candidates. Further, as Plaintiffs point out, the excerpted impressions contain no personally identifying information about either the applicant or the interviewer. Thus, the interviewers' bare impressions do not implicate the privacy rights of the Opt-In Plaintiffs or third parties who did not join the case. Moreover, the question of whether entire personnel files should be unsealed is not before the Court. Plaintiffs seek only to disclose select quotations removed from identifiable individuals. Under the compelling reasons standard, Google retains the burden to articulate compelling reasons to keep its gHire information sealed. Google has failed to do so with respect to the quoted impressions, which do not contain sensitive commercial information or implicate individual privacy.

The Court recognizes the sensitivity of the information in the proposed SAC. Therefore, the parties are ORDERED to meet and confer and file a stipulation with a more narrowly redacted proposed SAC in light of the Court's reasoning above. If the parties do not agree to a stipulated proposed SAC by August 24, 2017, the Court will issue an order on the version of the SAC in the motion to seal currently before the Court.

**IT IS SO ORDERED.**

Dated: August 14, 2017

BETH LABSON FREEMAN
United States District Judge