1
2   **UNITED STATES DISTRICT COURT**
3   **NORTHERN DISTRICT OF CALIFORNIA**
4   **SAN JOSE DIVISION**
5

| ROBERT HEATH, ET AL., | Case No. 15-cv-01824-BLF |
|---|---|
| Plaintiffs, | |
| v. | **ORDER REQUIRING RESPONSE IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER** |
| GOOGLE INC., | |
| Defendant. | |

Defendant Google Inc. ("Google") filed a Motion for Relief from Magistrate Judge Howard R. Lloyd's Nondispositive Pretrial Order. Mot., ECF 195; Order, ECF 185. Google asks this Court to revise Judge Lloyd's order in three respects: (1) to expand the scope of Google's first interrogatory; (2) to allow Google to serve written discovery on all Opt-In Plaintiffs; and (3) to depose up to 66 Opt-In Plaintiffs in person, representing 25% of Opt-In Plaintiffs. The Court has reviewed Google's Motion, Judge Lloyd's Order, and the parties' Discovery Dispute Joint Report ("Joint Report"), ECF 174. Pursuant to Civil L.R. 72-2, the Court ORDERS Plaintiffs to file a response to Defendant's motion as to the first grounds for relief only, involving the scope of Google's first interrogatory. Plaintiffs shall file a response of no more than 5 pages on or before August 24, 2017. For the reasons below, the Court DENIES Google's motion as to its remaining grounds for relief.

## I. LEGAL STANDARD

A district court may refer nondispositive pretrial matters to a magistrate judge under 28 U.S.C. § 636(b)(1)(A). The district court "may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). On review of a

nondispositive order, "the magistrate's factual determinations are reviewed for clear error, and the magistrate's legal conclusions are reviewed to determine whether they are contrary to law." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010). This standard is highly deferential – the district judge may not simply substitute his or her judgment for that of the magistrate judge. *Grimes v. City and Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

## II. DISCUSSION

Plaintiff Cheryl Fillekes ("Fillekes") on behalf of a conditionally certified class of engineering job applicants over the age of 40 who were denied employment at Google ("Opt-In Plaintiffs") brings this action against Google for an alleged violation of the federal Age Discrimination in Employment Act ("ADEA"). The parties have continuously disagreed on the content and scope of discovery involving the Opt-In Plaintiffs, which culminated in the filing of Discovery Dispute Joint Report # 5, ECF 174. Judge Lloyd issued an order on the scope and extent of Opt-In discovery on July 27, 2017. ECF 185. As discussed above, this Court requires briefing on Google's motion for relief as it relates to the language of Google's interrogatory at issue. The Court now turns to Google's requests that Judge Lloyd's Order be modified to (1) subject *all* Opt-In Plaintiffs to written discovery, Mot. 3-4, and (2) allow Google to depose up to 66 Opt-Ins in-person rather than remotely via video. *Id.* at 4-5.

### A. Limitations on Opt-In Written Discovery

The Court first considers whether Judge Lloyd's order imposing written discovery on a sample of 75 Opt-Ins was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). Google sought to obtain written discovery from all 264 Opt-In Plaintiffs in the form of interrogatories and requests for production of documents. Mot. 3. Google argues that limited responses from *all* Opt-Ins is necessary to defend this case and without written discovery from all Opt-Ins, Google cannot adequately select Opt-Ins to depose or prepare its motion for decertification of the class. Joint Report 2. Plaintiffs argue that requiring only a sampling of Opt-Ins to respond to written discovery is more appropriate based on *Wellens v. Daiichi Sankyo Inc.*, No. C-13-00581-WHO(DMR), 2014 WL 7385990 (N.D. Cal. Dec. 29, 2014) (holding that full discovery from all opt-ins undermines the purpose of collective actions). In the

2

Joint Report, Plaintiffs sought to limit Google's written discovery to a sample of 30 Opt-Ins.

Judge Lloyd ordered that Google could propound written discovery on a random selection of 75 Opt-Ins.[1] Order 3. That result is more than twice than the number Plaintiffs desired (30), but still considerably less than the total number of Opt-Ins (approximately 264) that Google sought to include. In its motion for relief, Google repeats its argument that reliance on *Wellens* is misplaced because the resulting line of cases conflates opt-in plaintiffs in collective actions under 29 U.S.C. § 216(b) with absent class members in a case under Federal Rule of Civil Procedure 23. Mot. 3. Google cites three cases from outside of this district where the courts permitted discovery of all Opt-Ins in conditionally certified collective actions. *Id*. Google further attempted to distinguish this case from *Wellens*, arguing that Google does not have the key information it needs from candidates whereas the defendant in *Wellens* admitted it already possessed its employees' information. 2014 WL 7385990, at *3. In response to Google's argument, Plaintiffs pointed out that Google also already has extensive information on the candidates, and that the central issue in dispute involves what Google knew at the time it made its hiring decision, not something only the Opt-Ins knew. Joint Report 7. Moreover, *Wellens* itself involved a collective action and declined to follow the cases cited by Google, ultimately holding that "requiring full discovery from all opt-ins undermines the purpose and utility of collective actions. Defendant does not need discovery from every opt-in Plaintiff in order to mount a challenge to class treatment." 2014 WL 7385990 at *3.

The Court recognizes that Judge Lloyd did not explicitly analyze *Wellens* and its related cases in his order. However, this Court already made clear to the parties at the Case Management Conference on June 6, 2017 that it agrees with the *Wellens* approach regarding the scope of Opt-In discovery in a collective action. *See* CMC Tr. at 8:20-9:7, ECF 173. In his order permitting only a sampling of the Opt-Ins for written discovery, Judge Lloyd recognized that the parties have

---

[1] Google states in it motion that Judge Lloyd misunderstood its request regarding the number of Opt-Ins that should respond to written discovery. Google has always sought written discovery from *all* Opt-Ins and only offered 120 Opt-Ins as a "back-up" option if Judge Lloyd ordered sampling. Mot. 3. The Court finds that Judge Lloyd properly considered Google's "back-up" number in his order, since he clearly first concluded that a sampling,rather than full discovery, was appropriate in this case.

