United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| ROBERT HEATH, ET AL., <br> Plaintiffs, <br> v. <br> GOOGLE INC., <br> Defendant. | Case No. 15-cv-01824-BLF <br><br> **ORDER DENYING GOOGLE'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER** |

Defendant Google Inc. ("Google") filed a Motion for Relief from Magistrate Judge Howard R. Lloyd's Nondispositive Pretrial Order. Mot., ECF 195; Order, ECF 185. The Court denied two of Google's requests for relief and requested briefing on the remaining ground for relief involving the language of Google's interrogatory. ECF 199. Plaintiffs filed their response on August 17, 2017. ECF 205. The Court has considered Judge Lloyd's Order, Defendant's motion, and Plaintiffs' response. For the reasons discussed below, the Court DENIES Google's motion as to its remaining ground for relief.

## I. LEGAL STANDARD

A district court may refer nondispositive pretrial matters to a magistrate judge under 28 U.S.C. § 636(b)(1)(A). The district court "may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). On review of a nondispositive order, "the magistrate's factual determinations are reviewed for clear error, and the magistrate's legal conclusions are reviewed to determine whether they are contrary to law." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010). This standard is highly deferential –

the district judge may not simply substitute his or her judgment for that of the magistrate judge. *Grimes v. City and Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

**II. DISCUSSION**

As set forth in the Court's prior order denying in part the instant motion for relief, the parties disagree over the content and scope of discovery that Google may obtain from the Opt-In Plaintiffs in this conditionally certified class action. Google objected to Judge Lloyd's order in part based on Judge Lloyd's change to the language of Google's interrogatory. ECF 195. Google originally sought two interrogatories requiring the Opt-In Plaintiffs to detail "all facts of any kind that relate" to their claims that Google failed to hire them because of their age and their self-assessment of how they performed at their interviews at Google. *Id.*[1] In his order, Judge Lloyd synthesized the two interrogatories and narrowed the language to require the Opt-In Plaintiffs to "[i]dentify and describe in detail all facts of any kind that support your claim that Google failed to hire you because of your age." ECF 185. Google does not object to the synthesis of the two interrogatories per se, but objects to the language that requires the Opt-In Plaintiffs to provide only information helpful to their claims, and not information that undermines them. Thus, the question before this Court is whether Judge Lloyd's order substituting the word "support" for Google's word "relate" was clearly erroneous or contrary to law. The Court finds that it was neither.

Judge Lloyd determined that as originally drafted, Google's interrogatories "cast much too wide a net." ECF 185. Judge Lloyd also conducted a "lengthy" hearing on July 26, 2017 regarding Opt-In discovery where the parties discussed the exact word choice of "support" versus "relate". ECF 192, 23:13-17. This Court further ordered Plaintiffs to respond to Google's motion for relief on this issue, ECF 199, and Plaintiffs pointed to the portion of the hearing where Judge Lloyd "clearly articulated his rationale for substituting the word 'support' for 'relate' in Google's

---

[1] The exact language in Google's original interrogatories at issue stated: "IDENTIFY, in detail, all facts of any kind that relate to YOUR claim that Google failed to hire YOU because of YOUR age, including by IDENTIFYING any witnesses and any factors other than YOUR age, that YOU believe contributed to Google's decision not to hire YOU," and "Describe, in detail, how you responded to the technical questions YOU were asked at YOUR interviews with GOOGLE, including but not limited to your assessment of your performance, as well the strengths and weaknesses in YOUR efforts to demonstrate proficiency in coding and design." ECF 174-2.

2

1    proposed interrogatory." ECF 205.

2        In the instant motion for relief, Google repeats many of its arguments from that hearing before Judge Lloyd. In doing so, Google essentially asks this Court to substitute its judgment for that of Judge Lloyd. Google contends that using the word "support" instead of "relate" in the interrogatory will deprive Google of essential information that is unfavorable to the Opt-In Plaintiffs' age discrimination claims. ECF 195. For example, candidates would not have to disclose if they had ever acknowledged that they performed poorly in their Google interviews. *Id.* Judge Lloyd considered and rejected Google's arguments, and found that the substitution of the word "support" in the interrogatory would strike a fair balance between limiting the burden on Plaintiffs from Google's broad discovery requests while still allowing Google to sufficiently prepare its defenses. ECF 185. Moreover, this Court agrees with Judge Lloyd that the core issue is what Google knew at the time it made its hiring decisions, and information regarding how the Opt-In Plaintiffs perceived their interview performance is tangentially relevant at most.

    Judge Lloyd applied the correct legal standard, properly weighing and balancing the evidence and concerns of both sides that were articulated in the Joint Discovery Report and at the hearing on Opt-In discovery. His decision to substitute the word "support" for the word "relate" based on his concerns with respect to the overbroad interrogatory language fell within his discretion and was not clearly erroneous or contrary to law. This Court will not substitute its judgment for Judge Lloyd's and revise the language in Google's interrogatory. Accordingly, Google's motion for relief from Judge Lloyd's order is DENIED.

**IT IS SO ORDERED.**

Dated: August 21, 2017

_____
BETH LABSON FREEMAN
United States District Judge

3