# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| ROBERT HEATH, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | Case No. 15-cv-01824-BLF <br><br> **ORDER RE (1) WITHDRAWAL OF PLAINTIFFS' MOTION TO BIFURCATE; (2) GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE SAC** |

Plaintiff Cheryl Fillekes and the Opt-In Plaintiffs ("Plaintiffs") have filed two motions that are currently pending before the Court: (1) Motion to Bifurcate Trial, ECF 196; and (2) Motion for Leave to File Second Amended Complaint ("SAC"), ECF 187. The Court held a Case Management Conference on September 11, 2017 to discuss the pending motions and the pre-trial schedule in this case. As a result of the discussion at the CMC, Plaintiffs stipulated to withdraw their motion to bifurcate without prejudice. The parties were instructed to meet and confer to discuss phasing options within a single jury trial. In addition, the parties stipulated to continue the trial date in this case. The Court addresses the modified case schedule in a separate Scheduling Order.

As for the motion for leave to file the SAC, Plaintiffs seek to amend their complaint to add a disparate impact claim, to conform the complaint to the evidence, and to add updated U.S. Department of Labor workforce statistics. ECF 187. Google opposes the motion. ECF 204. Pursuant to Civil L.R. 7-1(b), the Court finds Plaintiffs' motion suitable for submission without

oral argument and VACATES the hearing scheduled for January 11, 2018 on the motion for leave to amend. For the reasons stated herein and on the record at the September 11, 2017 Case Management Conference, the Court GRANTS Plaintiffs' motion for leave to file the SAC. In anticipation of a Rule 12 motion to dismiss filed by Defendant Google Inc. ("Google"), the Court RESERVES January 11, 2018 for a hearing on Google's motion to dismiss the disparate impact claim in the SAC.

### I. PLAINTIFFS' MOTION FOR LEAVE TO AMEND

#### A. Legal Standard

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course within 21 days of serving it. Fed. R. Civ. P. 15(a)(1). Further amendment of the pleadings is allowed with the opposing party's consent or leave of the court. *Id.* 15(a)(2). The factors considered when determining whether to grant leave to amend include: "(1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment." *Ciampi v. City of Palo Alto*, No. 09-CV-02655-LHK, 2010 WL 5174013, at *2 (N.D. Cal. Dec. 15, 2010) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). However, "[o]nce the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings[,] that rule's standards control[]." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). A party seeking to amend a scheduling order must show "good cause" for such relief. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). If the moving party establishes "good cause" to modify the scheduling order, "it must then demonstrate that its motion is also proper under Rule 15." *Rodarte v. Alameda Cty.*, No. 14-CV-00468-KAW, 2015 WL 5440788, at *2 (N.D. Cal. Sept. 15, 2015) (citing *Johnson,* 975 F.2d at 608).

The "good cause" analysis "is not coextensive with an inquiry into the propriety of the amendment under [] Rule 15." *Johnson*, 975 F.2d at 609. "Unlike Rule 15(a)'s liberal amendment policy . . . Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* Courts may take into account any resulting prejudice to the

opposing party, but "the focus of the [Rule 16(b)] inquiry is upon the moving party's reasons for seeking modification ... [i]f that party was not diligent, the inquiry should end." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015) (quoting *Johnson,* 975 F.2d at 609).

### B. Good Cause Exists Under Rule 16(b)

Rule 16(b) governs this motion. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (internal quotation marks and citation omitted). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*

Plaintiffs argue that good cause exists to amend the complaint because recent authority from this District holds that the right to make a disparate impact claim under the Age Discrimination in Employment Act ("ADEA") extends to any adversely affected individual regardless of whether he or she is an applicant or employee. *See Rabin v. PricewaterhouseCoopers, LLP*, 236 F. Supp. 3d 1126 (N.D. Cal. 2017) (decided February 17, 2017). As noted in *Rabin*, "[n]either the Supreme Court nor the Ninth Circuit," has held that job applicants may advance disparate impact claims under the ADEA. *Id*. at 1128. Plaintiffs' original complaint included a disparate impact claim, but the claim was withdrawn in the face of Google's motion to dismiss the original complaint, which cited out-of-circuit authority holding that applicants may not advance disparate impact claims under the ADEA. ECF 16-1. In light of the new authority in *Rabin*, which was decided after the deadline to amend the pleadings in this case had passed, Plaintiffs seek to add the disparate impact claim in the SAC. Given the timing and circumstances of the *Rabin* decision, the Court finds that Plaintiffs acted with diligence and did not unduly delay in seeking leave to amend the complaint in light of *Rabin*.

The Court also finds that the prejudice to Google in allowing amendment is slight. The trial date in this case is now set for April 1, 2019. Therefore, Google has ample time to brief and

3

argue a motion to dismiss the disparate impact claim, and to conduct further discovery, if necessary, in the event that the disparate impact claim survives. For these reasons, the Court finds that good cause exists under Rule 16(b).

### C. Rule 15(a) Is Satisfied

Plaintiffs have also satisfied the requirements of Rule 15(a). *See Rodarte v. Alameda Cty.*, No. 14-CV-00468-KAW, 2015 WL 5440788, at *2 (N.D. Cal. Sept. 15, 2015) (finding that if "the moving party has shown good cause under Rule 16(b), it must then demonstrate that its motion is also proper under Rule 15."); *accord Johnson*, 975 F.2d at 608. As noted above, a court generally will grant leave to amend "unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Johnson*, 975 F.2d at 607. Not all factors carry equal weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Prejudice to the opposing party must be given the greatest weight. *Id*. Absent prejudice, or a strong showing of bad faith, undue delay, or futility of amendment, there exists a presumption under Rule 15(a) in favor of granting leave to amend. *Id.* (citation omitted).

As discussed above, the Court finds that the addition of a disparate impact claim at this point in litigation, over a year and a half before trial, does not prejudice Google. The Court considers the remaining factors under Rule 15, and finds that the presumption in favor of granting leave to amend under Rule 15 applies. Plaintiffs have not unduly delayed in seeking the proposed amendment, and there is no evidence in the record of bad faith or dilatory motive. Finally, the Court finds that futility does not weigh against Plaintiffs in this instance. Whether applicants may allege disparate impact claims under the ADEA is a novel question in the Ninth Circuit, and the parties were limited in their briefing on the issue in the context of Plaintiffs' motion for leave to amend. Thus, the Court finds that an in-depth evaluation of the futility of the claim on a motion for leave to amend would be premature. The issue warrants full briefing on the merits of the disparate impact claim in light of *Rabin* and the authority on which it relies.[1]

---

[1] As stated at the September 11, 2017 Case Management Conference, the Court also defers consideration of whether Plaintiffs have waived their disparate impact claim by failing to include the count in their first amended complaint. The parties may address this issue in connection with their motion to dismiss briefing.

4

For the foregoing reasons, as well as the reasons stated on the record at the September 11, 2017 Case Management Conference, the Court GRANTS Plaintiffs' motion for leave to file the SAC. The parties may stipulate to a briefing schedule on Google's anticipated motion to dismiss, with the limitation that the motion to dismiss must be fully briefed on or before December 20, 2017. The hearing on Google's motion to dismiss is SET for January 11, 2018 at 9:00 a.m.

**IT IS SO ORDERED.**

Dated: September 12, 2017

_____
BETH LABSON FREEMAN
United States District Judge