# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

ROBERT HEATH, on behalf of himself

and

CHERYL FILLEKES, on behalf of herself
and others similarly situated,

               Plaintiffs,

      v.

GOOGLE LLC,

            Defendant.

Case No.  15-cv-01824-BLF

**ORDER GRANTING GOOGLE'S
MOTION TO DISMISS PLAINTIFFS'
ADEA DISPARATE IMPACT CLAIM
WITHOUT LEAVE TO AMEND**

[Re:  ECF 227]

     Plaintiff Cheryl Fillekes ("Fillekes") brings this conditionally certified collective action against Defendant Google LLC ("Google") on behalf of job applicants who were age 40 or older when they interviewed in-person for specific engineering positions at Google and were refused employment. *See* ECF 119 at 8.  Fillekes and the Opt-In Plaintiffs ("Plaintiffs") allege that Google intentionally discriminated against them in hiring on the basis of their age in violation of the Age Discrimination in Employment Act ("ADEA").  In addition to a disparate treatment claim under the ADEA, Plaintiffs now seek to assert a disparate impact claim against Google for its interview and hiring policies and practices that have allegedly caused a disparate impact against job applicants age 40 and older, even if those policies were neutral in intent with regard to age. Before the Court is Google's motion to dismiss the disparate impact claim only.

     Whether section 4(a)(2) of the ADEA authorizes job applicants—as opposed to employees—to bring disparate impact claims against a prospective employer is a complex question of statutory interpretation that lower courts have struggled to determine in the absence of guidance from the Ninth Circuit or the Supreme Court.  In this case, however, the Court must first address a more straightforward question: whether Fillekes waived her disparate impact claim

1    against Google by failing to re-plead the claim in her First Amended Complaint after the claim

2    was voluntarily withdrawn.

3          The Court held a hearing on Google's motion to dismiss Fillekes' disparate impact claim

4    on January 11, 2018.  For the reasons stated on the record and those that follow, the Court finds

5    that Fillekes has waived her disparate impact claim by failing to re-plead it after it was voluntarily

6    withdrawn over two years ago.  Google's motion to dismiss the disparate impact claim is therefore

7    GRANTED WITHOUT LEAVE TO AMEND.  As such, the Court need not reach Google's

8    arguments that the disparate impact claim was not administratively exhausted, or that the ADEA

9    does not authorize disparate impact claims by job applicants.

10   **I.      BACKGROUND**

11         The facts of this case are well known to the Parties and the Court and are set forth at length

12   in the Court's Order Granting Plaintiff Cheryl Fillekes' Motion for Conditional Certification of

13   Collective Action.  *See* ECF 119.  The procedural history of this case is relevant to the instant

14   motion to dismiss, and Google's waiver argument in particular.

15         Plaintiff Robert Heath ("Heath") originally filed this action on April 22, 2015, alleging age

16   discrimination under the ADEA and the California Fair Employment and Housing Act ("FEHA").

17   *See* Complaint ("Compl."), ECF 1.  The Complaint included an ADEA disparate impact claim,

18   specifically alleging that "Google has used policies and practices related to hiring and employment

19   described herein, that have had a disparate impact on the basis of age (discriminating against

20   workers who are age 40 and older) that are not job-related for the positions at issue, not consistent

21   with business necessity and are not necessitated by any reasonable factor other than age." *Id*. ¶ 52.

22         On June 11, 2015, Google filed a motion to dismiss the Complaint, arguing that Heath's

23   disparate impact claim was not actionable because Section 4(a)(2) of the ADEA does not apply to

24   applicants for employment and the claim can only be brought on behalf of existing employees.

25   *See* ECF 16-1 at 1, 3-5.  Google cited to numerous federal court decisions recognizing the

26   distinction between applicants and employees in the text of the statute, and concluding that ADEA

27   disparate impact claims do not extend to job applicants.  *Id*. at 5.  Rather than oppose Google's

28   motion to dismiss, Heath and newly added Plaintiff Fillekes filed a First Amended Complaint

United States District Court
Northern District of California

1    ("FAC") on June 25, 2015, voluntarily withdrawing the disparate impact claim under the ADEA.

2    *See* ECF 18.  Google answered the FAC.  *See* ECF 21.

3         The case then proceeded through discovery for over a year, and on October 5, 2016, the

4    Court granted Fillekes' motion to conditionally certify a collective action and denied Heath's

5    motion for partial joinder.  *See* ECF 119.  Discovery continued, involving numerous disputes over

6    Opt-In discovery and other case management matters.

7         On August 1, 2017, Fillekes and the Opt-In Plaintiffs moved for leave to file the Second

8    Amended Complaint ("SAC"), in which they sought to re-allege a disparate impact claim against

9    Google under the ADEA. *See* ECF 187.  Plaintiffs explained that good cause existed to permit

10   amendment because a recent decision from this District held that job applicants may assert a

11   disparate impact claim under the ADEA.  *See Rabin v. PricewaterhouseCoopers LLP*, 236 F.

