**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ROBERT HEATH, on behalf of himself, and CHERYL FILLEKES, on behalf of herself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 15-cv-01824-BLF<br><br>**ORDER GRANTING PLAINTIFFS' UNOPPOSED ADMINISTRATIVE MOTION TO SEAL**<br><br>[Re: ECF 257] |

Before the Court is Plaintiffs' administrative motion to file under seal portions of its briefing and exhibits in connection with their opposition to Defendant Google LLC's ("Google") pending motion to Decertify Collective Action. *See* ECF 257. Google does not oppose, and has filed the required declaration pursuant to Civil Local Rule 79-5(e) in support of Plaintiffs' sealing motion with respect to those exhibits that Google has designated confidential. *See* Declaration of Brian Ong ("Ong Decl."), ECF 296. For the reasons that follow, as well as those set forth in this Court's prior sealing orders on the documents at issue, Plaintiffs' motion to seal is GRANTED.

**I.    LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto.*

*Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," id., that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana*, 447 F.3d at 1179–80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. See Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R.

2

1  79-5(b), a sealing order is appropriate only upon a request that establishes the document is
2  "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under
3  the law." "The request must be narrowly tailored to seek sealing only of sealable material, and
4  must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the
5  submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable
6  material" which "lists in table format each document or portion thereof that is sought to be
7  sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by
8  highlighting or other clear method, the portions of the document that have been omitted from the
9  redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative
10 Motion to File Under Seal, the Designating Party must file a declaration as required by subsection
11 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

The Court has reviewed Plaintiffs' motion to seal and the declaration of Daniel Kotchen submitted in support thereof. *See* ECF 257; Declaration of Daniel Kotchen ("Kotchen Decl."), ECF 257-1. Specifically, Plaintiffs seek to file under seal portions of 10 exhibits accompanying their Opposition to Google's Motion to Decertify Collective Action. Kotchen Decl. ¶ 2. Plaintiffs explain that these 10 exhibits contain personal information regarding Google's applicants, including individuals' names, contact information, current employer, and compensation information. *Id.* ¶ 3. Plaintiffs also move to file an additional 18 exhibits accompanying their Opposition under seal in their entirety because Google has designated the documents and information contained in such exhibits as Confidential or "Highly Confidential—Attorneys' Eyes Only" pursuant to the protective order in this case. *Id.* ¶ 6. Plaintiffs also move for permission to file a redacted version of their opposition brief publicly, redacting portions that directly quote or summarize these exhibits. *See* ECF 257 at 2.

The Court finds that procedural motions such as motions to decertify collective actions are non-dispositive motions to which the "good cause" standard applies. *See Benedict v. Hewlett-Packard Co.*, No. 13-CV-00119-BLF, 2016 WL 3568922, at *2 (N.D. Cal. July 1, 2016); *see also Brewer v. Gen. Nutrition Corp.*, No. 11-cv-3587, 2014 WL 5873328, at *1 (N.D. Cal. Nov. 12,

1  2014); *see also Dugan v. Lloyds TSB Bank, PLC*, No. 12-CV-02549-WHA NJV, 2013 WL
2  1435223, at *1 (N.D. Cal. Apr. 9, 2013) ("[T]he vast majority of courts within this circuit treat
3  motions for class certification as non-dispositive motions to which the 'good cause' standard
4  applies."); *In re High-Tech Employee Antitrust Litig.*, No. 11-CV-02509-LHK, 2013 WL 163779,
5  at *2 n.1 (compiling cases and, though recognizing that "there may be circumstances in which a
6  motion for class certification is case dispositive," stating that "the Court applies a 'good cause'
7  standard here in accordance with the vast majority of other courts within this circuit").

8      Plaintiffs argue that good cause exists to redact the personal information concerning
9  Google's applicants contained in Exhibits 17-19, Exhibits 22-24, and Compilation Exhibits B, C,
10 D, and E to their Opposition. ECF 257 at 3. The Court agrees that sealing this information is
11 justified to maintain the confidentiality of the Opt-Ins' personal information and to prevent their
12 exposure to harm or identity theft. Moreover, as this Court has previously held, the Opt-Ins'
13 compensation information is private. *See* ECF 152, 197, 256. As Plaintiffs explain, disclosure of
14 such information could harm the Opt-Ins in future salary negotiations with employers or
15 prospective employers. ECF 257 at 3. Accordingly, the Court finds that good cause exists to seal
16 the Opt-Ins' private information including their names, dates of birth, home addresses, contact
17 information, and compensation information contained in the exhibits attached to Plaintiffs'
18 opposition and portions of the opposition brief itself that refer to such information. Plaintiffs'
19 request is also narrowly tailored. Civ. L.R. 79-5(b)

20     The 18 additional exhibits that Plaintiffs seek to seal in their entirety have been designated
21 Confidential or "Highly Confidential – Attorneys' Eyes Only" by Google and contain sensitive
22 information concerning Google's hiring and interview process and interview questions. ECF 257
23 at 3. Google asserts that it will suffer competitive harm if these exhibits are made public. Ong
24 Decl. ¶ 4. These exhibits contain sensitive records pertaining to candidates for positions at
25 Google, and further reflect Google's competitively sensitive commercial information related to its
26 strategies and techniques for interviewing and evaluating candidates for SWE, SRE, and SysEng
27 positions. *Id.* ¶¶ 5-7. This Court has previously ordered that the same or substantially similar
28 materials are sealable because they disclose confidential information about Google's hiring

process. *See* ECF 105, 253. In particular, the Court has consistently sealed Google's gHire records including gHire committee notes. ECF 105; *see also Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016) (compelling reasons to seal "sources of business information" that might harm a litigant's "competitive standing."). The Court again finds that Google has articulated good cause to seal Exhibits 1-6, Exhibits 8-12, Exhibits 20-21, Exhibits 25-27, and Compilation Exhibits A and F to Plaintiffs' Opposition to Google's motion to decertify.

## III. ORDER

Accordingly, good cause exists to seal portions of Exhibits 17-19, Exhibits 22-24, and Compilation Exhibits B, C, D, and E to Plaintiffs' Opposition, as well as portions of the brief that refer to such sealable information. Moreover, good cause exists to seal Exhibits 1-6, Exhibits 8-12, Exhibits 20-21, Exhibits 25-27, and Compilation Exhibits A and F of Plaintiffs' Opposition in their entirety as well as portions of the brief that refer to such exhibits. Plaintiffs' proposed redactions are also narrowly tailored. Plaintiffs' motion to seal at ECF 257 is therefore GRANTED in its entirety.

As Plaintiffs have already filed redacted versions of the above exhibits and opposition brief in the public record, and filed unredacted versions of such exhibits and briefing under seal, no further action is necessary.

**IT IS SO ORDERED.**

Dated: June 11, 2018

_____
BETH LABSON FREEMAN
United States District Judge

5