# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| ROBERT HEATH, ET AL., <br> Plaintiffs, <br> v. <br> GOOGLE LLC, <br> Defendant. | Case No. 15-cv-01824-BLF <br><br> **ORDER GRANTING GOOGLE'S ADMINISTRATIVE MOTION TO SEAL** <br><br> [Re: ECF 300] |

Before the Court is Defendant Google LLC's ("Google") administrative motion to file under seal portions of its reply brief and supporting documents. See ECF 300. The motion relates to the briefing on Google's pending motion to decertify this collective action. The time for Plaintiffs to file an opposition has passed and Plaintiffs have not opposed. *See* Civ. L.R. 7-11(b). For the reasons discussed below, Google's motion to seal at ECF 300 is GRANTED.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden

of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep thedocuments sealed, *see Kamakana,* 447 F.3d at 1179–80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under

2

the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

Google requests to file under seal Exhibits 79 to 89 to the Reply Declaration of Brian D. Berry ("Reply Decl.") related to its reply brief in support of its motion for decertification as well as portions of the reply declaration and reply brief themselves. *See* ECF 300. Once again, the Court determines that procedural motions such as motions to decertify collective actions are non-dispositive motions to which the "good cause" standard applies. *See Benedict v. HewlettPackard Co.*, No. 13-CV-00119-BLF, 2016 WL 3568922, at *2 (N.D. Cal. July 1, 2016); *see also Brewer v. Gen. Nutrition Corp.*, No. 11-cv-3587, 2014 WL 5873328, at *1 (N.D. Cal. Nov. 12, 2014); *see also Dugan v. Lloyds TSB Bank, PLC*, No. 12-CV-02549-WHA NJV, 2013 WL 1435223, at *1 (N.D. Cal. Apr. 9, 2013) ("[T]he vast majority of courts within this circuit treat motions for class certification as non-dispositive motions to which the 'good cause' standard applies."); *In re High-Tech Employee Antitrust Litig.*, No. 11-CV-02509-LHK, 2013 WL 163779, at *2 n.1 (compiling cases and, though recognizing that "there may be circumstances in which a motion for class certification is case dispositive," stating that "the Court applies a 'good cause' standard here in accordance with the vast majority of other courts within this circuit").

The Court finds that Google has articulated good cause to seal Exhibits 79 to 89 of the reply declaration, as well as portions of the reply declaration and reply brief that refer to information contained in those exhibits. Exhibits 79-85 are gHire dossiers. ECF 300-6—300-12. Exhibit 86 contains excerpts from the Rule 30(b)(6) deposition of Brian Ong. ECF 300-13.

Exhibits 87-89 are compilations of evidence that reflect confidential information in gHire related to job candidates. ECF 300-14—300-17. The Court has previously deemed substantially the same confidential information to be appropriately sealable in prior orders. *See* ECF 105, 198, 253, 298.

Google continues to assert that it will suffer competitive harm if the information contained in these exhibits are made public. ECF 300 at 2. These exhibits contain sensitive records pertaining to candidates for positions at Google, and further reflect competitively sensitive commercial information related to its strategies and techniques for interviewing and evaluating candidates for SWE, SRE, and SysEng positions.[1] The Court once again finds that the materials that Google seeks to seal contain the kinds of commercially sensitive business information that justifies a sealing order. The request is also narrowly tailored. *See* Civ. L.R. 79-5(b).

The Court's rulings on Google's sealing requests are set forth in the table below:

| ECF No. | Document to be Sealed | Result |
|---|---|---|
| 300-3 | Google's Reply Memorandum of Law In Support of Motion to Decertify Collective Action | GRANTED as to redacted portions of brief referencing sealed materials in Exhibits 79-89 |
| 300-5 | Reply Declaration of Brian D. Berry In Support of Google's Motion to Decertify Collective Action ("Berry Decl.") | GRANTED as to redacted portions of declaration referencing sealed materials in Exhibits 79-89 |
| 300-6—300-12 | Berry Decl. Exs. 79-85 (i.e., gHire dossiers and records) | GRANTED as to entire document |
| 300-13 | Berry Decl., Ex. 86 (i.e., excerpts from deposition of Google's Rule 30(b)(6) witness) | GRANTED as to entire document |
| 300-14—300-17 | Berry Decl., Exs. 87-89 (gHire records including internal interviewer and Hiring Committee notes and evaluations related to candidates) | GRANTED as to entire document |

---

[1] These grounds for maintaining these records under seal are set forth in the declarations Google has previously filed in support of its Administrative Motions to Seal and by prior orders of this Court sealing the same or substantially the same materials. *See* ECF 249-1; ECF 250; ECF 105; ECF 198; ECF 253; ECF 298.

4

### III. ORDER

For the foregoing reasons as well as those articulated in this Court's prior sealing orders regarding substantially identical information, Google's administrative motion to seal at ECF 300 is GRANTED in its entirety. Google shall file the redacted version of its Reply Brief and supporting documents as a stand alone docket entry in this case as soon as practicable.

**IT IS SO ORDERED.**

Dated: June 22, 2018

_____
BETH LABSON FREEMAN
United States District Judge