**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ROBERT HEATH, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 15-cv-01824-BLF <br><br> **ORDER GRANTING GOOGLE'S ADMINISTRATIVE MOTION FOR ORDER TO SHOW CAUSE WHY NON-COMPLYING PLAINTIFFS SHOULD NOT BE DISMISSED** |

Defendant Google LLC ("Google") has filed an administrative motion requesting that the Court issue an Order to Show Cause ("OSC") Why Non-Complying Plaintiffs Should Not Be Dismissed. *See* ECF 313-6. Fillekes and the Opt-In Plaintiffs oppose, arguing that Google's motion is procedurally improper and that requiring the Opt-Ins at issue to respond substantively to Google's administrative motion or an order to show cause would be unduly prejudicial and not in the interests of justice. ECF 320.

The Court has reviewed the parties' submissions and finds that issuing an Order to Show Cause to the eight non-responsive Opt-In Plaintiffs does not impair their rights and is merely a vehicle to put them on notice that they are required to respond in order to continue their participation in this litigation. As Google points out, Magistrate Judge Howard Lloyd ordered 75 randomly selected Opt-In Plaintiffs to respond to eight Requests for Production ("RFPs") and four Interrogatories, and ordered that Google be permitted to take the depositions of 35 Opt-In Plaintiffs. ECF 185. The non-responding Opt-In Plaintiffs have failed to produce the Court-ordered discovery responses. Nevertheless, Counsel for Plaintiffs prefer that Google allow these non-responding Opt-In Plaintiffs to secure alternative counsel or to agree to proceed *pro se*—in

part because counsel for Fillekes and the Opt-In Plaintiffs have simultaneously requested to withdraw as counsel for the non-responding individuals. *See* ECF 320. Specifically, Plaintiffs request that this dispute be referred back to Magistrate Judge Virginia DeMarchi and presented in the form of a joint discovery letter brief. *Id.* The Court disagrees with Plaintiffs' proposal and finds that Google's approach is the preferable method to notify the non-responding Opt-In Plaintiffs of their obligations to respond and to comply with Court ordered discovery.

The Court further disagrees with Plaintiffs' argument that Google's administrative order is improper. The Court is fully authorized to issue an order to show cause sua sponte when it becomes aware that parties have failed to comply with court orders. The schedule for responding to an order to show cause will provide the non-responsive Plaintiffs with ample time to obtain new counsel or reconnect with current counsel. *See Alvarez v. Farmers Ins. Exch.*, No. 14-cv-00574-WHO, 2015 WL 5769614 (N.D. Cal. Oct. 2, 2015).

For the foregoing reasons, the Court GRANTS Google's administrative motion to issue an Order to Show Cause Why Non-Complying Plaintiffs Should Not Be Dismissed. Because information in the OSC contains personal information regarding Google's applicants, the Court will issue the OSC as a separate document under seal.[1] The Opt-In Plaintiffs named in the OSC are HEREBY ORDERED to respond to the OSC **on or before August 31, 2018.** Google may file a reply **on or before September 7, 2018.** The Court will set a hearing on the matter if necessary.

The Court acknowledges that Plaintiffs' Counsel is seeking to withdraw as counsel for these individuals. Accordingly, Plaintiffs' Counsel shall serve this Order to Show Cause on the Opt-In Plaintiffs at issue and shall file a certificate of service **on or before August 10, 2018.**

---

[1] Google also filed an unopposed administrative motion to seal the names of the Opt-In Plaintiffs whom Google is requesting should be ordered to show cause why they should not be dismissed for failing to cooperate with the court-ordered discovery. ECF 313. Civil Local Rule 79-5 provides in relevant part that a party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law.... The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). For good cause shown, the Court GRANTS Google's unopposed administrative motion to seal the names of the Opt-In Plaintiffs. The Court has previously granted administrative motions to seal documents in this case containing personal information of Google's applicants, including their names. *See* ECF 197, 256, 298. Google's request is narrowly tailored to seal only those portions of the Administrative Motion disclosing the names of the Opt-In Plaintiffs.

**IT IS SO ORDERED.**

Dated: August 6, 2018

_____
BETH LABSON FREEMAN
United States District Judge