# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| ROBERT HEATH, ET AL., <br> Plaintiffs, <br> v. <br> GOOGLE LLC, <br> Defendant. | Case No. 15-cv-01824-BLF <br><br> **ORDER GRANTING PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL** <br> Re: ECF 327 |

Before the Court is Plaintiffs' administrative motion to file under seal a motion to withdraw as attorney of record for certain Opt-In Plaintiffs (ECF 328) and its supporting declaration (ECF 328-1). *See* ECF 327. For the reasons that follow, the motion to seal is GRANTED.

**I. LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id*. (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain

mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana*, 447 F.3d at 1179–80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be

sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

**II. DISCUSSION**

The Court has reviewed the motion to seal and the declaration submitted in support thereof. *See* ECF 327; Declaration of Daniel Low, ECF 327-1. Plaintiffs move here to seal the names of certain Opt-In Plaintiffs for whom counsel would like to withdraw as attorney of record, *see* ECF 328; ECF 328-1.

A motion to withdraw as counsel is a non-dispositive filing to which the "good cause" standard applies. The Court finds that good cause exists to seal the Opt-In Plaintiffs' personal information. The Court has previously granted administrative motions to seal documents in this case containing the personal information of Google's applicants, including their names. *See* ECF 197, 256, 298, 323, 325. As with those motions, sealing this information is justified to maintain the confidentiality of the Plaintiffs' personal information and to prevent their exposure to harm or identity theft. Moreover, the request is narrowly tailored to seal only those portions of the motion and declaration disclosing the names of Opt-In Plaintiffs. As such, the Court finds good cause to seal portions of the Motion to Withdraw as Attorney of Record for Certain Opt-In Plaintiffs (ECF 328) and the supporting declaration (ECF 328-1), and hereby GRANTS Plaintiffs' motion to seal.

Because redacted versions of the motion and supporting declaration have been filed in the public record, and unredacted versions have been filed under seal, no further action is necessary.

**IT IS SO ORDERED.**

Dated: August 14, 2018

_____
BETH LABSON FREEMAN
United States District Judge

3