# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| ROBERT HEATH, ET AL., <br> Plaintiffs, <br> v. <br> GOOGLE LLC, <br> Defendant. | Case No. 15-cv-01824-BLF <br><br> **ORDER DISMISSING NON-RESPONSIVE OPT-IN PLAINTIFFS WITHOUT PREJUDICE** <br><br> [Re: ECF 324] |

On August 6, 2018, this Court issued an Order to Show Cause Why the Non-Responsive Plaintiffs Should Not Be Dismissed, ordering eight Opt-In Plaintiffs[1] ("the Non-Responsive Plaintiffs") to file a written response explaining why they should not be dismissed from this action pursuant to Federal Rule of Civil Procedure 37 for failing to respond to written discovery as ordered by the Court. *See* ECF 324. The deadline to respond was August 31, 2018, but the Non-Responsive Plaintiffs did not file a response. For the reasons that follow, the Court DISMISSES WITHOUT PREJUDICE the Non-Responsive Plaintiffs.

## I. BACKGROUND

After the Court conditionally certified a class of individuals in this case, two-hundred and seventy-two individuals opted in to the collective action lawsuit as party plaintiffs, including the eight Non-Responsive Plaintiffs. In July 2017, Plaintiff Cheryl Fillekes and the Opt-In Plaintiffs and Defendant Google LLC ("Google") disputed the content and scope of written discovery in this action. On July 27, 2017, Magistrate Judge Howard R. Lloyd settled the dispute by ordering 75 randomly selected Opt-In Plaintiffs to respond to eight requests for production and four

---

[1] The non-responsive Opt-In Plaintiffs are ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and ▮▮▮▮▮▮▮▮▮▮▮▮.

1 interrogatories and ordering Google to select 35 Opt-In Plaintiffs to depose. *See* ECF 185. Six
2 Non-Responsive Plaintiffs were served via counsel with these requests on September 7, 2017, and
3 two Non-Responsive Plaintiffs were served via counsel on March 2, 2018. *See* McInerney Decl. ¶
4 2, ECF 314-1. Each of the Non-Responsive Plaintiffs failed to respond. *Id.*

On July 31, 2018, Google moved this Court to issue an order to show cause why the Non-Responsive Plaintiffs should not be dismissed. *See* ECF 314. Plaintiffs opposed. *See* ECF 320. On August 6, 2018, this Court granted Google's administrative motion and issued an order to show cause to the Non-Responsive Plaintiffs, requiring a response by August 31, 2018 and warning that failure to respond would cause dismissal of the Non-Responsive Plaintiffs. *See* ECF 323, 324. The Non-Responsive Plaintiffs did not respond by the deadline.

On August 1, 2018, Plaintiffs' counsel moved to withdraw as attorneys of record for six of the Non-Responsive Plaintiffs, indicating they had been unable to reach the six Non-Responsive Plaintiffs and had thus notified the six on January 25, 2018 that they would be moving to withdraw as counsel. *See* Mot. to Withdraw at 3, ECF 316. On August 8, 2018, Plaintiffs' counsel moved to withdraw as attorneys of record for the other two Non-Responsive Plaintiffs, having provided them notice on July 25, 2018. *See* Mot. to Withdraw at 3, ECF 328.

**II.   LEGAL STANDARD**

Federal Rule of Civil Procedure 37 provides specific sanctions a Court is permitted to impose if a party fails to comply with a court order. Where a party disobeys a discovery order, Fed. R. Civ. P. 37(2)(A) allows the Court where the action is pending to "dismiss[] the action or proceeding in whole or in part," among other potential sanctions. *See* Fed. R. Civ. P. 37(2)(A)(v). To determine whether to dismiss a case for failure to comply with a court order, the court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (quoting *Thompson v. Housing Authority*, 782 F.2d 829, 831 (9th Cir. 1986).

### III. DISCUSSION

Having considered the five *Malone* factors, the Court holds that dismissal of the Non-Responsive Plaintiffs without prejudice is warranted here. The first two factors—the public's interest in expeditious resolution of litigation and the court's need to manage its docket—both favor dismissal here. Because the Non-Responsive Plaintiffs have failed to respond both to orders from the Court and to requests from their own counsel, this Court and the parties have had to spend unnecessary time litigating the issues, and the Plaintiffs' non-responsiveness has increased Google's discovery burden. *See Alvarez v. Farmers Ins. Exch.*, No. 14-CV-00574-WHO, 2015 WL 5769614, at *1 (N.D. Cal. Oct. 2, 2015). Moreover, Google was and continues to be prejudiced by this non-responsiveness because it was deprived of discovery useful to any decertification or summary judgment motion it might file. *See* ECF 314 at 4. Finally, the Court cannot contrive a less drastic sanction, as the Non-Responsive Plaintiffs have failed to respond to both discovery requests *and* their counsels' communications for the last 6–8 months. They provide no evidence as to why this non-responsiveness is warranted or indicating that they might suddenly begin to comply with the Court's orders. Indeed, they failed to respond to the Court's order to show cause. And though the public policy favoring disposition on the merits weighs against dismissal, the Court dismisses the Non-Responsive Plaintiffs without prejudice to their ability to demonstrate good cause for their failures to comply with Court orders thus far.

Accordingly, the Non-Responsive Plaintiffs are DIMSSED WITHOUT PREJUDICE from this action. Plaintiffs' counsel shall serve this Order on the Non-Responsive Plaintiffs and shall file a certificate of service **on or before September 11, 2018.**

**IT IS SO ORDERED.**

Dated: September 5, 2018

_____
BETH LABSON FREEMAN
United States District Judge