# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| ROBERT HEATH, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 15-cv-01824-BLF<br><br>**ORDER GRANTING MOTIONS TO WITHDRAW AS COUNSEL OF RECORD FOR CERTAIN OPT-IN PLAINTIFFS**<br><br>[Re: ECF 316, 328] |

Before the Court are Plaintiffs' counsels' ("Movants") motions to withdraw as counsel of record for eight Opt-In Plaintiffs[1] ("the Non-Responsive Plaintiffs") who have failed to respond to written discovery as ordered by the Court and to counsel's communications for over five months. *See* ECF 316 ("6P Mot."); ECF 328 ("2P Mot."). The Non-Responsive Plaintiffs did not file an opposition. For the reasons that follow, the Court GRANTS Movants' motions to withdraw as counsel, pending their service of the concurrently issued Order to Dismiss the Non-Responsive Plaintiffs on those Plaintiffs.

## I. BACKGROUND

After the Court conditionally certified a class of individuals in this case, two-hundred and seventy-two individuals opted in to the collective action lawsuit as party plaintiffs, including the eight Non-Responsive Plaintiffs. In July 2017, Plaintiff Cheryl Fillekes and the Opt-In Plaintiffs and Defendant Google LLC ("Google") disputed the content and scope of written discovery in this action. On July 27, 2017, Magistrate Judge Howard R. Lloyd settled the dispute by ordering 75 randomly selected Opt-In Plaintiffs to respond to eight requests for production and four

---

[1] The non-responsive Opt-In Plaintiffs are ███████████████████████ ███████████████████████ and ███████████████ .

1 interrogatories and ordering Google to select 35 Opt-In Plaintiffs to depose. *See* ECF 185. Six Non-Responsive Plaintiffs were served via counsel with these requests on September 7, 2017. *See* 6P Mot. at 2–3. The two other Non-Responsive Plaintiffs were served via counsel on March 2, 2018. *See* 2P Mot. at 3. Each of the Non-Responsive Plaintiffs failed to respond. *See* 6P Mot. at 3; 2P Mot. at 3.

On July 31, 2018, Google moved this Court to issue an order to show cause why the Non-Responsive Plaintiffs should not be dismissed. *See* ECF 314. Plaintiffs opposed. *See* ECF 320. On August 6, 2018, this Court granted Google's administrative motion and issued an order to show cause to the Non-Responsive Plaintiffs, requiring a response by August 31, 2018 and warning that failure to respond would cause dismissal of the Non-Responsive Plaintiffs. *See* ECF 323, 324. The Non-Responsive Plaintiffs did not respond by the deadline. In an Order filed concurrently with the present Order, this Court dismissed the Non-Responsive Plaintiffs from the action without prejudice. *See* ECF 342.

On August 1, 2018, Plaintiffs' counsel moved to withdraw as attorneys of record for six of the Non-Responsive Plaintiffs, indicating counsel had been unable to reach the six Non-Responsive Plaintiffs and had thus notified the six on January 25, 2018 that they would be moving to withdraw as counsel. *See* 6P Mot. at 3. On August 8, 2018, Plaintiffs' counsel moved to withdraw as attorneys of record for the other two Non-Responsive Plaintiffs, having provided them notice on July 25, 2018. *See* 2P Mot. at 3. Again, the Non-Responsive Plaintiffs failed to respond. *See* 6P Mot. at 3; 2P Mot. at 3.

**II. DISCUSSION**

Pursuant to Civ. L.R. 11-5(a), "counsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case. *See also DeLeon v. Wells Fargo Bank, N.A.*, No. 10-CV-01390-LHK, 2010 WL 3565188, at *1 (N.D. Cal. Sept. 13, 2010). The decision to permit counsel to withdraw is within the discretion of the trial court. *See United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). When addressing a motion to withdraw, the court must consider factors such as the reason counsel seeks to withdraw, the possible prejudice caused to the litigants,

2

and the extent to which withdrawal may delay resolution of the case. *Robinson v. Delgado*, No. CV 02–1538, 2010 WL 3259384, at *2 (N.D.Cal.2010).

The Court finds that Movants have provided sufficient reasons to justify their withdrawal as counsel for the Non-Responsive Plaintiffs. All eight Non-Responsive Plaintiffs have failed to comply with orders of this Courts, and as a result have been dismissed from this action without prejudice. *See* Order to Show Cause, ECF 324; Order Dismissing Non-Responsive Plaintiffs, ECF 342. Likewise, six of the Non-Responsive Plaintiffs have failed to respond to counsels' communications for ten months, and two of them have failed to respond for five months. *See* 6P Mot. at 4; 6P Grunert Decl. ¶ 2, 4, ECF 316-1; 2P Mot. at 5; 2P Mot. Grunert Decl. ¶ 2, 4. Moreover, Movants provided almost eight months' notice to six of the Non-Responsive Plaintiffs and over a month's notice to the other two, as well as to all of the parties. 6P Grunert Decl. ¶ 5, 6; 2P Grunert Decl. ¶ 5, 6. The Non-Responsive Plaintiffs cannot seriously claim prejudice from withdrawal, as they are no longer in the case, and even if they show good cause and re-enter the case, they can proceed pro se or retain additional counsel. Finally, Movants' withdrawal as counsel in this case will not cause any delay in the adjudication of this action.

The Court therefore GRANTS Movants' motions to withdraw as counsel, pending Movants' service of this Court's concurrent Order Dismissing the Non-Responsive Plaintiffs on the Non-Responsive Plaintiffs. Once Movants have filed the necessary certificate of service of that Order, they will cease to be Non-Responsive Plaintiffs' counsel of record.

**IT IS SO ORDERED.**

Dated: September 5, 2018

BETH LABSON FREEMAN
United States District Judge