Daniel L. Low (SBN: 218387)
dlow@kotchen.com
Daniel Kotchen (*pro hac vice*)
dkotchen@kotchen.com
Michael von Klemperer (*pro hac vice*)
mvk@kotchen.com
KOTCHEN & LOW LLP
1745 Kalorama Road NW, Suite 101
Washington, DC 20009
Telephone:      202.841.7164
Facsimile:       202.280.1128

Michael F. Brown (*pro hac vice*)
DVG LAW PARTNER LLC
P.O. Box 645
Neenah, WI 54957
920-238-6781
920-273-6177 (fax)
mbrown@dvglawpartner.com

Attorneys for Plaintiff
CHERYL FILLEKES &
OPT-IN PLAINTIFFS

UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HEATH, on behalf of himself<br><br>and<br><br>CHERYL FILLEKES, on behalf of herself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC, a Delaware limited liability company,<br><br>Defendant. | Case No. 15-cv-01824-BLF<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT GOOGLE LLC'S MOTION FOR LEAVE FOR RECONSIDERATION OF ORDER DENYING MOTION FOR DECERTIFICATION**<br><br>Complaint Filed:   April 22, 2015<br>Trial Date:            April 1, 2019 |

# TABLE OF CONTENTS

**TABLE OF CONTENTS** ................................................................................................................. i

**TABLE OF AUTHORITIES** ......................................................................................................... ii

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT GOOGLE LLC'S MOTION FOR LEAVE FOR RECONSIDERATION OF ORDER DENYING MOTION FOR DECERTIFICATION** ............................................................................. 1

I.       LEGAL STANDARD ............................................................................................ 1

II.      ARGUMENT ......................................................................................................... 2

        A.     Google Has Failed To Demonstrate Reasonable Diligence in Seeking Leave. ................................................................................................ 2

        B.     Dr. Neumark's July 19, 2018 Expert Report Presents No "New Material Facts" Warranting the Requested Leave. ........................................ 3

        C.     The Court Properly Considered All Material Facts and Dispositive Legal Arguments At Issue in Denying Google's Motion to Decertify Collective Action. ....................................................................................... 7

III.     CONCLUSION .................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Adams v. Ameritech Servs., Inc.*, 231 F.3d 414 (7th Cir. 2000) .................................................. 3, 5

*Am. Rivers v. NOAA Fisheries*, No. CV-04-00061, 2006 U.S. Dist. LEXIS 48195 (D. Or. July 14, 2006) ........................................................................................................................................ 1

*Castaneda v. Partida*, 430 U.S. 482 (1977) ................................................................................... 3

*Devries v. Experian Info. Sols., Inc.*, No. 16-cv-02953-WHO, 2017 U.S. Dist. LEXIS 84255 (N.D. Cal. June 1, 2017) ........................................................................................................................ 3

*Gossett v. Stewart*, No. CV 08-2120, 2009 U.S. Dist. LEXIS 116743 (D. Ariz. Dec. 14, 2009) ...... 1

*Heredia v. Eddie Bauer LLC*, No. 16-cv-06236-BLF, 2018 U.S. Dist. LEXIS 40314 (N.D. Cal. Mar. 9, 2018) ................................................................................................................................ 2, 8

*Largan Precision Co. v. Genius Elec. Optical Co.*, No. 13-cv-02502-JD, 2015 U.S. Dist. LEXIS 58911 (N.D. Cal. May 4, 2015) ................................................................................................. 2

*Lenk v. Monolithic Power Sys.*, No. 16-cv-02625-BLF, 2018 U.S. Dist. LEXIS 28970 (N.D. Cal. Feb. 21, 2018) ............................................................................................................................ 9

*Leuthold v. Destination Am.*, 224 F.R.D. 462 (N.D. Cal. 2004) ..................................................... 9

*Montebueno Mktg. v. Del Monte Corp.-USA*, 570 F. App'x 675 (9th Cir. 2014) ............................ 2

*Palmer v. Shultz*, 815 F.2d 84 (D.C. Cir. 1987) ............................................................................. 3

*Thiessen v. GE Capital Corp.*, 267 F.3d 1095 (10th Cir. 2001) .................................................... 10

