Daniel L. Low (SBN: 218387)
dlow@kotchen.com
Daniel Kotchen (*pro hac vice*)
dkotchen@kotchen.com
Michael von Klemperer (*pro hac vice*)
mvk@kotchen.com
Lindsey Grunert (*pro hac vice*)
lgrunert@kotchen.com
Amy Roller (*pro hac vice*)
aroller@kotchen.com
KOTCHEN & LOW LLP
1745 Kalorama Road NW, Suite 101
Washington, DC 20009
Telephone:    202.471.1995
Facsimile:    202.280.1128

Michael F. Brown (*pro hac vice*)
DVG LAW PARTNER LLC
P.O. Box 645
Neenah, WI 54957
920-238-6781
920-273-6177 (fax)
mbrown@dvglawpartner.com

Attorneys for Plaintiff
CHERYL FILLEKES &
OPT-IN PLAINTIFFS

**UNITED STATES DISTRICT COURT**

**THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT HEATH, on behalf of himself<br><br>and<br><br>CHERYL FILLEKES, on behalf of herself and others similarly situated,<br><br>          Plaintiffs,<br><br>   v.<br><br>GOOGLE LLC, a Delaware limited liability company,<br><br>          Defendant. | Case No. 15-cv-01824-BLF<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT GOOGLE LLC'S MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Complaint Filed:   April 22, 2015<br>Trial Date:           April 1, 2019 |

Case No. 15-cv-01824-BLF
PLS.' OPP'N TO GOOGLE'S MOT. FOR CLARIFICATION OR, IN THE ALTERNATIVE, MOT. FOR LEAVE TO FILE MOT. FOR RECONSIDERATION

Defendant Google LLC's Motion for Clarification or, in the Alternative, Motion for Leave to File Motion for Reconsideration (Dkt. #357) should be denied because it serves as a back-door attempt to relitigate discovery issues already decided by this Court in the hopes of broadly expanding the scope of discovery with mere weeks left before the September 21 discovery cutoff date. This case was conditionally certified as a collective action on October 5, 2016, and 263 Opt-Ins joined the case as party plaintiffs. Order (Oct. 5, 2016) (Dkt. #119). The parties negotiated the scope of Opt-In discovery for several months in 2017, and following the submission of a Joint Letter Brief (Dkt. #174) and lengthy hearing before Magistrate Judge Lloyd, Judge Lloyd ordered that Google could take limited written discovery from 75 randomly-selected Opt-Ins and could depose 35 Opt-Ins by video. Order (July 27, 2017) (Dkt. #185). Google raised its *first* challenge to Judge Lloyd's Order on August 10, 2017. *See* Google's Mot. for Relief at 3-4, 5 (Dkt. #195) (requesting discovery from all Opt-Ins and "an order increasing the number of Opt-Ins who are required to respond to the written discovery"). The Court considered Google's request for relief from Judge Lloyd's Order and found that limited, representative discovery was appropriate. *See* Order at 4 (Aug. 14, 2017) (Dkt #199) (holding "Judge Lloyd's decision to subject a random sample of 75 Opt-Ins to Google's written discovery fell well within his discretion and was not clearly erroneous or contrary to law" and denying requested relief). As such, Google's attempt to challenge this Order *for a second time* under the guise of needed "clarification" should be denied. In the alternative, Google's motion for leave to file a Motion for Reconsideration of Judge Lloyd's July 27, 2017 Order should also be denied, as Google has failed to satisfy the requirements of Local Rule 7-9 in seeking leave.

**A.  Google's Motion For Clarification or Leave For Reconsideration of the Court's August 21, 2017 Order Should Be Denied.**

As a preliminary matter, Google's motion seeks clarification or leave for reconsideration of the Court's August 21, 2017 Order (Dkt. #207) which addressed just one ground for relief sought in Google's Motion for Relief (Dkt. #195). This Order did not pertain to the scope of Opt-In discovery, and did not address whether Google should be permitted to take written discovery from all Opt-Ins post-certification. Rather, the Court's August 21, 2017 Order was limited to the issue of whether the language of an interrogatory drafted by Judge Lloyd should be modified. *See* Order at 2 (Aug. 21,

2017) (Dkt. #207) (noting "the question before this Court is whether Judge Lloyd's order substituting the word 'support' for Google's word 'relate' [in Interrogatory No. 1] was clearly erroneous or contrary to law"). After carefully considering this issue, the Court denied Google's request to revise the interrogatory, and declined to substitute its judgment for that of Judge Lloyd. *Id.* at 3. Because the August 21, 2017 Order is unrelated the subject matter of the present motion, the Court should decline Google's request for clarification and/or leave for reconsideration with respect to this Order.

