Thomas M. McInerney, CA Bar No. 162055
tmm@ogletree.com
Brian D. Berry, CA Bar No. 229893
brian.berry@ogletree.com
Lisa M. Bowman, CA Bar No. 253843
lisa.bowman@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA 94105
Telephone: 415.442.4810
Facsimile: 415.442.4870

A. Craig Cleland, pro hac vice
craig.cleland@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
191 Peachtree St., NE., Suite 4800
Atlanta, GA 30303
Telephone: 404.881.1300
Facsimile: 404.870.1732

Elizabeth A. Falcone, CA Bar No. 219084
elizabeth.falcone@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500
Portland, OR 97201
Telephone: 503.552.2166
FACSIMILE: 503.224.4518

Attorneys for Defendant GOOGLE LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

ROBERT HEATH, on behalf of himself,

and

CHERYL FILLEKES, on behalf of himself, and others similarly situated,

Plaintiffs,

v.

GOOGLE LLC, a Delaware limited liability company,

Defendant.

Case No. 5:15-cv-01824-BLF

**DECLARATION OF BRIAN ONG IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF PLAINTIFF'S RESPONSE IN OPPOSITION TO GOOGLE LLC'S MOTION FOR LEAVE FOR RECONSIDERATION OF ORDER DENYING MOTION FOR DECERTIFICAITON**

Complaint Filed: April 22, 2015
Trial Date: April 1, 2019

5. I believe Google will suffer competitive harm if this confidential information is made public. Based on my work experience at Google, I know there is competition in Silicon Valley, and throughout the world, for top software engineering talent and other technical talent. I also know that Google has devoted, and continues to devote, an extraordinary amount of time, money, and human resources toward developing internal processes and programs for identifying, interviewing, and evaluating employment candidates for software engineering positions and other types of technical positions at Google.

6. The reports, especially when considered collectively, contain competitively sensitive information related to the manner and means by which Google recruits and evaluates candidates. Based on my work experience at Google, I believe that Google may suffer competitive injury if other employers of top software engineering talent or other top technical talent were to gain access to the materials, especially if other employers were to gain access to these materials collectively. Other employers could use these materials to discern Google's strategies, techniques and business processes for evaluating candidates, and thereby gain a competitive advantage when courting candidates for the same or similar positions and in hiring generally. Similarly, applicants for engineering and technical positions could use these materials, which contain confidential information about the kinds of technical questions and interviews that Google interviewers conduct, to give them an artificial advantage in interviews. This would diminish the value of these interview techniques to Google, and, as I mentioned above, Google has devoted and continues to devote substantial time, money and resources to developing its interview techniques and processes.

7. Under 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. I executed this declaration on September 14, 2018 in Mountain View, California.



Brian Ong

35610786.1