1  Thomas M. McInerney, CA Bar No. 162055
   tmm@ogletree.com
2  Brian D. Berry, CA Bar No. 229893
   brian.berry@ogletree.com
3  Lisa M. Bowman, CA Bar No. 253843
   lisa.bowman@ogletree.com
4  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   Steuart Tower, Suite 1300
5  One Market Plaza
   San Francisco, CA  94105
6  Telephone:    415.442.4810
   Facsimile:    415.442.4870
7
   A. Craig Cleland, pro hac vice
8  craig.cleland@ogletree.com
   OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
9  191 Peachtree St., NE., Suite 4800
   Atlanta, GA 30303
10 Telephone:    404.881.1300
   Facsimile:    404.870.1732
11
   Elizabeth A. Falcone, CA Bar No. 219084
12 elizabeth.falcone@ogletree.com
   OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
13 The KOIN Center
   222 SW Columbia Street, Suite 1500
14 Portland, OR  97201
   Telephone:    503.552.2166
15 FACSIMILE: 503.224.4518

16 Attorneys for Defendant GOOGLE LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT HEATH, on behalf of himself, and CHERYL FILLEKES, on behalf of himself, and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, a Delaware limited liability company, <br><br> Defendant. | Case No. 5:15-cv-01824-BLF <br><br> **DECLARATION OF BRIAN ONG IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF PLAINTIFF'S RESPONSE IN OPPOSITION TO GOOGLE LLC'S MOTION FOR LEAVE FOR RECONSIDERATION OF ORDER DENYING MOTION FOR DECERTIFICAITON** <br><br> Complaint Filed:  April 22, 2015 <br> Trial Date:         April 1, 2019 |

I, Brian Ong, declare as follows:

1. I have been a Google LLC employee since October 2008. In October 2012, I became the Director of Google People Services Effectiveness. In January 2017, my title changed to Director of Strategy and Effectiveness for People Operations. In April 2018, my title changed to Director of Google People Services StratOps.

2. Since October 2012, my primary responsibilities have included improving the efficiency, quality, and experience of Google's hiring processes. I lead teams that focus on strategy, planning and analysis, hiring innovation, online marketing, and the review of offers for employment. I also manage the gHire technology roadmap, prioritizing where the engineering team should make improvements to the internal applicant tracking system, gHire.

3. I am familiar with the expert reports referenced in Plaintiff's Response in Opposition to Defendant Google LLC's Motion for Leave for Reconsideration of Order Denying Motion for Decertification ("Opposition") that are referenced below. I have reviewed the Opposition, which cites to the March 5, 2018, and July 19, 2018 expert reports of David Neumark ("Neumark Reports"). The Neumark Reports discuss sensitive, confidential data from gHire. The Neumark Reports also contain detailed data and analyses related to Google's selection, recruiting, and evaluations of candidates, including analyses of the confidential interview scores and ratings for candidates, and confidential information that candidates provided to Google regarding their education and work histories.

4. Google does not publicly disclose the information referenced in the reports, including its interview scores, rubric ratings, its interview questions, or the other sources of data reflected in Plaintiff's expert report. It also does not disclose the details of how it evaluates candidates, the data stored in gHire, the notes and evaluations of interviewers and Hiring Committee members, or the internal references and internal referrals for candidates_ information that is also referenced in the reports. Even within Google, access to gHire data on a candidate is limited.

1                                    Case No. 15-cv-01824-BLF
DECLARATION OF BRIAN ONG IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO SEAL

5. I believe Google will suffer competitive harm if this confidential information is made public. Based on my work experience at Google, I know there is competition in Silicon Valley, and throughout the world, for top software engineering talent and other technical talent. I also know that Google has devoted, and continues to devote, an extraordinary amount of time, money, and human resources toward developing internal processes and programs for identifying, interviewing, and evaluating employment candidates for software engineering positions and other types of technical positions at Google.

6. The reports, especially when considered collectively, contain competitively sensitive information related to the manner and means by which Google recruits and evaluates candidates. Based on my work experience at Google, I believe that Google may suffer competitive injury if other employers of top software engineering talent or other top technical talent were to gain access to the materials, especially if other employers were to gain access to these materials collectively. Other employers could use these materials to discern Google's strategies, techniques and business processes for evaluating candidates, and thereby gain a competitive advantage when courting candidates for the same or similar positions and in hiring generally. Similarly, applicants for engineering and technical positions could use these materials, which contain confidential information about the kinds of technical questions and interviews that Google interviewers conduct, to give them an artificial advantage in interviews. This would diminish the value of these interview techniques to Google, and, as I mentioned above, Google has devoted and continues to devote substantial time, money and resources to developing its interview techniques and processes.

7. Under 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. I executed this declaration on September 14, 2018 in Mountain View, California.



Brian O

35610786.1