UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT HEATH, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 15-cv-01824-BLF (VKD)<br><br>**ORDER RE JOINT DISCOVERY LETTER RE PLAINTIFFS' SUPPLEMENTAL RULE 26 DISCLOSURES**<br><br>Re: Dkt. No. 346 |

Defendant Google LLC challenges the sufficiency of plaintiffs' supplemental disclosures under Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure and moves to compel further disclosures. The parties submitted a joint discovery letter on September 6, 2018 and the Court conducted a hearing on the matter on September 18, 2018.

Having considered the submissions of the parties and the arguments of counsel at the hearing, the Court denies the relief Google seeks without prejudice.

I. **BACKGROUND**

This is an action for alleged violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. Dkt. No. 218. Plaintiffs claim that they were well-qualified for various positions at Google, but were not hired because of their age. They allege that Google has a practice of giving preferential treatment to workers under 40 years old, and hires them in significantly greater numbers than older workers. *Id.*

Judge Freeman conditionally certified the action as a collective action on October 5, 2016. Dkt. No. 118. Thereafter, 265 people opted in to the case as plaintiffs, and at least 232 opt-in plaintiffs remain in the case. Dkt. No. 346 at 4, fn. 1. On August 1, 2018, Judge Freeman denied

Google's motion for decertification. Dkt. No. 317.

On August 21, 2018, plaintiffs supplemented their Rule 26(a)(1)(A) disclosures. The supplemented disclosures included the following disclosure about the opt-in plaintiffs:

> All Opt-In Plaintiffs likely have discoverable information relating to potential work opportunities with Google, their applications and interviews for employment with Google, and harm from Google's discrimination.

Dkt. No. 346, Ex. 1 at 2; *see also id.* at 9 (representing that opt-in plaintiffs who have provided discovery also maintain documents on these subject matters). In addition, plaintiffs provided an attachment to their supplemental disclosures which they describe as follows:

> Salary information for Plaintiff Fillekes and 223 Opt-In Plaintiffs is attached hereto as Exhibit A. Google produced compensation data, including salary range, bonus target, and number of Google Stock Units for SWE, SRE, and SysEng employees during the class period based on the employee's job level and job location. *See* GOOG-HEATH-00100514. The data was combined with Google's gHire applicant data, allowing Plaintiffs to match Plaintiff Fillekes and the individual Opt-Ins to an appropriate salary range for the positions they interviewed for at Google, using information concerning the applicants' job code, job level, compensation region, and date of rejection. Plaintiffs then took the average salary for these positions and subtracted the individual's salary since the time of his or her on-site interview. Damages were calculated from the month following the individual's on-site interview (the approximate date of rejection) up until the time he or she obtained permanent employment at an equal of higher salary (if ever) or until the applicant's anticipated retirement date. Using this method, Plaintiffs calculate damages from lost salary of $90.9 million (or $345,466 per individual).

*Id.*, Ex. 1 at ECF pp. 18-19 (footnotes omitted) and Ex. A. Plaintiffs also supplemented their disclosures to include calculations of other categories of damages. *Id.* at ECF p. 19-20. With the exception of the lost salary damages reflected on Exhibit A to their supplemental disclosures, plaintiffs do not provide plaintiff-specific information regarding damages, but rather calculations based on averages and estimates for the collective class as a whole.

Google contends that the supplemental disclosures inappropriately lump all 265 plaintiffs together and provide only a generic statement that each will testify about "potential work opportunities with Google, their applications and interviews for employment with Google, and harm from Google's discrimination." Dkt. No. 346 at 3, Ex. 1, at ECF p.10. Google argues that

2

these disclosures are not sufficiently specific to enable the company to prepare for trial. Additionally, Google argues that plaintiffs' supplemental disclosures do not reveal the facts that form the bases for their damages calculations or show how the calculations were made, and therefore, Google cannot rebut or even test plaintiffs' damages claims.

Plaintiffs contend that Google's challenge to their supplemental disclosures is really an attempt to subvert a prior discovery order in which Judge Lloyd set limits on the discovery Google could obtain from the opt-in plaintiffs. In that earlier order, and following direction from Judge Freeman, Judge Lloyd permitted Google to serve four interrogatories and three document requests on up to 75 opt-in plaintiffs and to depose 35 opt-in plaintiffs (regardless of whether they had been served with written discovery) for up to three hours each. Dkt. No. 185. Judge Freeman subsequently denied Google's request for relief from that discovery order. Dkt. No. 207.

