UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT HEATH, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 15-cv-01824-BLF (VKD)<br><br>**ORDER RE JOINT DISCOVERY LETTER RE SECOND RULE 30(B)(6) DEPOSITION OF GOOGLE LLC**<br><br>Re: Dkt. No. 347 |

The parties dispute whether plaintiffs may take a second Rule 30(b)(6) deposition of defendant Google LLC. The parties submitted a joint discovery letter on September 6, 2018, and the Court conducted a hearing on the matter on September 18, 2018.

Having considered the submissions of the parties and the arguments of counsel at the hearing, the Court concludes that plaintiffs are not entitled to take deposition discovery of Google on the full scope of the topic noticed in plaintiffs' August 13, 2018 deposition notice. However, the Court will permit more limited deposition discovery, as described below.

**I. BACKGROUND**

This is an action for alleged violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. Dkt. No. 218. Plaintiffs claim that they were well-qualified for various positions at Google, but were not hired because of the their age. They allege that Google has a practice of giving preferential treatment to workers under 40 years old, and hires them in significantly greater numbers than older workers. *Id.*

Judge Freeman conditionally certified the action as a collective action on October 5, 2016. Dkt. No. 118. On August 1, 2018, Judge Freeman denied Google's motion for decertification.

Dkt. No. 317.

On November 14, 2017, plaintiffs noticed the deposition of Google pursuant to Rule 30(b)(6). The deposition notice included 10 topics concerning Google's recruiting, interviewing, evaluation, and hiring, including one topic that cross-referenced an appendix of specific data contained in Google's gHire and WorkDay data systems. Dkt. No. 347, Ex. 1. Google representatives Brian Ong and Jen Crowley testified on Google's behalf in response to this deposition notice in December 2017 and January 2018. Dkt. No. 347 at 1. Ms. Crowley and Mr. Ong each testified for less than a full day. Dkt. No. 372.

On August 13, 2018, plaintiffs served a second Rule 30(b)(6) deposition notice on Google seeking testimony on the following topic:

> Any analysis or assessment of the demographics of Google's applicants and/or workforce, including, but not limited to: (a) the race, national origin, sex, and age of the applicants and/or workforce; (b) the frequency and reason each analysis is performed; (c) the documents created reflecting each analysis; and (d) the individuals with whom each analysis is shared.

Dkt. No. 347, Ex. 2 at ECF p. 19. Google objects to plaintiffs' demand for a further deposition on two grounds. First, Google says plaintiffs' second deposition notice is improper because it may not take a second deposition of the same deponent without leave of Court. Second, Google says that the testimony plaintiffs seek is not relevant to any issue in the case, and the noticed topic is overbroad and unduly burdensome, especially because it was served near the close of fact discovery. Dkt. No. 347 at 2-4.

Plaintiffs respond that the requirement to seek leave to take a second deposition of a deponent does not apply to Rule 30(b)(6) corporate depositions. *Id.* at 4-5. In addition, plaintiffs point out that they have taken only one deposition of Google and will not exceed the ten-deposition limit if permitted to take another. Finally, plaintiffs contend that the deposition testimony they seek is relevant to their claim that Google deliberately discriminates against older applicants. They expect to learn that Google takes greater steps to promote diversity with respect to race, national origin, and gender than it does to promote diversity with respect to age, and that this disparity will support plaintiffs' claim that Google acted intentionally and willfully. With

respect to the timing of this second deposition notice, plaintiffs say that they are in the process of trying to obtain documents related to the noticed topic from Google and that Google only recently produced documents that bear on this topic but were not available earlier in the case. *Id.* at 5.

## II. DISCUSSION

The parties disagree about whether plaintiffs require leave of Court before proceeding with a second Rule 30(b)(6) deposition of Google. Google contends that Rule 30(a)(2) requires plaintiffs to first obtain the Court's permission for a second deposition. *See* Fed. R. Civ. P. 30(a)(2)(A)(ii). Plaintiffs insist that they are not required to do so for a deposition of a corporation under Rule 30(b)(6).

The Ninth Circuit has not decided whether a corporation is a "deponent" subject to the limitations of Rule 30(a)(2)(A)(ii), or whether those limitations apply only to individual deponents. The district courts have taken different views on whether leave is required. *Compare, e.g., Blackwell v. City and County of San Francisco*, Case No. C-07-4629 SBA, 2010 WL 2608330 (N.D. Cal., June 25, 2010) (second corporate deposition requires leave of court); *State Farm Mutual Automobile Ins. Co. v. New Horizont, Inc.*, 254 F.R.D. 227 (E.D. Pa. 2008) (same); *with, e.g., HVAC Technology LLC v. Southland Industries*, No. 15-cv-02934-PSG, 2016 U.S. Dist. LEXIS 73585 (N.D. Cal. Apr. 8, 2016) (second corporate deposition does not require leave of court, so long as topics do not overlap); *Quality Aero Technology, Inc. v. Telemetrie Elektronik GmbH*, 212 F.R.D. 313 (E.D.N.C. 2002) (same). A commentator for a major treatise has a more practical take on the question:

> [T]the one–deposition provision could be an obstacle to sensible handling of Rule 30(b)(6) organizational depositions. Although such a deposition is properly regarded as the deposition of an organizational party, rigid insistence on adhering to the one– deposition rule in such circumstances would not make sense.
>
> By definition, such depositions are limited to certain enumerated topics, rather than covering all matters within the scope of discovery under Rule 26(b)(1). Moreover, it may happen—as with an early Rule 30(b)(6) deposition to address a party's electronic information systems—that there is a strong reason to take such depositions early in the case, and in such circumstances it could readily be counterproductive for that early and narrow deposition to foreclose a later deposition addressed to the merits of the case. Finally, the prime objective of the one–deposition provision in Rule 30(a) is to

3

> guard against imposing burdens on an individual deponent. An organizational party subject to a Rule 30(b)(6) notice may designate whomever it chooses—or several different people—to testify. As a result, the likelihood of the sort of imposition the rule guards against is quite small. Indeed, because the selection of the designees may often depend on the topics listed in the notice, with a larger organization that likelihood may be almost nil. . . .
>
> A sensible method for applying the one–deposition provision to Rule 30(b)(6) depositions might focus initially on the listing of topics for examination in the deposition notice. If the second notice lists the same topic as the first notice, that would raise concerns about the one–deposition protection. Otherwise, it may make sense to consider the second 30(b)(6) deposition not to be the same deposition. Consistent with this view, it would also make sense to regard the second 30(b)(6) deposition as an additional deposition under the ten–deposition rule limit. Although the one–deposition provision in Rule 30(a) therefore may apply technically to a second Rule 30(b)(6) notice to an organizational party, it is likely that refusals to proceed on that ground will not be received with favor by courts if genuinely distinct topics are listed in the different notices.

8A RICHARD A. MARCUS, FEDERAL PRACTICE & PROCEDURE (WRIGHT & MILLER) § 2104 (3d ed., 2018 Supp.) (footnotes omitted).

Here, the Court need not decide whether leave is or is not required in advance, as the question presented by the parties' joint submission necessarily requires the Court to decide whether plaintiffs should be permitted to proceed with a second deposition of Google on the noticed topic, effectively deciding whether leave should be given.

As currently drafted, the topic on which plaintiffs seek deposition testimony of Google does not pass muster under Rule 26(b)(1). Fed. R. Civ. P. 26(b)(1) (discovery must be relevant to a party's claim or defense and proportional to the needs of the case); *see also* Fed. R. Civ. P. 26(b)(2)(C)(iii). The Court is not persuaded that evidence of Google's relatively greater attention to diversity with respect to other criteria, like race and gender, would be relevant to show that Google intentionally or willfully discriminated against applicants on the basis of their age. Nor is the Court persuaded that some recent production of documents by Google inspired this topic. At the hearing, plaintiffs' counsel could not identify any such recent production or explain why it supported plaintiffs' request for further deposition. Deposition discovery about Google's analysis or assessment of the demographics of its applicants or workforce with respect to protected class criteria other than age is neither relevant to any claim or defense in the case nor proportional to the

1 needs of the case.

2 The parties appear to agree that plaintiffs have not taken deposition testimony of Google with respect to Google's analyses, if any, of the age of applicants for the positions at issue in this action—i.e., Software Engineer, Site Reliability Engineer, and Systems Engineer—and the employees who hold those positions. Such evidence seems directly relevant to plaintiffs' claims in this case. Google says plaintiffs earlier attempted to question corporate representatives about this specific topic, but dropped this line of questioning. In any event, Google objected to such questioning as outside the scope of the first noticed deposition. Dkt. No. 347 at 3.

Google correctly points out that plaintiffs did not promptly seek deposition discovery of Google's analyses relating to age demographics of its applicants or workforce. However, the parties were afforded a lengthy period of discovery, and the Court did not require them to complete deposition discovery by a particular date. Plaintiffs served their second Rule 30(b)(6) deposition notice on Google on August 13, 2018, a little more than five weeks before the close of discovery. The timing of plaintiffs' second deposition notice alone does not justify foreclosing suitably limited deposition discovery of Google.

Given that plaintiffs have not yet taken deposition testimony of Google regarding Google's analyses, if any, of the age demographics of its applicants or workforce, the Court will permit plaintiffs to take limited deposition discovery on that specific topic, as set forth below.

## III. CONCLUSION

The Court concludes that plaintiffs are not entitled to depose Google on the full scope of the topic included in plaintiffs' August 13, 2018 Rule 30(b)(6) deposition notice. Plaintiffs may take the Rule 30(b)(6) deposition of Google on the following narrower topic:

> Analyses of the age demographics of Google's applicants and/or workforce, to the extent those analyses encompass:
>
> (i) applicants for the positons of Software Engineer, Site Reliability Engineer, or Systems Engineer; and/or
>
> (ii) employees in the positions of Software Engineer, Site Reliability Engineer, or Systems Engineer;
>
> including the reasons each analysis was performed, the documents reflecting each analysis, and the individuals with whom each analysis was shared. The topic is limited to analyses on or after

5

January 1, 2010.[1]

The deposition shall be limited to 3.5 hours on the record.

**IT IS SO ORDERED.**

Dated: September 19, 2018

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[1] The Court adopts this date restriction from an earlier order issued by Judge Lloyd. *See* Dkt. No. 130.