# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| ROBERT HEATH, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 15-cv-01824-BLF<br><br>**OMNIBUS ORDER GRANTING IN PART AND DENYING IN PART UNOPPOSED ADMINISTRATIVE MOTIONS TO SEAL WITHOUT PREJUDICE**<br><br>[Re: ECF 350, 353, 359] |

Before the Court are several unopposed administrative motions to file under seal portions of Defendant's summary judgment motion, Defendant's motion for leave to seek reconsideration, and Plaintiffs' opposition to Defendant's motion for leave to seek reconsideration, respectively. ECF 350, 353, 359. For the reasons stated below, the motions at ECF 353 and 359 are GRANTED, and the motion at ECF 350 is GRANTED IN PART AND DENIED IN PART without prejudice.

**I.  LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d

1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana,* 447 F.3d at 1179–80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the

2

submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

**II. DISCUSSION**

The Court has reviewed Defendant's and Plaintiffs' sealing motions and the declarations of the designating parties submitted in support. The Court finds that the parties have articulated compelling reasons to seal certain portions of the submitted documents. The Court's rulings on the sealing requests are set forth in the tables below.

**A. ECF 350**

| **ECF No.** | **Document to be Sealed:** | **Result** | **Reasoning** |
|---|---|---|---|
| 350-3 (352) | Portions of Google's Motion for Summary Judgment | GRANTED as to redacted portions. | References sealable material in below exhibits.<br><br>Because the redacted portions of the document may be sealed, no further action is required. |
| 350-5 (352-1) | Portions of Declaration of Brian D. Berry In Support of Google's Motion to for Summary Judgment ("Berry Decl.") | GRANTED as to redacted portions. | Page 6, line 3 contains highly confidential and sensitive information relating to Google's strategies and techniques for interviewing candidates, the release of which could harm Google. Mot. at 2; Ong. Decl. ¶¶ 4, 12–13, ECF 375; *see* ECF 105; ECF 198; ECF 253; ECF 298.<br><br>In the remainder, Google seeks to redact the names of certain opt-in plaintiffs, which Plaintiffs have designated confidential. Ong. Decl. ¶ 10. Though Plaintiffs did not file the required declaration in support of sealing, the Court finds compelling reasons to seal these names, as it has in prior orders. *See* ECF 256, 298, 323, 325, 333.<br><br>Because Google has filed a redacted version of this document on the docket, no further action is required. |

3

| | | | |
|---|---|---|---|
| 350-7 through 350-21 (352-3 and 352-4) | Berry Decl. Ex. 2 (Declaration of Brian Ong in Support of Google, LLC's Motion to Decertify Collective Action, signed on April 30, 2018 and Exhibits thereto) | GRANTED as to entire documents. | The Class Certification Ong Declaration contains detailed information about the stages in Google's hiring process, a description of how gHire is used to record and display information about candidates, information about the criteria Google uses to evaluate candidates for SWE, SRE, and SysEng positions, a description of certain revisions Google has made to its interview feedback system, a description of how Hiring Committees operate, and excerpts from gHire dossiers. Ong. Decl. ¶¶ 4–5. This document was previously filed under seal pursuant to Court order. ECF 253.<br><br>The exhibits to the Class Certification Ong Declaration also contain competitively sensitive information from Google's gHire system, access to which is limited to authorized Google employees. The Court finds that there are compelling reasons to seal the entire gHire dossiers because they contain competitively sensitive information, and disclosure of the dossiers could compromise the objectivity of interviewers' assessments. Ong. Decl. ¶¶ 4–5. These documents were previously filed under seal pursuant to Court order. ECF 253.<br><br>Because the entirety of the documents may be sealed, no further action is required. |
| 351 (352-5) | Berry Decl. Ex. 3 (Excerpts from deposition of Google's Rule 30(b)(6) witness) | GRANTED as to entire document. | The document contains detailed commercially sensitive information about the stages in Google's hiring process, descriptions of how gHire is used to record and display information about candidates, information about the criteria Google uses to evaluate candidates, and revisions to Google's interview feedback system. Ong. Decl. ¶ 6. Significant portions of this document were previously filed under seal pursuant to Court order. ECF 253.<br><br>Because the entirety of the document may be sealed, no further action is required. |

4

| | | | |
|---|---|---|---|
| 351-1 through 351-4 (352-6 though 352-9) | Berry Decl. Exs. 4–7 (expert reports and gHire dossiers and records) | GRANTED as to entire documents. | These exhibits contain sensitive records pertaining to candidates for positions at Google, and further reflect Google's competitively sensitive commercial information related to its strategies and techniques for interviewing and evaluating candidates for SWE, SRE, and SysEng positions. Ong. Decl. ¶¶ 7, 8. This Court has previously ordered that the same or substantially similar materials are sealable because they disclose confidential information about Google's hiring process. *See* ECF 105, 253, 298. In particular, the Court has consistently sealed Google's gHire records including gHire committee notes. ECF 105.<br><br>Because the entirety of the documents may be sealed, no further action is required. |
| 351-6 and 351-7 (352-11 and 352-12) | Berry Decl. Exs. 9-10 (gHire records including internal interviewer and Hiring Committee notes and evaluations related to candidates) | GRANTED as to entire documents. | These exhibits contain sensitive records pertaining to candidates for positions at Google, including gHire data, and further reflect Google's competitively sensitive commercial information related to its strategies and techniques for interviewing and evaluating candidates for SWE, SRE, and SysEng positions. Ong. Decl. ¶ 7. This Court has previously ordered that the same or substantially similar materials are sealable because they disclose confidential information about Google's hiring process. See ECF 105, 253, 298.<br><br>The documents also contain putative date of birth information that Plaintiffs have produced as confidential. The Court finds that compelling reasons exist to protect an individual's privacy interest and to prevent exposure to or harm or identity theft. This Court has previously sealed the same or similar information. *See* ECF 152; ECF 197, ECF 256.<br><br>Because the entirety of the documents may be sealed, no further action is required. |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 351-8 through 351-25 (352-13 through 352-43) | Berry Decl., Exs. 11–41 (excerpts and exhibits from the depositions of the Opt-In Plaintiffs) | GRANTED as to the names of opt-in plaintiffs. DENIED as to the remainder. | Google seeks to redact the names of certain opt-in plaintiffs, which Plaintiffs have designated confidential. Ong. Decl. ¶ 10. Though Plaintiffs did not file the required declaration in support of sealing, the Court finds compelling reasons to seal these names, as it has in prior orders. *See* ECF 256, 298, 323, 325, 333.<br><br>The remainder is denied because Plaintiffs, the designating party, have not filed a declaration in support of the sealing. Civ. L.R. 79-5(e).<br><br>Google is ORDERED to file versions of these documents in the public record with the names of the opt-in plaintiffs redacted no earlier than 4 days and no later than 10 days from the date of this order. |

**B. ECF 353**

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 353-3 (355) | Portions of Motion for Leave to file Motion for Reconsideration of Order Denying Motion for Decertification | GRANTED as to redacted portions. | References sealable material in below exhibits.<br><br>Because the redacted portions of the document may be sealed, no further action is required. |
| 353-4 through 353-7 (355-2 through 355-5) | Berry Decl. Exs. 1–4 (the Parties' expert reports) | GRANTED as to entire documents. | These exhibits contain sensitive records pertaining to candidates for positions at Google, and further reflect Google's competitively sensitive commercial information related to its strategies and techniques for interviewing and evaluating candidates for SWE, SRE, and SysEng positions. Ong. Decl. ¶¶ 3–4, ECF 376. This Court has previously ordered that the same or substantially similar materials are sealable because they disclose confidential information about Google's hiring process. *See* ECF 105, 253, 298. In particular, the Court has consistently sealed Google's gHire records including gHire committee notes. ECF 105.<br><br>Because the entirety of the documents may be sealed, no further action is required. |

C. **ECF 359**

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 359 | Portions of Plaintiffs' Response in Opposition to Defendant Google LLC's Motion for Leave for Reconsideration of Order Denying Motion for Decertification | GRANTED as to redacted portions. | The Court finds compelling reasons to seal the redacted portions because they quote, summarize, or cite the expert reports that this Court has deemed sealable in this Order. *See supra* re ECF 353-4 through 353-7; 351-1 through 351-4; *see also* Ong Decl. ¶¶ 3–4, ECF 370.<br><br>Because the redacted portions of the document may be sealed, no further action is required. |

### III. ORDER

For the foregoing reasons, the sealing motions at ECF 353 and 359 are GRANTED, and the sealing motion at ECF 350 is GRANTED IN PART AND DENIED IN PART without prejudice. In particular, the Court DENIED without prejudice Google's request to file under seal Exhibits 11–41 of the Berry Declaration in support of Google's Motion for Summary Judgment, except as to the names of the opt-in plaintiffs, because Plaintiffs (the designating party) have not filed a declaration in support of the sealing. Google must file redacted versions of the documents into the public record no earlier than 4 days and no later than 10 days form the filing of this order.

**IT IS SO ORDERED.**

Dated: September 20, 2018

_____
BETH LABSON FREEMAN
United States District Judge