# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

ROBERT HEATH, ET AL.,

    Plaintiffs,

v.

GOOGLE LLC,

    Defendant.

Case No. 15-cv-01824-BLF

**ORDER CLARIFYING SCOPE OF DISCOVERY**

[Re: ECF 357]

Before the Court is Defendant Google LLC's ("Google") Motion for Clarification or, in the Alternative, Motion for Leave to File Motion for Reconsideration ("Motion"). *See* Mot., ECF 357. Through this motion, Google seeks clarification as to whether a pending discovery dispute should be submitted to the magistrate judge, or whether Google must instead seek leave to file a motion for reconsideration of a previous order that Plaintiffs argue foreclosed the disputed discovery.

In his July 27, 2017 discovery dispute order, Magistrate Judge Lloyd relied on this Court's discussions with the parties about the scope of discovery to determine what "level of discovery [Google] may be allowed to obtain from the opt-in[] [Plaintiffs]." "Order," ECF 185 at 1. Based on his understanding that this Court believed "it should be limited discovery, not full discovery," he prescribed a discovery plan allowing for written discovery sent to 75 opt-in Plaintiffs and depositions of 35 Plaintiffs. *Id.* at 2. This Court later upheld the scope of discovery set forth in that Order, referencing, in part, discussions held at the June 6, 2017 Case Management Conference ("CMC," ECF 173) and the case *Wellens v. Daiichi Sankyo Inc.*, No. C-13-00581-WHO(DMR), 2014 WL 7385990 (N.D. Cal. Dec. 29, 2014). *See* ECF 199; 207.

Through its present motion, Google requests clarification of Judge Lloyd's Order and this

Court's subsequent approval thereof. Google believes that this limitation applied only to discovery pre-certification (*i.e.*, pre-denial of decertification) of the collective action. *See* Mot. at 1. By contrast, Plaintiffs believe this Court and Magistrate Judge Lloyd's Order limited Google to this discovery scope for the entirety of discovery (though it admits that "additional discovery relating to the Opt-Ins' damages and mitigation damages may be necessary in Phase II"). Opp. at 4–5 & n.1, ECF 364. Because decertification was denied, Google now seeks additional discovery from the Opt-Ins prior to trial and requests the Court clarify whether this issue is an open one, such that the related discovery dispute would go to the magistrate judge. Mot. at 1–3.

The Court finds it clear from the record that Judge Lloyd's Order limiting discovery applied only to pre-decertification discovery. This Court expressly stated as much at the June 6, 2017 case management conference, stating "I think that in terms of allowing Google to oppose or to bring forth a de-cert motion, that [it] is appropriate that Google have access to enough information to highlight the most disparate group of plaintiffs to establish that they are not similarly situated." CMC at 8:13–17; *see also* CMC at 7:11–8:4 (discussing discovery "[i]n terms of the liability phase"). And the Court referenced *Wellens*, 2014 WL 7385990 as persuasive, a case dealing explicitly with the scope of discovery pre-decertification. Likewise, the transcript from the hearing in front of Judge Lloyd on the underlying discovery dispute makes clear that he also had certification in mind. There, he discussed certain requested discovery by stating, "I don't see how it goes to the question of decertification." Hearing Tr. at 8:22–23, ECF 192; *see also* Hearing Tr. at 10:8–12 ("I'm just not overwhelmed by the argument of the defense that they need damage information to show that there's a diversity of potential damages . . . and that that factor would weigh in whether or not the class should remain certified or not."). As such, this Court finds that the scope of discovery was limited only for the purposes of decertification.

To be clear, the present Order clarifies only that Magistrate Judge Lloyd's Order did not set the scope of discovery outside of that necessary for decertification. This order does not address the proper scope of any non-decertification discovery, or whether a request for any such discovery at this time would be timely. Those matters should be addressed to the magistrate judge responsible for discovery disputes.

**IT IS SO ORDERED.**

Dated: September 27, 2018

_____
BETH LABSON FREEMAN
United States District Judge