SMITH PATTEN
DOW W. PATTEN, ESQ. (SBN:135931)
221 Main St., Suite 740
San Francisco, California 94105
Telephone (415) 402-0084
Facsimile (415) 520-0104
dow@smithpatten.com

Attorneys for Plaintiff
ROBERT HEATH

# UNITED STATES DISTRICT COURT

# THE NORTHERN DISCTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| ROBERT HEATH, and CHERYL FILLEKES,<br><br>Plaintiffs, on behalf of themselves and others similarly situated,<br><br>v.<br><br>GOOGLE, INC., a Delaware corporation<br><br>Defendant. | Case No.: 15-cv-01824-BLF<br><br>**PLAINTIFF ROBERT HEATH'S MEMORANDUM IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>Date: December 20, 2018<br>Time: 9:00 a.m.<br>Location: San Jose Courthouse,<br>Courtroom 3 - 5th Floor |

# TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................................... i

TABLE OF AUTHORITES .............................................................................................. ii

I.    INTRODUCTION ................................................................................................... 1

II.    STATEMENT OF FACTS ..................................................................................... 3

    A.    Using "Banned" Questions ............................................................................ 3

        1.    Heath Answered The Questions Correctly ..................................... 4

    B.    Failing To Follow Google Policies ............................................................... 5

        1.    Listening Devices ............................................................................ 5

        2.    Using a "GoogleDoc" For Coding Examples ................................. 6

        3.    Failure to Review Relevant Experience .......................................... 6

        4.    Failing to Follow Interview Time Breakdown ............................... 6

        5.    Google's Failure to Enforce Its Policy Against Age Discrimination ..................................................................................... 7

    C.    Other Evidence of Age Discrimination At Google ...................................... 7

        1.    Abstract, Theoretical Questions Favor Recent Graduates ...... 7

        2.    Discounting of Real-World Experience Is Evidence of Age Discrimination ..................................................................................... 8

        3.    Holding Older Workers to A Higher Standard ............................. 9

III.    LAW AND ARGUMENT ...................................................................................... 9

    A.    Summary Judgment Standard As Applied To Google's Proffered Evidence. ......................................................................................... 10

    B.    Age Discrimination .................................................................................... 10

IV.    CONCLUSION ..................................................................................................... 12

# TABLE OF AUTHORITIES

*Bruno v. W.B. Saunders Co.*, 882 F.2d 760, 766-67 (3d Cir. 1989) .................................. 2

*Chuang v. Univ. of California Davis Bd. of Trustees*,
225 F.3d 1115, 1124 (9th Cir. 2000). ......................................................... 11

*City of Portland v. BOLI*, 298 Ore. 104, 116 n5, 690 P.2d 475, 482 n6 (1984).................. 10

*Deloach v. Delchamps, Inc.*, 897 F.2d 815, 820 (5th Cir. 1990)....................................... 2

*Green v. Kinney Shoe Corp.*, 715 F. Supp. 1122, 1124 (D.D.C. 1989)............................. 2

*Hawn v. Executive Jet Management, Inc.*, 615 F.3d 1151, 1155 (9th Cir. 2010)................ 11

*Hemmings v. Tidyman's Inc.,* (9th Cir. 2002) 285 F.3d 1174, 1188-89 ............................ 2

*McDonnell Douglas Corp. v. Green*,
411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)....................................... 10, 11

*Nidds v. Schindler Elevator Corp*, 113 F.3d 912, 918 (9th Cir. 1996).............................. 11

*Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 149 (2000)........................ 12

*Rowe v. AAA W. & Cent. N.Y., Inc.*, No. 5:15-CV-00063
(LEK/TWD), 2016 U.S. Dist. LEXIS 178583, at *20-21 (N.D.N.Y. Dec. 27, 2016) ....... 3

*Shelley v. Geren,* 666 F.3d 599, 608 (9th Cir. 2012)......................................................... 11

*Sheppard v. David Evans and Assoc.*, 694 F.3d 1045, 1050 (9th Cir. 2012)...................... 10

*White Glove Bldg. Maintenance, Inc. v. Brennan*, 518 F.2d 1271, 1274 (9th Cir 1975)..... 10

Plaintiff, ROBERT HEATH, through his counsel of record herein, hereby opposes Defendant's Motion for Summary Judgment (the "Motion")[1]. As set forth below, the Motion is without merit and should be denied as to all claims in the Second Amended Complaint.

I. **INTRODUCTION**

Defendant admits that it failed to hire Plaintiff based upon a telephone screening process which violated nearly all of the internal controls Defendant used to ensure a fair interview process. The telephone interview was conducted in a fashion that was designed to exclude Plaintiff, and other older Computer Scientists from consideration, rather than to identify how Plaintiff's decades of experience could be of use to Google.

Defendant requests that the Court enter summary judgment in Google's favor because Plaintiff cannot prove that the deliberate of indifference of his interviewer Mr. Tang was motivated by age discrimination. This is an atypical defense to an age discrimination case in hiring. Normally when a defendant employer is faced with a discrimination in hiring case, it usually shows that it has in fact hired individuals over 40 as a basis for a defense. This argument is conspicuously absent from Defendant's moving papers.

In fact, during discovery plaintiff requested information about the age demographics of Google hiring practices. (See Plaintiff's Interrogatory No. 1, Patten Decl., Exh "D") Defendant refused to respond to Plaintiff's request for such information.

The instant action could easily be disposed of as a matter of law if Google is able to point to positions it filled with applicants from both outside and within Plaintiff's protected class. In such a situation, evidence that the Defendant hired numerous individuals who were themselves in the protected class, especially in the absence of persuasive evidence tending to

---

1 This Opposition is based on this Opposition, and the Declarations of Dow W. Patten ("Patten Decl.") and Plaintiff Robert Heath (Heath Decl."), and Plaintiff's Request for Judicial Notice.

1

OPPOSITION TO MOTION FOR SUMMARY JUDGMENT        Case No.: 5:15-cv-01824-BLF

show pretext, weighs heavily against a finding that the plaintiff was the victim of intentional age discrimination. However, Google cannot do so.

Judgment should not be entered in this case without a trier of fact reviewing the age demographics of Google's workforce in conjunction with the manner in which Tang conducted his interview. Because this information can be produced by Defendant it will be reliable and trustworthy. No expert should be required. *See Green v. Kinney Shoe Corp.*, 715 F. Supp. 1122, 1124 (D.D.C. 1989) ("parties should not be deprived of the opportunity to present the results of fairly simple statistical tests simply because they cannot obtain the services of a trained statistician"). *See Bruno v. W.B. Saunders Co.*, 882 F.2d 760, 766-67 (3d Cir. 1989) (in individual disparate treatment case, statistical evidence may be less finely tuned than in a disparate impact case); *see also Deloach v. Delchamps, Inc.*, 897 F.2d 815, 820 (5th Cir. 1990).

Because of Defendant's concealment of age demographic data in the instant action, Tang's level of disinterest and failure to follow Google's own policies during Plaintiff's interview is the best circumstantial evidence Plaintiff can produce. Entering judgment on a record like this will only be rewarding Defendant's counsel's gamesmanship during discovery and avoid a decision on the merits in the instant action.

If Google really believes that Plaintiff's inability to understand basic computer science, explained why he was not considered for a position, Google should have shown other candidates outside of Plaintiff's protected class who were disqualified for similar reasons, or at a minimum, introduced testimony that Google's interpretation of what "byte" refers to is a central factor in getting a position at Google. See *Hemmings v. Tidyman's Inc.,* (9th Cir. 2002) 285 F.3d 1174, 1188-89 .

Google cannot point to any facts that demonstrate that Heath lacked understanding of basic computer science. Furthermore, the manner in which Tang conducted the interview, and

2

Tang's conclusion that Plaintiff did not interview well, must considered under the totality of the circumstances, which include Google's refusal to hire individuals over 40 in the workplace[2].

## II. STATEMENT OF FACTS

Heath was recruited by Google, going through a telephone interview before being set up for a second telephonic interview. Google trains its employees on "questions to avoid" during the interview process (Patten Decl., Exh. "B" Tang Depo. "Tang", 26:17-20). Tang received 3-4 trainings over his entire tenure at Google on how to conduct interviews (Tang, 28:9-24). Though Google has a mechanism for interviewees to provide feedback on the interview, Tang never reviewed any such feedback. (Tang, 35:4-23; 39:7-16). Tang has no recollection of any training on unconscious bias (Tang, 39:13-21).

### A. Using "Banned" Questions

█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████
██████████████████████████████████████████
████████████████████ Tang's use of a flawed, banned question penalized experienced computer professionals that are likely to have used a wide variety of development platforms, on which the term 'byte' has been used to describe the size of a data packet different from Tang's

---

[2] Pursuant to FRCP 56(e) when a party fails to address a material fact the Court can give an opportunity to properly support or address the fact or consider the fact undisputed for purposes of the motion or issue any other appropriate order. Plaintiff simply requests that the Court exercise its sound discretions and either give Google the opportunity to properly address Plaintiff's argument that it does not hire individuals over 40 for the position Plaintiff applied for, or consider the fact undisputed or enter a discovery order allow defendant 30 days to turn over such information. *See Rowe v. AAA W. & Cent. N.Y., Inc.*, No. 5:15-CV-00063 (LEK/TWD), 2016 U.S. Dist. LEXIS 178583, at *20-21 (N.D.N.Y. Dec. 27, 2016)

3

experience. Tang's expected answer would be true for only an eight bit byte. However, Tang and Google seem to be unaware that a byte is ambiguous and may describe data packets with as few as 6 bits and as many as 40 bits, for which all of the other byte sizes produce a different result than Tang expected. Instead of investigating the reason for Heath's answer, Tang assumed and stated that Heath did not know basic computer science, which is evidence of age bias.

Tang did not recall whether Heath responded to his question using the term "word", a term used by older computer scientists (Tang, 53:8-19). In fact, Tang was reprimanded for using banned questions, but had no recollection of being reprimanded for using such a banned question with Heath (Tang, 56:2-21). Tang did not check his email to see whether the question was banned (Tang, 68:15-18). Google proffers that the question was banned because it had been published in the media; however, there is no admissible evidence supporting that claim; i.e. a declaration from the individual who banned the question.

### 1. Heath Answered The Questions Correctly

Heath's alleged response to a sub-question part of the first question is what Tang stated was "bad, bad, bad". (Tang, Exh. 8). Tang admitted that his conclusion was contingent upon having heard Heath correctly (Tang, 122:21-123:3). As set forth in the Heath Declaration, the question itself is ambiguous concerning the use of the term "byte". (Heath Decl., ¶ 30). Furthermore, Tang's characterization of Heath's response itself is evidence that the persons interviewing at Google harbor a bias against older Computer Science graduates who know the underlying reasons why the term "byte" is ambiguous. (*Id*). Tang's failure to understand this – and Google's – are evidence of discrimination against older computer scientists who have an understanding of this long-term ambiguity.

B. **Failing To Follow Google Policies**

1. **Listening Devices**

Tang recalled that he could not hear Mr. Heath well on the interview. (Tang, 53:20-22). Heath testified that he had extreme trouble hearing Tang (Heath, ¶5). ████████ ████████████████████████████████████████████████ Instead, Tang used a speakerphone with Heath, causing great difficulty in the communication process, telling Heath he would have to "suffer through the call using the speakerphone." (Heath, ¶ 6; Tang 105:9-25). Heath repeatedly informed Mr. Tang of the communication problem during the entire interview, but Mr. Tang refused to take corrective action. (Heath, ¶ 8). Mr. Tang repeatedly interrupted Mr. Heath during the interview asking Mr. Heath to repeat himself because of the lack of a coherent communication atmosphere. (Heath, ¶ 9). Despite these extreme difficulties, Mr. Tang took no action to resolve the communication problem. Tang admitted that Mr. Heath reported the problem somewhere between 2 to 20 times. (Tang, 103:24-104:2)

Tang admitted that not using a headset increased errors in the interview (Tang, 80:15-25). Indeed, Tang had to repeat himself numerous times during Heath's interview because of this. *Id.* Tang admitted that he wasted substantial time in the interview because of his refusal to use GoogleDocs. (Tang, 82:4-13). That is time that should have been spent allowing Heath to describe his years of experience and how those many years of experience could assist Google. ████████████████████████████████████████████████ ████████████████████████████████████████████ Furthermore, the manner

5

in which Tang handled the situation reflected a complete disregard for older workers who are undeniably more susceptible to hearing loss (Heath Decl, ¶ 4).

### 2. Using a "GoogleDoc" For Coding Examples

Google required Heath to download and install GoogleDocs for the interview (Heath, 3). ███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████. Tang admitted that using GoogleDocs would have reduced errors by three times as opposed to his methodology (Tang 80:5-11; 86:7-13).

### 3. Failure to Review Relevant Experience

Tang testified that he only looked at Heath's name, phone number, and his programming language of choice to prepare for the interview (Tang, 60:18-21). ███████████████

███████████████████████████████████████████████

███████████████████████████████████████ Tang did none of these things (Tang 64:10-19).

### 4. Failing to Follow Interview Time Breakdown

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████ Tang disregarded the Breakdown, and further does not even know what "rapport" is (Tang, 93:11-23). Tang merged "establish rapport" and "background" into 2-3 minutes, effectively negating any aspect of experience (Tang, 94:16-24). Tang was late for the interview, and used approximately 8 minutes dealing with his failure to use a headset and other communications issues (Tang, 96:19-25).

### 5. Google's Failure to Enforce Its Policy Against Age Discrimination

Google claims to have a policy against Age Discrimination, but has offered no admissible evidence that it takes steps to enforce that policy. By requiring candidates to install GoogleDocs onto candidates' computers prior to an interview, Google obviously recognizes a problem that often occurs during job interviews. (Heath Decl., ¶ 3) During the discussion of abstract technical concepts, a clear, coherent, unambiguous communication environment is an absolute necessity. (Heath Decl., ¶ 24) GoogleDocs fosters ease of communication in this instance.(Heath Decl., ¶ 3)

Older workers are disproportionally victims of hearing loss. Tang admitted to not using GoogleDocs in any interviews because he has determined that it would be unfair to grant that accessibility to candidates that followed Google's requirement of installing the software at the expense of those that did not choose to honor Google's requirement to install GoogleDocs prior to their job interview. (Tang, 72:17-73:18). Tang's action achieves the exact opposite effect. The refusal to use GoogleDocs during the interview process unfairly disadvantaging workers with hearing loss, that are disproportionally older workers. Mr. Tang has engaged in this discriminatory practice with impunity, unsupervised by Google because of Google's toothless antidiscrimination policy.

Google provides a mechanism for feedback to improve process and ensure adherence to policy, including feedback that interviewers receive from candidates. Tang testified that he never looked at such feedback, and was not required to. (Tang 32:12-23). With no real enforcement mechanism – despite having provided a method for such enforcement – Google's policies against discrimination are mere lip service.

### C. Other Evidence of Age Discrimination At Google

#### 1. Abstract, Theoretical Questions Favor Recent Graduates.

Google emphasizes abstract, theoretical interview questions of the type currently taught, solved, and tested in a classroom setting in school, thus preparing younger, entry level workers for Google's interview process, which Google interviewers themselves admit favor recent graduates See, e.g., Dkt. #259-1 (containing examples of abstract interview questions favoring younger applicants); Dkt. #259-2 (containing exemplary statements from documents, deposition testimony, and interrogatory responses concerning Google's abstract interview questions and their discriminatory effect on older applicants, including Plaintiffs);

Google did nothing to validate these questions (Patten Decl., Exh. "E").

### 2. Discounting of Real-World Experience Is Evidence of Age Discrimination

Google discounts or ignores applicants' real-world experience to the disadvantage of older workers.

); Dkt. #259-3 (containing exemplary statements concerning Google's failure to ask Plaintiffs about their past experience). In Mr. Tang's case, he asked Mr. Heath how he believed that his experience could benefit Google. (Heath Decl., ¶ 10) Mr. Heath began by mentioning one of his past projects in which Mr. Heath led the coding team that created a simulation model of the 486/586 processors for the purpose of improving performance of computers using that processor. (Heath Decl., ¶ 11) Mr. Heath then attempted to describe a second project. Mr. Heath was quickly interrupted after completing only a single sentence. (Heath Decl., ¶ 12) Mr. Heath responded by indicating that he had participated on a

large number of projects that would benefit Google. Mr. Tang interrupted and sternly and authoritatively claimed, "You have already answered the question!" Mr. Heath countered again, and Mr. Tang again answered sternly and authoritatively, "You have already answered the question!" (Heath Decl., ¶ 15)

As are result of this conduct by Tang—in violation of Google policy—Mr. Heath was prohibited from articulating the large number of projects in which he had participated as detailed in the Heath Declaration. (Heath Decl., ¶¶ 16-20) None of this information was made a part of the decision-making process by virtue of Tang's conduct, and Google's failure to enforce its own process. Accomplishments such as the foregoing are what separates career computer scientists from entry level workers. (Heath Decl., ¶ 21) The practice of ignoring those accomplishments is another example of age discrimination, because older workers are the workers that have achieved those accomplishments. Younger workers, having shorter careers, are unlikely to have achieved a large number of professional accomplishments, such as those possessed by Plaintiff.

### 3. Holding Older Workers to A Higher Standard

Google holds older applicants to higher standards than are used for younger applicants for the same positions. See, e.g., Dkt. #259-4 (containing exemplary statements showing Plaintiffs being held to a higher standard than younger applicants); Dkt. #259-6 (containing exemplary statements and interviewer comments showing that Google held older applicants to a higher standard);

### III. LAW AND ARGUMENT

In deciding this motion the Court must decide whether there is sufficient evidence from which a reasonable juror could conclude that Plaintiff's age played a role in Google's failure to

9

hire him for an open position.

**A.	Summary Judgment Standard As Applied To Google's Proffered Evidence.**

The vast majority of the evidence cited by Defendant in support of its Motion for Summary Judgment was created in preparation for litigation. The majority of this evidence prepared for litigation is in the form of self serving declarations. Evidence in the record which predates these litigation declarations calls the credibility of these witnesses into question, thereby making summary judgment inappropriate as to the decision not to hire Plaintiff.

Even if the Court finds that these self serving declarations are not contradicted by substantial evidence in the record, a jury would be at liberty to reject all of statements of the Google employees' declarations. "'[I]n this Circuit (as in others) the rule is that the trier of fact is at liberty within the bounds of reason to reject entirely the uncontradicted testimony of a witness which does not produce conviction in his mind of the witness' testimony.'" *White Glove Bldg. Maintenance, Inc. v. Brennan*, 518 F.2d 1271, 1274 (9th Cir 1975), quoting *Joseph v. Donover Co.*, 261 F.2d 812, 824 (9th Cir 1958). *See also, City of Portland v. BOLI*, 298 Ore. 104, 116 n5, 690 P.2d 475, 482 n6 (1984) ("Where the credibility of witnesses is concerned, the trier of fact is not necessarily bound by uncontradicted testimony, for the trier of fact may simply not believe the witnesses. "). Because Google's motion hinges on interested witnesses credibility, evidence contradicting these interested witnesses testimony defeats summary judgment as to those claims.

**B.	Age Discrimination**

To establish age discrimination under the disparate treatment theory, a plaintiff may provide (1) "direct evidence" or (2) "circumstantial evidence" of age discrimination. *Sheppard v. David Evans and Assoc.*, 694 F.3d 1045, 1050 (9th Cir. 2012).

In the absence of direct evidence, motions for summary judgment regarding ADEA claims may be analyzed using the burden-shifting framework of *McDonnell Douglas Corp. v.*

10

*Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). Under the *McDonnell Douglas* framework, Plaintiff must first present a prima facie case of age discrimination by producing evidence that (1) she was at least forty years old, (2) she "qualified for the position for which an application was submitted," (3) she was denied the position, and (4) the position was given to a "substantially younger person." *Shelley v. Geren,* 666 F.3d 599, 608 (9th Cir. 2012). The Ninth Circuit has held that "the plaintiff in an employment discrimination action need produce very little evidence in order to overcome an employer's motion for summary judgment." *Chuang v. Univ. of California Davis Bd. of Trustees*, 225 F.3d 1115, 1124 (9th Cir. 2000). "This is because the ultimate question is one that can only be resolved through a searching inquiry - one that is most appropriately conducted by a factfinder, upon a full record." Id. (*citing Schnidrig v. Columbia Mach., Inc.*, 80 F.3d 1406, 1410 (9th Cir. 1996)) (internal quotation marks omitted).

If the plaintiff establishes a prima facie case, "the burden of production, but not persuasion, then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the challenged action." *Hawn v. Executive Jet Management, Inc.*, 615 F.3d 1151, 1155 (9th Cir. 2010); *see also Shelley*, 666 F.3d at 608. If the employer articulates a legitimate, nondiscriminatory reason, then the burden shifts to Plaintiff to raise a genuine factual question as to whether the Defendant's reason is pretextual. *Shelley*, 666 F.3d at 609. At this point, a plaintiff can avoid summary judgment simply by producing evidence which raises a genuine issue of material fact regarding the truth of the employer's proffered reasons without "additional, independent evidence of discrimination" at the pretext stage. *Chuang,* 225 F.3d at 1127

Specifically, the plaintiff simply must produce enough evidence to allow a reasonable fact-finder to conclude either that: (a) the proffered reason for adverse employment action is false, or (b) the true reason for her adverse employment action was a discriminatory one. *Nidds v. Schindler Elevator Corp*, 113 F.3d 912, 918 (9th Cir. 1996). The plaintiff may also offer

11

circumstantial evidence that tends to show that the proffered motive is a pretext because it is inconsistent or unbelievable. The Supreme Court has clarified that "because a prima facie case and sufficient evidence to reject the employer's explanation may permit a finding of liability, [a court may not proceed] from the premise that a plaintiff must always introduce additional, independent evidence of discrimination." *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 149 (2000).

Regarding Plaintiff's *prima facie* case, Defendant does not contest that Plaintiff can establish his *prima facie* case: (1) Plaintiff, is a member of a protected class (over the age of 40), (2) that he was qualified for the position, (3) that he experienced an adverse employment action by Defendant's decision not to hire him, and (4) the position was filled by a substantially younger person. The ultimate issue is whether sufficient evidence in the record shows that the adverse action occurred under circumstances giving rise to an inference of unlawful age discrimination. *Reeves*, 530 U.S. at 153. As set forth above, the reasonable inferences, taken in the light most favorable to Heath, to be drawn from the evidence are that Tang had no interest in determining whether Heath had the experience and aptitude necessary to perform the job, but instead was looking for ways to exclude Heath from consideration. Further, some evidence in the record calls the credibility of these witnesses into question, thereby making summary judgment inappropriate as to both the termination and decision not to hire Plaintiff.

## IV. CONCLUSION

When the reasonable inferences set forth above are resolved in favor of the non-moving party as required at Summary Judgment, it is clear that substantial evidence supports the conclusion that Heath has alleged for the past nearly six years: that Google discriminates against Computer Scientists based upon age.

Dated: November 29, 2018

SMITH PATTEN

*/s/ Dow W. Patten*
DOW W. PATTEN
Attorneys for Plaintiff