1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

ROBERT HEATH, ET AL.,

　　　　　Plaintiffs,

　　v.

GOOGLE LLC,

　　　　　Defendant.

Case No. 15-cv-01824-BLF

**ORDER GRANTING IN PART AND DENYING IN PART UNOPPOSED ADMINISTRATIVE MOTIONS TO SEAL WITHOUT PREJUDICE**

[Re: ECF 406, 409]

Before the Court are two unopposed administrative motions to file under seal portions of Defendant's summary judgment motion and Plaintiff's opposition thereto. ECF 406, 409. For the reasons stated below, the motion at ECF 406 is GRANTED IN PART AND DENIED IN PART, and the motion at ECF 409 is GRANTED.

## I.　LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain

1  mindful of the parties' right to access those same courts upon terms which will not unduly harm

2  their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed.

3  Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the

4  merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto*

5  *Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need

6  for access to court records attached only to non-dispositive motions because those documents are

7  often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving

8  to seal the documents attached to such motions must meet the lower "good cause" standard of

9  Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This

10  standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the

11  information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,

12  1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by

13  specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*,

14  966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery

15  may reflect the court's previous determination that good cause exists to keep the documents

16  sealed, *see Kamakana,* 447 F.3d at 1179–80, but a blanket protective order that allows the parties

17  to designate confidential documents does not provide sufficient judicial scrutiny to determine

18  whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference

19  to a stipulation or protective order that allows a party to designate certain documents as

20  confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

21       In addition to making particularized showings of good cause, parties moving to seal

22  documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R.

23  79-5(b), a sealing order is appropriate only upon a request that establishes the document is

24  "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under

25  the law." "The request must be narrowly tailored to seek sealing only of sealable material, and

26  must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the

27  submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable

28  material" which "lists in table format each document or portion thereof that is sought to be

sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by

highlighting or other clear method, the portions of the document that have been omitted from the

redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative

Motion to File Under Seal, the Designating Party must file a declaration as required by subsection

79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

The Court has reviewed Defendant's and Plaintiff's sealing motions and the declarations of

the designating parties submitted in support. The Court finds that the parties have articulated

compelling reasons to seal certain portions of the submitted documents. The Court's rulings on

the sealing requests are set forth in the tables below.

### A. ECF 406

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 406-4 (407) | Portions of Google's Motion for Summary Judgment | GRANTED as to redacted portions, except those citing Heath deposition. <br><br> DENIED as to redacted portions citing the Heath deposition. | All redacted portions except those citing the Heath deposition reference sealable material in the below exhibits and are thus sealable. <br><br> Because the redacted portions of the document may be sealed, no further action is required. <br><br> The request is denied as to the redacted portions citing the Heath deposition because Plaintiff, the designating party, has not filed a declaration in support of the sealing. Civ. L.R. 79-5(e). <br><br> Google is ORDERED to file a version of this document with the Heath deposition cites unredacted in the public record no earlier than 4 days and no later than 10 days from the date of this order. |
| 406-6 (407-1) | Portions of Declaration of Brian Ong In Support of Google's Motion to for Summary Judgment ("Ong Decl.") | GRANTED as to redacted portions. | There are compelling reasons to seal the redacted portions because they contain highly confidential and sensitive information relating to Google's strategies and techniques for interviewing candidates, the release of which could harm Google. Mot. at 3, ECF 406; Ong. Decl. ¶¶ 4, 7, ECF 406-1; *see* ECF 105; ECF 198; ECF 253; ECF 298. <br><br> Because Google has filed a redacted version of this document on the docket, no further action is required. |

| | | | |
|---|---|---|---|
| 406-6 (407-1) | Ong Decl. Ex. 1 (gHire dossier) | GRANTED as to entire document. | There are compelling reasons to seal the gHire dossier because it contains competitively sensitive information, and disclosure of the dossier could compromise the objectivity of interviewers' assessments. Ong. Decl. ¶ 4. Similar documents were previously filed under seal pursuant to Court order. ECF 253.<br><br>Because the entirety of the document may be sealed, no further action is required. |
| 406-8 (407-2) | Portions of Declaration of Elizabeth Falcone In Support of Google's Motion for Summary Judgment ("Falcone Decl.") | DENIED. | Google includes this document in its proposed order, but the document contains no redactions.<br><br>Because the entirety of the document was filed in the public record, no further action is required. |
| 406-8 (407-2) | Falcone Decl. Ex. 1 (Heath deposition excerpts) | DENIED. | The request is denied because Plaintiff, the designating party, has not filed a declaration in support of the sealing. Civ. L.R. 79-5(e).<br><br>Google is ORDERED to file a version of this document in the public record no earlier than 4 days and no later than 10 days from the date of this order. |
| 406-8 (407-2) | Falcone Decl. Ex. 2 (Ong deposition excerpts) | GRANTED as to entire document. | There are compelling reasons to seal the entire excerpt because it contains highly confidential and sensitive information relating to Google's strategies and techniques for training interviewers and interviewing candidates, the release of which could harm Google. Mot. at 3; Ong. Decl. ¶¶ 3(c), 5–7.<br><br>Because the entirety of the document may be sealed, no further action is required. |
| 406-8 (407-2) | Falcone Decl. Ex. 3 (Chun deposition excerpts) | GRANTED as to entire document. | There are compelling reasons to seal the entire excerpt because it contains highly confidential and sensitive information relating to Google's strategies and techniques for interviewing candidates, as well as confidential gHire dossier documents, the release of which could harm Google. Mot. at 3; Ong. Decl. ¶¶ 3(a), 5–7.<br><br>Because the entirety of the document may be sealed, no further action is required. |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 406-8 (407-2) | Falcone Decl. Ex. 4 (Tang deposition excerpts) | GRANTED as to entire document. | There are compelling reasons to seal the entire excerpt because it contains highly confidential and sensitive information relating to Google's strategies and techniques for interviewing candidates, as well as confidential gHire dossier documents, the release of which could harm Google. Mot. at 3; Ong. Decl. ¶¶ 3(b), 5–7.<br><br>Because the entirety of the document may be sealed, no further action is required. |

**B.     ECF 409**

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 409-3 (408) | Plaintiff's Opposition to Motion for Summary Judgment | GRANTED as to redacted portions. | References sealable material in below exhibits.<br><br>Because the redacted portions of the document may be sealed, no further action is required. |
| 409-5 (408-3) | Exhibit A to Declaration of Dow W. Patten (Frank Tang Deposition Excerpts) | GRANTED as to entire document. | There are compelling reasons to seal the entire excerpt because it contains highly confidential and sensitive information relating to Google's strategies and techniques for interviewing candidates, release of which could harm Google. Ong Decl. ISO Pl. Mot. ¶¶ 3(a), 5–6, ECF 410.<br><br>Because the entirety of the document may be sealed, no further action is required. |
| 409-6 (408-4) | Exhibit B to Declaration of Dow W. Patten (Documents Produced by Google) | GRANTED as to entire documents. | There are compelling reasons to seal the documents because they contain highly confidential and sensitive information relating to Google's strategies and techniques for interviewing candidates, release of which could harm Google. Ong Pl. Decl. ¶¶ 3(b), 5–6.<br><br>Because the entirety of the documents may be sealed, no further action is required. |
| 409-7 (408-7) | Exhibit E to Declaration of Dow W. Patten (Ong 30(b)(6) Deposition Excerpts) | GRANTED as to entire document. | There are compelling reasons to seal the entire excerpt because it contains highly confidential and sensitive information relating to Google's strategies and techniques for training interviewers and interviewing candidates, the release of which could harm Google. Ong. Pl. Decl. ¶¶ 3(c), 5–6.<br><br>Because the entirety of the document may be sealed, no further action is required. |

1

2　**III.　ORDER**

3　　　　For the foregoing reasons, the sealing motion at ECF 406 is GRANTED IN PART AND

4　DENIED IN PART, and the sealing motion at ECF 409 is GRANTED.

5　　　　Google must file redacted versions of its summary judgment motion and the Heath

6　Declaration into the public record no earlier than 4 days and no later than 10 days from the filing

7　of this order.

8　　　　**IT IS SO ORDERED.**

9

10　Dated: December 7, 2018

11　　　　　　　　　　　　　　　　　　　　　　　_____

12　　　　　　　　　　　　　　　　　　　　　　　BETH LABSON FREEMAN
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28