3

already discussed Opt-In discovery with this Court "on several occasions." Order 1. Judge Lloyd further acknowledged that this Court instructed that discovery in this case should be "limited" and "not the full discovery that might be taken from a 'full-fledged'…named plaintiff." *Id*. 2. Further, Judge Lloyd conducted his own "lengthy" hearing on the instant dispute on July 26, 2017 and decided to strike a balance between avoiding prejudice to Google from overly-restricted discovery, and alleviating the burden of serving Opt-Ins with "tangentially relevant" discovery. *Id.*

The Court finds that Judge Lloyd's decision to subject a random sample of 75 Opt-Ins to Google's written discovery fell well within his discretion and was not clearly erroneous or contrary to law. Judge Lloyd's order reflected the guidance articulated by this Court at the June 6, 2017 CMC regarding its application of a *Wellens* approach to this case. Ultimately, Google's argument that *Wellens* should not apply here is simply not persuasive. Judge Lloyd properly weighed the prejudice to Google against the burden on the Opt-Ins in adopting his sampling approach for written discovery and choosing 75 Opt-Ins as the limit. Thus, Google's motion for relief from Judge Lloyd's order on the basis that Google should be able to serve written discovery on all Opt-Ins is DENIED.

### B. Limitations on Opt-In Depositions

Google also requests relief from Judge Lloyd's order on the number of Opt-In depositions that Google may conduct. Relatedly, Google asks this Court to order that Google be allowed to take all of its depositions of the Opt-Ins in person rather than remotely via video. Google bases the number of depositions it requests on the number of all Opt-Ins in the case. Google seeks to depose up to 25% of all Opt-Ins (approximately 66 Opt-Ins based on 264 total Opt-Ins) for up to 3 hours each, in addition to deposing anyone signing a declaration on behalf of Plaintiffs. Mot. 3. Plaintiffs offered to make 25 Opt-Ins available for depositions, all of which would be conducted by video. *Id.* 4.

Judge Lloyd ordered that Google may select 35 Opt-Ins for a deposition not to exceed 3 hours. Order 3. Google may choose to depose any of the Opt-Ins, and is not limited to the 75 Opt-Ins selected for written discovery. *Id*. Furthermore, the deposition questions are not limited by the scope of the written discovery. *Id.* Judge Lloyd also allowed Google to take 5 depositions in

4

person, but ordered that at least 30 must be conducted by video.  Google argues that "no legal basis" exists for the limitation on the number of depositions, and further argues that the video deposition requirement puts Google at a severe disadvantage.

Federal Rule of Civil Procedure 30(b)(4) provides that the court may on motion order "that a deposition be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4).  Judge Lloyd properly considered Plaintiffs request that all depositions be conducted by video, and determined that Google could take up to 5 depositions in person.  In support of its position that Judge Lloyd's decision lacks any legal basis, Google borrows arguments from the defendants in a civil rights action brought by a single plaintiff pursuant to 42 U.S.C. § 1983. *See* Mot. 5 (citing *Clinton v. California Dep't of Corr.*, No. S-05-1600, 2008 WL 5068586, at *2 (E.D. Cal. Nov. 25, 2008)).  In *Clinton*, the court requested that the defendants consider taking the plaintiff's deposition by remote or telephonic means pursuant to Rule 30(b)(4).  When defendants responded that taking the deposition of the *only plaintiff* via remote means would deprive defense counsel of the ability to observe the plaintiff's demeanor in preparation for trial, the court declined to require that the deposition be remote.  2008 WL 5068586, at *2.  The instant collective action is not comparable to *Clinton*, and any potential prejudice to defendants from video depositions is cured by Judge Lloyd's decision to allow Google to conduct 5 depositions in person.

Again, Judge Lloyd's order on the number and method of depositions was a proper exercise of his discretion. *See Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) ("The reviewing court may not simply substitute its judgment for that of the deciding court.")  Judge Lloyd determined that 35 depositions, with up to 5 conducted in-person, was fair to both sides and allowed Google to adequately protect its interests while avoiding placing an undue burden on the Opt-In Plaintiffs and their attorneys.  Judge Lloyd's number was, again, more than Plaintiffs desired but less than Google requested.  Google cites no case law that would require the Court to alter Judge Lloyd's determination on this point.  Rather, Google seems only to argue that courts have exercised their discretion differently than did Judge Lloyd, and this Court should substitute its own judgment here.  Such an argument ignores the standard of review on a motion for relief from a nondispositive pre-trial order.  This portion of Judge Lloyd's order was not

5

clearly erroneous or contrary to law. As such, the Court DENIES Google's request that Judge Lloyd's order be revised to allow Google to depose up to 66 Opt-Ins in person.

### III. ORDER

As explained at the outset, Plaintiffs are ORDERED to file a response to Google's motion for relief as to Google's first request only: that the Opt-Ins' interrogatory responses should not be limited to information that supports their claim. Mot. 1. Plaintiffs response of not more than 5 pages shall be filed on or before August 24, 2017. Pursuant to Civil L.R. 72-2, Plaintiffs need not respond to Google's arguments for relief from Judge Lloyd's determination regarding the amount of Opt-In written discovery or depositions, as Google's motion for relief based on these grounds is DENIED.

**IT IS SO ORDERED.**

Dated: August 14, 2017

_____
BETH LABSON FREEMAN
United States District Judge