12   Supp. 3d 1126 (N.D. Cal. 2017) (decided February 17, 2017).  Google opposed the motion for

13   leave to file the SAC, but the Court granted Plaintiffs leave on the grounds that "[w]hether

14   applicants may allege disparate impact claims under the ADEA is a novel question in the Ninth

15   Circuit, and the parties were limited in their briefing on the issue in the context of Plaintiffs'

16   motion for leave to amend." ECF 219 at 4.

17        Rather than deem Plaintiffs' disparate impact claim futile under Federal Rule of Civil

18   Procedure 15, the Court found that the issue warranted full briefing on the merits in the context of

19   a motion to dismiss the disparate impact claim.  *Id.*  The Court also specifically stated on the

20   record and in its Order that it deferred consideration of whether Plaintiffs had waived their

21   disparate impact claim by failing to re-plead it in the FAC, and indicated that the Parties may

22   address the waiver argument in connection with their motion to dismiss briefing.  *See id.* at 4 n.1.

23        The Parties did so, and now before the Court is Google's motion to dismiss the disparate

24   impact claim on the grounds that (1) Plaintiffs waived the disparate impact claim by failing to re-

25   plead it in the FAC; (2) the ADEA does not authorize disparate impact claims by job applicants;

26   and (3) Fillekes did not exhaust her administrative remedies on the disparate impact claim in her

27   charge filed with the Equal Employment Opportunity Commission ("EEOC").  *See generally* ECF

28   227 ("Mot.").

United States District Court
Northern District of California

3

1    At the hearing on January 11, 2018, the Court indicated on the record that it was persuaded

2 by Google's waiver argument.  The Parties generally agreed that if the Court granted Google's

3 motion to dismiss on waiver grounds then it would obviate the need for an advisory opinion in the

4 form of an extensive discussion on whether the ADEA authorizes disparate impact claims.

5    For the reasons that follow and those stated on the record at the hearing, Google's motion

6 to dismiss the disparate impact claim is GRANTED WITHOUT LEAVE TO AMEND because

7 Fillekes' failure to re-plead the disparate impact claim against Google in the FAC constituted

8 waiver.

9    **II.    LEGAL STANDARD**

10    "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a

11 claim upon which relief can be granted 'tests the legal sufficiency of a claim.'"  *Conservation*

12 *Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d

13 729, 732 (9th Cir. 2001)).  When determining whether a claim has been stated, the Court accepts

14 as true all well-pled factual allegations and construes them in the light most favorable to the

15 plaintiff.  *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).  However, the

16 Court need not "accept as true allegations that contradict matters properly subject to judicial

17 notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or

18 unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)

19 (internal quotation marks and citations omitted).  While a complaint need not contain detailed

20 factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to

21 relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

22 *Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it "allows the

23 court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

24    **III.    DISCUSSION**

25    Google's first argument for dismissal of Fillekes' disparate impact claim resolves this

26 dispute.  Google argues that when Fillekes knowingly and voluntarily withdrew her ADEA

27 disparate impact claim in the face of Google's motion to dismiss the original Complaint,

28 evidenced by her decision to omit the disparate impact claim from the FAC, she waived the

disparate impact claim against Google. *See* Mot. at 4.

Without citing to any authority, Plaintiffs argue that because Fillekes did not join the case as a party until the filing of the FAC, she never asserted or withdrew a disparate impact claim. *See* Opposition to Google's Motion to Dismiss ("Opp'n"), ECF 230.  But if Plaintiffs' argument is to be credited, then plaintiffs in collective and class actions could side step waiver every time they desired by inserting a new representative to re-assert claims previously abandoned by earlier plaintiffs.[1]  The result would be manifestly unjust to defendants and the efficient administration of the case.  Moreover, Plaintiffs offered no case authority in their briefs or at oral argument on this point.  Thus, Fillekes is deemed to have withdrawn the disparate impact claim in connection with the filing of the FAC.  Still, the Court must consider whether her voluntary withdrawal constitutes waiver of the claim under the relevant authority.

In *Lacey v. Maricopa County*, the Ninth Circuit held that when claims were dismissed "with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled." 693 F.3d 896, 928 (9th Cir. 2012).  Although *Lacey* addressed the waiver of rights on appeal, district courts have extended the reasoning of the decision to apply to waiver of causes of action in the district court when claims could have been pled in a subsequent complaint but were voluntarily withdrawn.  *See, e.g.*, *Philips v. Ford Motor Co.*, No. 14-CV-02989-LHK, 2015 WL 4111448, at *6 (N.D. Cal. July 7, 2015) (Koh, J.); *Gazzano v. Stanford Univ.*, No. C 12-05742 PSG, 2013 WL 2403646, at *4 n.31 (N.D. Cal. May 31, 2013); *Westley v. Oclaro, Inc.*, No. C-11-2448 EMC, 2013 WL 2384244, at *11 (N.D. Cal. May 30, 2013).

The decision in *Philips* is instructive.  In that class action against Ford, the plaintiffs filed an "unwieldy" first amended complaint alleging various causes of action based on violations of the laws of multiple states. 2015 WL 4111448, at *4.  Ford moved to dismiss the FAC, which the

---

[1] As Google points out, the same law firm has continuously prosecuted this case on behalf of Plaintiffs, beginning with Heath's original filing of the Complaint, Fillekes' joinder in connection with the FAC, through the certification of Fillekes' claims as a collective action.  *See* Mot. at 2.

United States District Court
Northern District of California

United States District Court
Northern District of California

1  court granted with leave to amend.  *Id*.  The parties then stipulated to proceed with California

2  claims only, and the plaintiffs filed a second amended complaint alleging four violations of

3  California law, and Ford filed its second motion to dismiss.  *Id*.  Ford argued that any California

4  claims omitted from the SAC, such as the warranty and false advertising claims, were waived for

5  failure to re-plead the claims.  *Id*. at *6.  The *Philips* court, relying on *Lacey*, agreed with Ford and

6  found that the plaintiffs had waived the claims by failing to re-plead them in the SAC. *Id*.

7  Accordingly, the court held that the plaintiffs were precluded from reasserting their abandoned

8  claims from the FAC against Ford in that litigation.  *Id*.

9         In opposition to Google's waiver arguments, Plaintiffs cite only to cases that pre-date

10  *Lacey*. *See* Opp'n at 4-6.  Therefore, none of the cases relied on by Plaintiffs assists the Court in

11  its determination of whether a previously withdrawn claim can be reasserted against a defendant

12  later in the case.  Plaintiffs attempt to distinguish *Philips* on the basis that the claims in that case

13  were dismissed with leave to amend by the court rather than voluntarily withdrawn in the face of a

14  motion to dismiss. *Id*. at 5 (characterizing the claims in *Philips* as "involuntarily dismissed").  The

15  Court finds this to be a distinction without a difference.  Failure to re-plead the claims in both

16  situations was "voluntary" in the sense that the plaintiffs had the choice to continue to pursue their

17  claims against the defendants and chose not to.  At oral argument, Plaintiffs added that *Philips* did

18  not involve any effort by the plaintiffs to re-plead their abandoned claims.  The Court is not

19  persuaded by Plaintiffs' reading of *Philips*, which clearly held that the plaintiffs were "precluded

20  from reasserting [the withdrawn] claims against Ford." 2015 WL 4111448, at *6.

21         The Court is also not convinced by Plaintiffs' unsupported argument that a new district

22  court decision, or revelations gleaned from further discovery, have any impact on waiver and a

23  plaintiff's ability to re-assert a previously withdrawn claim.  *See* Opp'n at 5.  Finally, Plaintiffs'

24  reliance on *Coleman v. Quaker Oats Co.* has no bearing on the situation in this case where the

25  disparate impact claim was already alleged in the original complaint and withdrawn. 232 F.3d

26  1271, 1294 (9th Cir. 2000).  As Google argues, *Coleman* dealt with the issue of notice when a

27  claim was asserted *for the first time* at a later stage of the case, and does not advance Plaintiffs'

28  argument against waiver under the circumstances presented here.  *See* Reply at 2, ECF 232.

1    For the foregoing reasons, as well as those stated on the record at the hearing on January

2  11, 2018, the Court finds that Plaintiffs have waived the ADEA disparate impact claim against

3  Google and are precluded from reasserting the claim in the SAC.  The Court further determines

4  that leave to amend would be futile.  Because the claim has been waived, the Court does not reach

5  Google's arguments that the ADEA does not authorize disparate impact claims by job applicants,

6  or that Fillekes failed to exhaust her administrative remedies.

## IV.    ORDER

8    IT IS HEREBY ORDERED that Google's motion to dismiss the disparate impact claim is

9  GRANTED WITHOUT LEAVE TO AMEND.  Google shall file an Answer to the Second

10  Amended Complaint **on or before January 26, 2018.**


12  Dated: January 12, 2018

13

14                                                    BETH LABSON FREEMAN
                                                      United States District Judge

United States District Court
Northern District of California

7