*Ulin v. Lovell's Antique*, No. C-09-03160 EDL, 2011 U.S. Dist. LEXIS 64928 (N.D. Cal. June 15, 2011) ........................................................................................................................................ 10

*Utterkar v. Ebix, Inc.*, No. 14-CV-022050-LHK, 2015 U.S. Dist. LEXIS 152839 (N.D. Cal. Nov. 11, 2015) .................................................................................................................................... 9

*Williams v. Gyrus ACMI, LP*, No. 14-cv-00805-BLF, 2017 U.S. Dist. LEXIS 2953 (N.D. Cal. Jan. 6, 2017) ...................................................................................................................................... 8

*York v. Bank of Am.*, No. 14-cv-02471-RS, 2016 U.S. Dist. LEXIS 166888 (N.D. Cal. Dec. 2, 2016) .......................................................................................................................................... 2

**Rules**

Fed. R. Civ. P. 54 ............................................................................................................................ 1

L.R. 7-9 ................................................................................................................................1, 2, 7, 9

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT GOOGLE LLC'S MOTION FOR LEAVE FOR RECONSIDERATION OF ORDER DENYING MOTION FOR DECERTIFICATION**

Google's Motion for Leave for Reconsideration of the Court's August 1, 2018 Order Denying Defendant Google LLC's Motion to Decertify Collective Action should be denied. The issue of decertification was extensively briefed by the parties in May and June of 2018, and was the subject of an hour-long hearing before Judge Freeman on July 12. *See* Google's Mot. to Decertify Collective Action (Dkt. #252); Pls.' Decert. Opp'n (Dkt. #258), Google's Decert. Reply (Dkt. #303); Minute Entry (July 12, 2018) (Dkt. #304). The Court carefully considered the evidence and legal arguments presented by both parties, and issued a well-reasoned Order that spanned almost thirty pages in length. *See* Order (Aug. 1, 2018) (Dkt. #337). Google now seeks leave to challenge this Order, arguing that there are new material facts, and that the Court failed to consider material facts or dispositive legal arguments that were presented to the Court before its Order. L.R. 7-9(b)(2)-(3). Google attempts (unsuccessfully) to manufacture "new material facts" in its motion by misrepresenting the evidence and findings presented by Dr. David Neumark in his July 19, 2018 expert report—findings that are consistent with discrimination. Further, Google's argument that the Court failed to consider certain material facts and dispositive legal arguments during the July 12, 2018 hearing and its August 1, 2018 Order is inaccurate and unsupported by the record. Each "new" fact and legal argument raised by Google in its motion was carefully considered, and rejected, by the Court. Google fails to meet the requirements for leave to seek reconsideration under L.R. 7-9, and its motion should be denied.

## I.   LEGAL STANDARD

"Motions for reconsideration are disfavored and should be granted only in rare circumstances." *Gossett v. Stewart*, No. CV 08-2120, 2009 U.S. Dist. LEXIS 116743, at *1-2 (D. Ariz. Dec. 14, 2009); *Am. Rivers v. NOAA Fisheries*, No. CV-04-00061, 2006 U.S. Dist. LEXIS 48195, at *8 (D. Or. July 14, 2006) ("Motions for reconsideration -- under Rule 54(b) … are generally disfavored"). As such, a party seeking reconsideration of an interlocutory order under Fed. R. Civ. P. 54 must first obtain leave of court before filing its motion, *see* L.R. 7-9(a), and the decision to grant leave "is committed to the … sound discretion" of the court. *Heredia v. Eddie Bauer LLC*,

No. 16-cv-06236-BLF, 2018 U.S. Dist. LEXIS 40314, at *3 (N.D. Cal. Mar. 9, 2018) (citing *Montebueno Mktg. v. Del Monte Corp.-USA*, 570 F. App'x 675, 676 (9th Cir. 2014)). The party seeking leave must satisfy Local Rule 7-9(b), which requires not only "reasonable diligence in bringing the motion" but also (1) "a material difference in fact or law … from that which was presented to the Court …; (2) [t]he emergence of new material facts or a change of law occurring after the time of such order; or (3) [a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." L.R. 7-9(b)(1)-(3).

## II.  ARGUMENT

Google invokes the second and third grounds of L.R. 7-9(b) in seeking leave to move for reconsideration. But Google's motion is untimely, and should be denied on both grounds as no new material facts have emerged following the Court's interlocutory order, and the facts and legal arguments raised by Google in its motion for leave were properly considered and rejected by the court in denying Google's motion for decertification.

### A.  Google Has Failed To Demonstrate Reasonable Diligence in Seeking Leave.

A party seeking leave to file a motion for reconsideration "must specifically show reasonable diligence in bringing the motion." L.R. 7-9(b). Here, Google waited 37 days from the Court's Order denying decertification, over seven weeks after the service of Dr. Neumark's report, and just two weeks prior to the close of discovery to file its motion. *See* Order (Aug. 1, 2018) (Dkt. #337); Neumark July Rpt. (Dkt. #355-4); Order at 2 (Feb. 20, 2018) (Dkt. #246). Because Google was not diligent in bringing its motion, the motion is untimely and should be denied. *See York v. Bank of Am.*, No. 14-cv-02471-RS, 2016 U.S. Dist. LEXIS 166888, at *3-4 (N.D. Cal. Dec. 2, 2016) (holding that a 35-day delay failed to show "reasonable diligence" and rendered motion for leave deficient); *Largan Precision Co. v. Genius Elec. Optical Co.*, No. 13-cv-02502-JD, 2015 U.S. Dist. LEXIS 58911, at *4 (N.D. Cal. May 4, 2015) ("waiting more than four weeks to file a motion for reconsideration" did not constitute "'reasonable diligence in bringing the motion'"). As the Court is aware, Plaintiffs' summary judgment opposition is due in just four weeks, and Google's motion is yet another dilatory tactic designed to divert Plaintiffs' time and resources from focusing on this

1  upcoming deadline and other pressing matters, such as Google's refusal to produce its own expert
2  for a deposition prior to the discovery cut-off date and the deadline for Plaintiffs' summary judgment
3  opposition. *See* Joint Letter Br. at 6 (Dkt. #347); *Devries v. Experian Info. Sols., Inc.*, No. 16-cv-
4  02953-WHO, 2017 U.S. Dist. LEXIS 84255, at *5 (N.D. Cal. June 1, 2017) (holding 47-day delay
5  unreasonable given certain "deadlines were fast approaching" in case).

**B.   Dr. Neumark's July 19, 2018 Expert Report Presents No "New Material Facts" Warranting the Requested Leave.**

In his March 5, 2018 report, Dr. Neumark determined that ▉▉▉▉ of candidates age 40 and older who interviewed on-site at Google receive offers, compared to ▉▉▉ of candidates under 40—a difference of ▉ standard deviations. Neumark Mar. Rpt. Tbl. 8, ¶¶ 7, 36 (Dkt. #355-2). As the Court noted in denying decertification, this is evidence of discrimination, as "'[t]wo standard deviations is normally enough to show that it is extremely unlikely (that is, there is less than a 5% probability) that the disparity is due to chance, giving rise to a reasonable inference that the hiring was not [age]-neutral.'" *See* Order at 22 (Aug. 1, 2018) (Dkt. #337) (quoting *Adams v. Ameritech Servs., Inc.*, 231 F.3d 414, 424 (7th Cir. 2000)); *Palmer v. Shultz*, 815 F.2d 84, 96 (D.C. Cir. 1987) (noting that a disparity of "1.96 standard deviations" would be sufficient "for a court to establish an inference of disparate treatment on the basis of this evidence alone."); *Castaneda v. Partida*, 430 U.S. 482, 496 & n.17 (1977) ("proof ... enough to establish a prima facie case of discrimination" where the demographic difference of "two or three standard deviations" existed).

In his merits report in July, Dr. Neumark conducted further analyses that provide additional nuance that strengthened his initial findings. For example, consistent with Plaintiffs' theory regarding Google's interview process, he found that older applicants ▉▉▉▉ than younger applicants, and that ▉▉▉▉▉▉, older applicants received job offers ▉▉▉▉. Neumark July Rpt. ¶¶ 9-10 (Dkt. #355-4); *see also id.* ¶¶ 14-18 (discussing finding of statistically significant difference ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉). This analysis confirms that older applicants face two statistically significant hurdles in securing a job offer from Google: they are ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉,

1  positions to older applicants ▇▇▇▇▇▇▇▇▇▇ Dr. Neumark summarizes these analyses in
2  his July report:



Id. ¶ 14.

In addition, in his initial report, Dr. Neumark determined that the ▇▇▇▇▇ a candidate had, ▇▇▇▇▇ that candidate was to receive an offer from Google. Neumark Mar. Rpt. Tbls. 12-13, ¶¶ 8-9, 52, 57-58 (Dkt. #355-2). However, there were some limitations with ▇▇▇▇▇ available to Dr. Neumark at the time of his initial report. Neumark July Rpt. ¶ 19 (Dkt. #355-4). He subsequently ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, which he was able to incorporate into his July report. Id. With this ▇▇▇▇▇ Dr. Neumark found a ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Id. ¶ 21. When controlling for ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, Dr. Neumark found that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇)." Id. (emphasis in original). But the ▇ standard deviations, while significant, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Id. ¶ 10 ("▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇"). Dr. Neumark further observed that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇." Id. ¶ 22 (p. 8) & n. 14. Dr. Neumark therefore conducted additional analyses to correct ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇," and, in each instance, found "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

1   ███████████████████████████████████████████████████████████████████████
2   ███████████████████████████████████." *Id.* ¶ 22 (p.8). Ultimately, Dr. Neumark's findings
3   "██████████████████████████████████████████████████████████████████████
4   ████████████████████" and did "████████████████" reached in his March 5, 2018 report.
5   *Id.* ¶¶ 8, 41; Neumark Mar. Rpt. ¶ 7 (Dkt. #355-2) (finding ████████████████████████
6   ██████████████████████████████████").

7       In its motion for leave for reconsideration, Google raises two flawed arguments in support of
8   its contention that new material facts have emerged in Dr. Neumark's July report that warrant
9   reconsideration of the Court's decertification order. But Google's arguments misrepresent the
10  evidence and conclusions presented in Dr. Neumark's report and should therefore be rejected.

11      First, Google incorrectly argues that the estimated difference in job offer rates by Google for
12  younger vs. older candidates ███████████ standard deviations in Dr. Neumark's March report
13  to ███ standard deviations in his July report. Google's Mot. at 2-3 (Dkt. #355). But as explained,
14  that is not the case. The ███ standard deviation figure was simply a ███████████ of one aspect
15  of Google's discrimination, and because it ████████████████████████████████████████████
16  ████████████████████████████████████████████████████████████ and several other
17  variables, this result ████████████████████████████. Neumark July Rpt. ¶¶ 10, 21, ¶ 22 (p. 8)
18  (Dkt. #355-4). And even with this ████████████, Dr. Neumark's findings remain statistically
19  significant, reflect discrimination, and thus strengthen Dr. Neumark's conclusions. *See id.* ¶¶ 8-10,
20  14-22, 41; Order at 22 (Aug. 1, 2018) (Dkt. #337) (quoting *Adams*, 231 F.3d at 424).

21      Moreover, other analyses in Dr. Neumark's July report found an ████████████
22  ████████ in job offer rates. Specifically, when controlling for additional variables such as ████████
23  ██████████████████████████, Dr. Neumark found disparities in offer rates between
24  younger and older applicants of ███ standard deviations. *See* Neumark July Rpt. ¶ 6 (Dkt. #355-4)
25  (adding aforementioned controls ████████████████████████████████████████████████
26  ████████████████████████████████████████████████████████████████████████████
27  ██████████████████████).
28

1    Relying on its own expert's analysis, Google raises arguments about the benefits of one type
2 of statistical model over another. But these arguments are irrelevant to the issue of whether "new
3 material facts" exist that warrant leave for reconsideration and should be set aside by the Court.
4 Google's Mot. at 4-6. As the Court has already found, the Court need not resolve "a battle of the
5 experts" at the certification stage. *See* Order at 22 (Aug. 1, 2018) (Dkt. #337) ("Although Google's
6 expert Dr. Johnson refutes Dr. Neumark's analysis in his own report, Google appears to concede that
7 the dispute is a battle of the experts that the Court need not resolve at the certification stage."). Dr.
8 Neumark ███████████████████████████████████████████████████████████████
9 ███████████████████████████████████████████████████████" through a host of
10 analyses, Neumark July Rpt. ¶ 41 (Dkt. #355-4), and Dr. Johnson's criticism of one aspect of Dr.
11 Neumark's report does not constitute a "new material fact" warranting reconsideration. Google and
12 Dr. Johnson were free to conduct any analysis, using any model, at any time but, rather than submit
13 any affirmative report, Google chose instead to await Dr. Neumark's merits report in July and then
14 merely criticize it in rebuttal.[1]

15    Google also argues that scores for two of six dimensions of Googleyness ██████
16 ██████████████████) do not show a statistically significant disparity. Google's Mot.
17 at 6; Ong Decl. ¶ 13 (Dkt. #250) (listing six dimensions of Googleyness). But the lack of statistical
18 significance on these two dimensions does not undermine Plaintiffs' argument that one prong of
19 Google's discriminatory scheme is to require interviewers to consider and evaluate "Googleyness,"
20 as Google offers no evidence about overall Googleyness scores, and Dr. Neumark found that older
21 applicants ████████████████, even after ████████████████████. Moreover, as Dr.
22 Neumark noted in his July report, Google's gHire data contained only ████ Googleyness ratings for
23 "████████████████ and less than ████ Googleyness ratings for "████████████." Neumark
24 July Rpt. Tbl. 1 (Dkt. #355-4). Over ████ of the applicants who were invited to interview on-site at
25 Google had missing Googleyness scores in the gHire data. *Id.*; Hr'g Tr. 11:12-17 (July 12, 2018)
26

---

27  [1] Indeed, if Google was confident that the statistics would support the notion that Google does not
28  discriminate against older applicants in hiring, it would have performed its own affirmative analysis
    of the data. But Google chose not to do so, and its silence speaks volumes.

1  (Dkt. #304) (only 30% of interviewers evaluated Plaintiffs on Googleyness). Given the limited
2  sample size and high volume of missing data for this dimension, Dr. Neumark did not incorporate
3  the two Googleyness dimensions into his analysis. Neumark July Rpt. ¶ 16 (Dkt. #355-4). Instead,
4  Dr. Neumark incorporated the five most-populated dimensions in his July analysis, and found that
5  ███████████████████████████████████████████████████████████████
6  ████████████████████████████████." *Id.* ¶ 16, Tbl. 1 (emphasis in original). Plaintiffs cannot be
7  faulted for limitations with Google's own applicant data.

8        Moreover, Dr. Neumark's finding is consistent with Plaintiffs' theory (and the evidence) that
9  multiple aspects of Google's hiring process operate in concert to harm older applicants.  *See* Pls.'
10 Decert. Opp'n at 3 (Dkt. #258). As the Court noted in denying decertification, "Plaintiffs premise
11 their disparate treatment theory on Google's overarching 'umbrella' hiring policy that encompasses
12 at least five different components that combine to intentionally discriminate against older workers."
13 Order at 19 (Aug 1, 2018) (Dkt. #337). Accordingly, the fact that the data Google provided was
14 inadequate to perform certain analyses is immaterial to the Court's certification decision, and does
15 not constitute a "new material fact." And the Court has already considered and rejected the argument
16 that certification was inappropriate because not every Plaintiff received a negative Googleyness
17 score. *See id.* at 18-19 (discussing competing evidence on Googleyness and fact that "Fillekes herself
18 ██████████████████████████████").

      **C.**    **The Court Properly Considered All Material Facts and Dispositive Legal Arguments At Issue in Denying Google's Motion to Decertify Collective Action.**

20       Google cannot satisfy the requirements of Local Rule 7-9(b)-(c), as each purportedly "new"
21 material fact or dispositive legal argument raised by Google in its motion has already been explicitly
22 considered and rejected by the Court. *See* Google's Mot. at 7-10. Local Rule 7-9 prohibits a party
23 seeking leave to file a motion for reconsideration from repeating "any oral or written argument made
24 by the applying party in support of … the interlocutory order which the party now seeks to have
25 reconsidered." L.R. 7-9(c) (noting further that "Any party who violates this restriction shall be
26 subject to appropriate sanctions.").

27       In denying Google's motion for decertification, the court considered Plaintiffs' "substantial
28 evidence" supporting the fact that Plaintiffs had been subject to the same discriminatory hiring

practice by Google. *See* Order at 18 (Aug. 1, 2018) (Dkt. #337) (citing Compilation Exhibits C, D, E, F). In its order, the Court specifically noted that Plaintiffs are not proceeding on five separate theories of age discrimination, but rather an overarching hiring policy encompassing "at least five different components," and thus, "even if the record shows that some Plaintiffs were ensnared by different filters than others, there is substantial evidence that Plaintiffs' experiences were similar because they were all subject to the same allegedly discriminatory scheme." *Id.* at 19. While Google argues that Plaintiffs' evidence was lacking and that each Plaintiff was subject to varying aspects of this discriminatory practice, Google's Mot. at 7-8, these arguments have already been properly considered by the Court. *See id.* at 18-19 (analyzing argument "that Plaintiffs disavow experiencing at least one or more of Plaintiffs' five allegedly discriminatory practices" and holding "Google's entire argument on the first *Leuthold* factor is flawed"). Because Google now requests that the Court reconsider the same facts and legal arguments already presented on decertification, its motion for leave should be denied. *Heredia*, 2018 U.S. Dist. LEXIS 40314, at *12-13 (denying motion for leave when legal arguments were "explicitly considered" in court's order); *Williams v. Gyrus ACMI, LP*, No. 14-cv-00805-BLF, 2017 U.S. Dist. LEXIS 2953, at *4 (N.D. Cal. Jan. 6, 2017) (issues raised in prior motion or at hearing "are … not grounds for granting leave to file a motion for reconsideration.")

Similarly, the issue of whether there is an overarching "umbrella" hiring policy at Google that discriminates against older applicants was discussed at length both during the July 12, 2018 hearing and in the Court's decertification order. Google's Mot. at 8-9. During the hearing, the Court cautioned Google that the issue of whether Plaintiffs' theory of age discrimination "had its genesis in intentional age discrimination or was otherwise intended to discriminate" was an issue more appropriate for summary judgment. Hr'g Tr. 21:18-22:6 (July 12, 2018) (Dkt. #304) ("Why isn't that a summary judgment issue? … Why are[] you mixing summary judgment here with decertification?"). Similarly, the Court noted in its order that "[w]hether these five factors allegedly embedded in Google's hiring process were actually discriminatory and whether Google utilized them as its 'standard operating procedure' are merits questions that are not before the Court at decertification." Order at 20 (Aug. 1, 2018) (Dkt. #337). While Google argues that Plaintiffs failed

to present any evidence of Google's discriminatory scheme, this is incorrect. The Court carefully considered Plaintiffs' "substantial evidence of a common hiring plan … affecting all of them" and found that this evidence was sufficient to satisfy the first *Leuthold* factor. *Id.* at 18-20 (citing Compilation Exhibits C, D, E, F). The Court also noted that proof of an actual policy was not required at the decertification stage. *Id.* at 20. Because Google seeks to simply revisit issues and facts already considered by the court, Google's motion for leave should be denied. *See Lenk v. Monolithic Power Sys.*, No. 16-cv-02625-BLF, 2018 U.S. Dist. LEXIS 28970, at *5 (N.D. Cal. Feb. 21, 2018) (holding repetition of prior arguments "does not warrant leave to file a motion for reconsideration, and actually violates the Local Rule's prohibition against repeating previous arguments").

Moreover, Google's argument that the Court committed a legal error in finding Plaintiffs to be similarly situated is unconvincing. Google's Mot. at 9-10; *see also Leuthold v. Destination Am.*, 224 F.R.D. 462, 466 (N.D. Cal. 2004) ("Determining whether a collective action is appropriate is within the discretion of the district court."). In its analysis, the Court utilized the "commonly adopted *Leuthold* factors" which required Plaintiffs to "put forth substantial evidence" to show that they were similarly situated. *See* Order at 5, 12 (Aug. 1, 2018) (Dkt. #337); *id.* at 20 ("The Court's inquiry at decertification is limited to whether Plaintiffs have shown they are similarly situated"). Plaintiffs met this burden through the presentation of overwhelming statistical, documentary, and anecdotal evidence. *See id.* at 6-9, 18 (discussing evidence). The Court's finding that Plaintiffs were similarly situated was not predicated on first finding a pattern-or-practice of discrimination as Google argues, but was based solely on the strength of Plaintiffs' evidence. *See id.* at 18 (discussing Plaintiffs' "substantial evidence"); *id.* at 21 (holding "Plaintiffs' common statistical evidence supports a finding that they are similarly situated"); *id.* at 29 ("Plaintiffs have carried their burden to present substantial evidence demonstrating that the collective action members are similarly situated."). Because this legal issue was properly considered and decided by the Court, and there was no "manifest failure" by the Court to consider the issue, the requested leave must be denied. *See Utterkar v. Ebix, Inc.*, No. 14-CV-022050-LHK, 2015 U.S. Dist. LEXIS 152839, at *12 (N.D. Cal. Nov. 11, 2015) (denying reconsideration under L.R. 7-9(b)(3) when party "ha[d] not shown that the Court disregarded a dispositive legal argument").

Further, the Court's consideration of Plaintiffs' statistical evidence at the decertification stage was not improper as Google suggests, as statistical evidence demonstrating that older applicants, such as Plaintiffs, were hired by Google at ▮▮▮▮▮▮▮▮▮▮ is relevant to a showing that Plaintiffs are similarly situated. Order at 21 (Aug. 1, 2018) (Dkt. #337) ("the Court finds that the statistics support Plaintiffs' assertion that they were similarly subject to Google's overarching hiring practices that favored younger workers"). The fact that Google "simply disagrees with the Court's interpretation of the evidence …, but does not point to any failure to consider facts or legal argument that were previously presented" is insufficient to justify the requested leave. *Ulin v. Lovell's Antique*, No. C-09-03160 EDL, 2011 U.S. Dist. LEXIS 64928, at *9, 14 (N.D. Cal. June 15, 2011) (denying leave when "Plaintiff does not point to any facts that were not considered or show that any dispositive legal argument was ignored").

Finally, Google's contends that the Court "failed to consider" the "'dispositive legal arguments which were presented to the Court'" regarding the presentation of evidence in Phase I related to the validity of Google's technical interview questions. Google's Mot. 7, 10. But the Court expressly considered the argument, and found that this defense will not require individualized proof during Phase I. Order at 24, 25 (Aug. 1, 2018) (Dkt. #337).

Google represents that the Court's order "disallows proof of Google's hiring process and criteria at Phase One." Google's Mot. at 10. But this is a mischaracterization of the Court's holding. Order at 26 (Aug. 1, 2018) (Dkt. #337) (precluding Google from offering "individualized defenses that are only applicable at phase two [and that] would improperly deprive Plaintiffs of the opportunity to prevail at phase one in order to trigger the presumption of discrimination at phase two.") (citing *Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1107 (10th Cir. 2001)). During Phase I, Google may still present common defenses that are "relevant to the liability inquiry." *Id.* at 25, 26. Moreover, to the extent that Google disagrees with the Court's holding or its interpretation of facts, this is insufficient to warrant leave for reconsideration. *Ulin*, 2011 U.S. Dist. LEXIS 64928, at *14.

### III.   CONCLUSION

For the foregoing reasons, Google's motion for leave to seek reconsideration should be denied.

Dated: September 11, 2018

Respectfully submitted,

By: /s/Daniel Kotchen
Daniel Kotchen (*pro hac vice*)
Daniel Low, SBN 218387
Michael von Klemperer (*pro hac vice*)
**KOTCHEN & LOW LLP**
1745 Kalorama Road NW, Suite 101
Washington, DC 20009
Telephone: (202) 471-1995
Email: dkotchen@kotchen.com;
dlow@kotchen.com;
mvk@kotchen.com

Michael F. Brown (*pro hac vice*)
**DVG LAW PARTNER LLC**
P.O. Box 645
Neenah, WI 54957
920-238-6781
920-273-6177 (fax)
mbrown@dvglawpartner.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record by electronic service through the Clerk of the Court's CM/ECF filing system September 11, 2018.

Dated: September 11, 2018         /s/Daniel Kotchen
                                   Daniel Kotchen