**B.     Google's Motion For Clarification Regarding of Judge Lloyd's July 27, 2017 Order Is Procedurally Improper, Untimely, and Without Merit.**

Google makes no attempt in its Motion for Clarification to satisfy the requirements of Fed. R. Civ. P. 60(a), Fed. R. Civ. P. 72, or L.R. 72-2 in seeking an order clarifying the scope of Judge Lloyd's July 27, 2017 Order (Dkt. #185). Under Rule 60, "[t]he Court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Here, Google makes no attempt to demonstrate that Judge Lloyd's Order contained a mistake or an oversight, and instead makes substantive arguments regarding the scope of the Order which warrants the denial of its motion. *See* Google's Mot. 1-3. Further, while Rule 72 allows a party to challenge a Magistrate Judge's non-dispositive order, the party must file its objections to the order "within 14 days after being served with a copy" and "may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a). Because Google now seeks to challenge Judge Lloyd's order *for a second time* almost fourteen months after its issuance, Google's motion is untimely, and should also be denied for this reason. Similarly, Local Rule 72-2 permits a party to seek relief from a non-dispositive order, but requires a party to tailor the request "as a 'Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge'" and to "specifically identify the portion of the Magistrate Judge's order to which objection is made and the reasons and authority therefor." Here, Google is not challenging a specific portion of Judge Lloyd's Order, but rather, is asking the Court to clarify whether the order applies to all Opt-In discovery. As such, Google's motion does not satisfy the requirements of Local Rule 72-2 and should be denied.

Putting these procedural defects aside, Google's claim that Judge Lloyd's July 27, 2017 Order was limited to pre-certification discovery is without merit. Google's Mot. at 1-3. During the hour-long July 26, 2017 hearing before Judge Lloyd, the parties discussed the scope of Opt-In discovery

at length. *See* Minute Entry (July 26, 2017) (Dkt. #181); Order at 2 (July 27, 2017) (Dkt. #185) (noting Judge Lloyd "carefully considered the respective arguments of each side in the DDJR #5, and conducted a lengthy hearing on July 26 with brisk give and take from all participants"). Google acknowledged during the hearing that the scope of discovery at issue was not limited to pre-certification discovery, as it specifically argued for expansive discovery (including damages and mitigation-related discovery) not only to support its forthcoming decertification motion, but also to prepare for trial. *See* Hr'g Tr. 6:21-22 (July 26, 2017) (Dkt. #192) ("the evidence goes both to merits, and … decertification"); *id.* 7:12-18 (requesting damages and mitigation-related discovery of all Opt-Ins and noting "at some point there's going to be a question about how any damages phase would be tried"); *id.* 20:22-24 ("You know, the case is not bifurcated, so to the extent we are going to be able to take any damages discovery, we believe now is the time it needs to be done."). Google further argued that discovery relating to Plaintiffs' damages and mitigation efforts was required, as Google would "be at a real disadvantage trying to cross examine anyone at trial [without these documents.]" *Id.* 38:2-5. Judge Lloyd considered this argument, and agreed that some damages-related discovery was warranted, but only from a sampling of Opt-Ins. *Id.* 38:6-8 ("Well, it depends what you're trying to cross-examine them about. If it's about [Plaintiffs'] estimated damages, I can see your point."); Order at 2-3 (July 27, 2017) (Dkt. #185) (allowing interrogatories and document request relating to damages and mitigation of damages from 75 Opt-Ins).

Unlike the Court in *Wellens v. Daiichi Sankyo Inc.*, No. C 13-00581 WHO (DMR), 2014 U.S. Dist. LEXIS 177877 (N.D. Cal. Dec. 29, 2014), Judge Lloyd's Order contained no express language limiting Opt-In discovery to pre-certification discovery. *See generally* Order (July 27, 2017) (Dkt. #185). Moreover, both Judge Lloyd and the parties acknowledged during July 26, 2017 hearing that the case had not been bifurcated into liability and damages phases, and as such, Google's interpretation of Judge Lloyd's Order as restricting Opt-In discovery to a particular phase of the case is unsupported. *See* Hr'g Tr. 35:1-4 (July 26, 2017) (Dkt. #192) (Judge Lloyd: "[O]n bifurcation, the Plaintiff may intend to move on that and ultimately may get an order on it, but I cannot at this point assume that's going to happen, can I?").

Further, Judge Lloyd's decision to issue a ruling covering all Opt-In discovery comports with the guidance provided by Judge Freeman during the parties' June 6, 2017 hearing on the same subject matter. *See* Hr'g Tr. 7:11-8:4 (June 6, 2017) (Dkt. #173) (discussing discovery "[i]n terms of the liability phase"). And Google's claim that the Court viewed "***some*** amount of discovery per-plaintiff to be appropriate" is unsupported by the record. Google's Mot. at 1-2 (emphasis in original). While the Court initially considered whether to permit limited discovery of all Opt-Ins, it ultimately ruled that a sampling approach to discovery was more appropriate. *See* Order at 3, 4 (Aug. 14, 2017) (Dkt. #199) ("this Court already made clear to the parties at the Case Management Conference on June 6, 2017 that it agrees with the *Wellens* approach regarding the scope of Opt-In discovery in a collective action … [and] Judge Lloyd's order reflected the guidance articulated by this Court … regarding its application of a *Wellens* approach to this case").[1] Google's eleventh-hour attempt to now vastly change the scope of discovery, and to seek discovery from all Opt-Ins in contravention of Judge Lloyd's Order should be denied.

### C. Google's Motion for Leave for Reconsideration of Judge Lloyd's July 27, 2017 Order Fails to Satisfy the Requirements of Local Rule 7-9.

Google's Motion for Leave for Reconsideration of Judge Lloyd's July 27, 2017 Order should similarly be denied. First, Google's motion for leave is untimely. *See* L.R. 7-9 (b) (requiring party seeking leave to "specifically show reasonable diligence in bringing the motion"). While Google argues that the Court's August 1, 2018 Order denying its motion for decertification warrants additional discovery, Google waited forty days from the Court's Order and less than two weeks prior to the close of discovery to file its motion. *See* Order (Aug. 1, 2018) (Dkt. #337); Order at 2 (Feb. 20, 2018) (Dkt. #246). Because Google was not diligent in bringing its motion, the motion is untimely and should be denied. *See York v. Bank of Am.*, No. 14-cv-02471-RS, 2016 U.S. Dist. LEXIS 166888, at *3-4 (N.D. Cal. Dec. 2, 2016) (holding that a 35-day delay failed to show "reasonable diligence"); *Largan Precision Co. v. Genius Elec. Optical Co.*, No. 13-cv-02502-JD, 2015 U.S. Dist. LEXIS

---

[1] Google's representations that Plaintiffs' counsel's statements regarding discovery have somehow prejudiced Google are without merit. Google's Mot. at 3 n.2. On the contrary, Google has had ample opportunity to seek damages and mitigation-related discovery from the Opt-Ins through the discovery process. Moreover, as Plaintiffs have acknowledged, additional discovery relating to the Opt-Ins' damages and mitigation of damages may be necessary in Phase II. *See* Joint Letter Br. at 5 n.2 (Dkt. #346).

58911, at *4 (N.D. Cal. May 4, 2015) ("waiting more than four weeks to file a motion for reconsideration" did not constitute "'reasonable diligence in bringing the motion'"); *Devries v. Experian Info. Sols., Inc.*, No. 16-cv-02953-WHO, 2017 U.S. Dist. LEXIS 84255, at *5 (N.D. Cal. June 1, 2017) (holding 47-day delay unreasonable given certain "deadlines were fast approaching").

Second, Google makes no attempt to satisfy one of the three requirements of Local Rule 7(b) in seeking leave for reconsideration. L.R. 7.3(b)(1)-(3) (requiring: (1) "a material difference in fact or law" unknown "at the time of the interlocutory order;" (2) "[t]he emergency of new material facts or a change of law occurring after the time of [the] order;" or (3) "[a] manifest failure by the Court to consider material facts or dispositive legal arguments … presented to the Court before such interlocutory order"). Google's argument that additional discovery is warranted in light of Plaintiffs' supplemental Rule 26 disclosures is not the proper grounds for a motion for reconsideration. Google's Mot. at 4-5. While Google argues that it has not had the opportunity to depose certain Opt-Ins regarding their damages claims, Google already has substantial information regarding the Opt-Ins' salaries in its possession. Prior to each on-site interview, Google requires an applicant to disclose his or her currently salary information, and also seeks salary and benefits information through email communications with the applicants. *See, e.g.* Fillekes 0009841-43 at 42 (requesting salary for "Current or Most Recent" employer and two prior employers) (Ex. 1). Moreover, this issue has already been briefed by the parties, and is the subject of a Joint Letter Brief (Dkt. #346) pending before the Court that is set for a hearing on September 28, 2018 with Magistrate Judge Virginia K. DeMarchi. *See* Clerk's Notice (Dkt. #356). And Google's requested relief – reopening discovery and taking damages and mitigation-related discovery of *all* Opt-Ins is unworkable given the juncture of the case. Discovery is set to close in less than two weeks (on September 21) and requiring close to two-hundred Opt-Ins to now respond to written discovery and/or sit for a deposition less than seven months before trial is impractical. Order at 2 (Feb. 20, 2018) (Dkt. #246). As the Court noted in its February 20, 2018 Scheduling Order, it "will not consider any further modifications to th[e] case schedule absent unforeseen emergency circumstances." *Id.* The Court's denial of decertification does not meet this stringent standard.

Dated: September 13, 2018

Respectfully submitted,

By: /s/Daniel Kotchen
Daniel Kotchen (*pro hac vice*)
Daniel Low, SBN 218387
Michael von Klemperer (*pro hac vice*)
Lindsey Grunert (*pro hac vice*)
Amy Roller (*pro hac vice*)
**KOTCHEN & LOW LLP**
1745 Kalorama Road NW, Suite 101
Washington, DC 20009
Telephone: (202) 471-1995
Email: dkotchen@kotchen.com;
dlow@kotchen.com;
mvk@kotchen.com;
lgrunert@kotchen.com;
aroller@kotchen.com

Michael F. Brown (*pro hac vice*)
**DVG LAW PARTNER LLC**
P.O. Box 645
Neenah, WI 54957
920-238-6781
920-273-6177 (fax)
mbrown@dvglawpartner.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record by electronic service through the Clerk of the Court's CM/ECF filing system September 13, 2018.

Dated: September 13, 2018                             /s/Daniel Kotchen
                                                      Daniel Kotchen