Plaintiffs say that they will not call at trial any opt-in plaintiff who has not provided some individual discovery to Google, but they reserve the right to call opt-in plaintiffs who have only provided written discovery and not deposition testimony. Plaintiffs insist that they have already provided detailed damages computations, although they maintain that their final computations depend on information that Google has not yet produced in discovery. Moreover, plaintiffs argue that they have already produced all salary information for the opt-in plaintiffs that they possess based on discovery from Google and privileged communications with the opt-in plaintiffs, including the information in Exhibit A to their supplemental disclosures. Plaintiffs contend that they should not be compelled to produce any additional damages-related discovery at this time, although further disclosure may be appropriate in advance of a trial on damages.

Pending before Judge Freeman is Google's recent motion for clarification and reconsideration of Judge Lloyd's discovery order, in which Google contends that the earlier limits on discovery should be lifted or modified now that the case has proceeded beyond the certification stage. Dkt. No. 357.

## II. DISCUSSION

The Court is sympathetic to Google's argument that if a particular opt-in plaintiff will testify at trial Google should be permitted to take that plaintiff's deposition or, at the very least,

obtain more detailed disclosures from such plaintiff. The Court also agrees with Google that, as a general matter, the approach to discovery in collective actions described in *Blair v. TransAm Trucking, Inc.*, No 09-2443-EFM-KGG, 2017 WL 5068885, at *5 (D. Kan., Nov. 3, 2017) strikes a reasonable balance between efficiency and the need for plaintiff-specific discovery of non-cumulative evidence.

Although Google says it is not asking this Court to order additional depositions of the opt-in plaintiffs, it is apparent from the arguments presented that the present discovery dispute arises from Google's concern about which plaintiffs will be called to testify at trial and whether Google has obtained sufficient discovery from them. Google maintains that it does not believe that representative discovery is appropriate in this case and that it is entitled to more detailed disclosures as to all of the plaintiffs. At the very least, Google says it needs better disclosures as to those plaintiffs who will testify at trial. Dkt. No. 346 at 3.

The relief Google seeks presently is foreclosed by prior orders of this Court and now depends partly, if not entirely, on whether Google is permitted to take discovery beyond the specific discovery permitted by Judge Lloyd. That issue will be addressed by Judge Freeman.

Google's thesis that the mandatory disclosures required by Rule 26 are not "discovery" and therefore are not subject to the existing, court-ordered limitations on discovery is not persuasive. Both Rule 26 disclosures and formal discovery requests are means by which parties exchange information pertinent to the claims and defenses in the case. As Judge Lloyd made clear, the purpose of the earlier discovery order was to "give Google limited discovery that will inform it on areas of legitimate interest, but not impose a[n] undue burden on the opt-ins or their attorneys to respond to discovery that may only be tangentially relevant." Dkt. No. 185 at 2. The careful balance the Court attempted to construct by limiting discovery would be upset if Rule 26 could be used to demand the disclosure of documents and information whose discovery the Court has already foreclosed by means of formal discovery.

With respect to damages, Google's challenge to plaintiffs' supplemental disclosures raises additional issues. First, plaintiffs concede that their damages calculations (as reflected in Exhibit A for the collective class) are not complete, as they depend in part on discovery plaintiffs say they

4

expect to receive later this week from Google. At least some further disclosure by plaintiffs will be necessary after they receive this additional information.

Second, plaintiffs' damages calculations for lost salary appear *not* to be based on representative proof, but on plaintiff-specific evidence, some of which is in a form that, plaintiffs say, cannot be disclosed to Google without compromising the protections afforded their privileged communications with plaintiffs' counsel. Plaintiffs' approach to damages is troubling as it appears that they seek the benefits of plaintiff-specific evidence to support their claims, while at the same time they argue for the Court to enforce the earlier discovery limitations that limit Google's ability to take plaintiff-specific discovery.

Finally, plaintiffs acknowledge that additional discovery may well be necessary with respect to a damages "phase" of this case, but they argue that ordering such discovery now is premature, even though they concede the Court has not bifurcated discovery between liability and damages. *See* Dkt. No. 346 at 5. Plaintiffs' hope and expectation that more damages discovery will be permitted is not based on any current guidance from Judge Freeman; instead, it seems to be based on a candid assessment of the current state of discovery on damages.

At this point, plaintiffs have not produced all of the evidence that supports the damages they describe in their supplemental Rule 26 disclosures. However, until Google's motion for clarification and reconsideration is resolved, it is difficult for the undersigned to determine whether Google may obtain relief by means of further discovery, or whether the appropriate remedy lies with the district judge who will decide the admissibility of evidence at trial.

### III. CONCLUSION

Accordingly, the Court denies without prejudice Google's motion to compel plaintiffs to provide more information in their supplemental disclosures under Rule 26(a)(1)(A). Google may renew its motion, if warranted, following resolution of Google's pending motion for clarification

and reconsideration (Dkt. No. 357).

**IT IS SO ORDERED.**

Dated: September 19, 2018

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge