# Exhibit 1

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HEATH, on behalf of himself, and CHERYL FILLEKES, on behalf of herself and others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>GOOGLE LLC, a Delaware limited liability company,<br><br>     Defendant. | Case No. 5:15-cv-01824-BLF |

# SETTLEMENT AGREEMENT

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................ 1
II. DEFINITIONS ........................................................................................... 1
III. MONETARY CONSIDERATION ............................................................ 4
   A. Settlement Sum ................................................................................. 4
      1. Tax Liability ............................................................................... 5
      2. No Other Payment ...................................................................... 5
      3. Settlement Fund and Administrator as Trustee ........................... 6
   B. Service Payment to Named Plaintiff ................................................. 6
   C. Attorneys' Fees and Costs ................................................................. 7
IV. PROGRAMMATIC RELIEF ..................................................................... 7
   A. Consideration and Duration .............................................................. 7
   B. Policies and Training ......................................................................... 7
   C. Complaints ........................................................................................ 8
   D. Voluntary Exit Surveys .................................................................... 9
   E. No Interference with Business .......................................................... 9
V. RELEASE AND BAR ............................................................................... 10
   A. Release, Waiver, and Bar ................................................................ 10
   B. Reasonable Time to Consider Agreement ....................................... 11
   C. Named Plaintiff's General Release and Waiver .............................. 12
   D. California Civil Code Section 1542 ................................................. 12
   E. Termination of Releases .................................................................. 12
   F. No Bar to Future Claims ................................................................. 13
   G. No Assignment ............................................................................... 13
VI. NO REAPPLICATION ............................................................................ 13
VII. SETTLEMENT PROCEDURES .............................................................. 14
   A. Determination of Payments to Settlement Collective Members ...... 14
   B. Providing Information about Settlement Collective Members to Claims
      Administrator .................................................................................. 15
   C. Notice of Settlement ....................................................................... 15
   D. Eligibility for Monetary Payment ................................................... 16
   E. Withdrawal and Dismissal .............................................................. 17
   F. Defendant's Right to Rescind ......................................................... 17
   G. Court Approval ............................................................................... 18
      1. Jurisdiction and Venue ............................................................. 19
      2. Duty to Cooperate .................................................................... 19
      3. Stipulation to Final Certification .............................................. 19
      4. Procedural Guidance for Class Settlements and Standing Order ...... 20
   H. Distributions from the Settlement Sum ........................................... 20
   I. Remaining Funds ............................................................................ 22
   J. Confidentiality ................................................................................ 22
   K. Records and Reports ....................................................................... 23
   L. Non-Admissibility of Fact of Payment or Non-Payment ................ 23
VIII. TAXES ..................................................................................................... 23

i

A. Qualified Tax Status and Tax Responsibilities ............................................. 23
B. Claims Administrator's Duties ...................................................................... 24
C. Allocation of Payments and Service Payment .............................................. 24
D. No Admission and Inadmissible .................................................................... 25
E. Payment of Taxes, Expenses, and Costs ....................................................... 26
F. Tax Forms and Tax Reporting ....................................................................... 27
IX. TERMINATION OF AGREEMENT .......................................................................... 27
A. No Final or Binding Settlement .................................................................... 27
B. No Waiver and No Admissions ..................................................................... 28
X. OTHER SETTLEMENT TERMS .............................................................................. 29
A. Duty of Cooperation and Best Efforts .......................................................... 29
B. Entire Agreement .......................................................................................... 29
C. No Admission and No Determination ............................................................ 29
D. Inadmissibility .............................................................................................. 30
E. No Interference with Defendant's Business .................................................. 31
F. Non-Precedential ........................................................................................... 31
G. Public Statements .......................................................................................... 31
H. Documents and Electronically Stored Information ....................................... 32
I. Governing Law ............................................................................................... 33
J. CAFA Notice .................................................................................................. 33
K. Waiver of Appeals ......................................................................................... 33
L. Exhibits .......................................................................................................... 33
M. No Waiver ..................................................................................................... 34
N. Modifications ................................................................................................ 34
O. Extensions ..................................................................................................... 34
P. Construction and Interpretation of Agreement ............................................. 35
Q. Severability .................................................................................................... 35
R. Agreement Binding ........................................................................................ 35
S. Successors and Assigns .................................................................................. 35
T. Disputes and Enforcement ............................................................................. 36
U. Counterparts ................................................................................................... 36
V. Notices to Counsel ......................................................................................... 37

ii

## I.    INTRODUCTION

Subject to approval by the United States District Court for the Northern District of California, this Settlement Agreement sets forth the full and final terms by which Named Plaintiff Cheryl Fillekes, Settlement Collective Members, and Defendant Google LLC have settled and resolved as fully as possible all claims that have or could have been raised based on the facts alleged in this Action in the Second Amended Complaint, as well as in the earlier-filed complaints. This Settlement Agreement applies to all Settlement Collective Members who filed consent-to-join forms in this Action and have not voluntarily withdrawn or been dismissed from this Action by the Court.

## II.   DEFINITIONS

In addition to terms identified or defined elsewhere in or as used in this Settlement Agreement, the terms below have the following meanings:

1.     "Action" means this lawsuit, Robert Heath, on behalf of himself, and Cheryl Fillekes, on behalf of herself and others similarly situated, v. Google LLC, No. 5:15-cv-01824-BLF (N.D. Cal. filed Apr. 22, 2015).

2.     "Approval Hearing" means the hearing the Court may choose to hold when it approves the Settlement and makes such other final rulings as are contemplated by this Settlement Agreement or as modified by subsequent mutual agreement of the Parties in writing and approved by the Court.

3.     "Approval Order" means the last of the Court's Orders: (i) granting approval of the Settlement Agreement on the terms provided in this Agreement or as modified by subsequent mutual agreement of Defendant, Plaintiff Fillekes, and Collective Counsel in writing and approved by the Court; (ii) dismissing this Action on the merits

1

and with prejudice as to the claims of Plaintiff Fillekes and Settlement Collective Members who have agreed to participate in the settlement by signing the release; or (iii) entering final judgment as to Plaintiff Fillekes and as to Settlement Collective Members who have agreed to participate in the settlement by signing the release.

4.      "CAFA Notice" means the notice requirements imposed by the Class Action Fairness Act, 28 U.S.C. § 1715(b).

5.      "Claims Administrator" Kurzman Carson Consultants, LLC ("KCC"), which has been jointly agreed upon by the Parties to administer the Settlement Fund pursuant to this Agreement and to Orders of the Court.

6.      "Collective Counsel" or "Counsel" means the law firm of Kotchen & Low LLP and DVG Law Partner LLC.

7.      "Complaint" means the Second Amended Complaint filed on September 11, 2017, which is the operative Complaint in this Action. Prior versions of the Complaint include the original Complaint, filed on April 22, 2015, and the First Amended Complaint, filed on June 25, 2015.

8.      "Court" refers to the federal court having jurisdiction over this Action at any stage, currently the United States District Court for the Northern District of California (San Jose Division).

9.      "Defendant" or the "Company" means Google LLC.

10.     "Defendant's Counsel" or "Defense Counsel" or "Counsel" means the law firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

11.     "Effective Date" means the date on which all of the following have occurred: (i) the Court has finally approved this Settlement Agreement and has signed

2

and entered an Order so indicating; (ii) the Court has entered an Approval Order dismissing the claims on the merits and with prejudice of Plaintiff Fillekes and all Settlement Collective Members who have agreed to participate in the settlement by signing the release; and (iii) the time for appeal of the Approval Order has either run without an appeal being filed or any appeal filed (including any requests for rehearing en banc, petitions for certiorari, or appellate review) has been finally resolved and the Court's Approval has been upheld.

12.     "Named Plaintiff" or "Plaintiff" means only Cheryl Fillekes, and does not include Robert Heath, whose remaining individual discrimination and other claims are not resolved in or settled as part of this Settlement.

13.     "Notice of Settlement form" means the notice of this Settlement that will be emailed or mailed directly to Named Plaintiff and to each Settlement Collective Member along with the Acknowledgement and Consent, a copy of which is attached hereto as Exhibit B.

14.     "Party" or "Parties" means Named Plaintiff Cheryl Fillekes, the Settlement Collective Members who agreed to participate in the settlement by signing the release, and Defendant, all of whom are entering into and are bound by this Settlement. "Party" or "Parties" does not include Named Plaintiff Robert Heath, whose individual discrimination and other claims are not resolved in or settled as part of this Settlement.

15.     "Service Payment" means the additional amount paid to Named Plaintiff Cheryl Fillekes, subject to the Court's approval, for her participation in this Action and for her general release and waiver of employment-related claims described herein.

16.    "Settlement Agreement," "Settlement," or "Agreement" each mean the settlement agreed to by the Parties as reflected in this Agreement and as approved by the Court.

17.    "Settlement Collective" or "Settlement Collective Members" or "Collective Members" means those individuals who: (i) previously filed a consent-to-join form in this Action and became a "party plaintiff" under 29 U.S.C. § 216(b); and (ii) who, as of the date this Settlement Agreement is executed, have neither voluntarily withdrawn nor been dismissed from this Action by the Court. A list of all Settlement Collective Members is attached as Exhibit C.

18.    "Settlement Sum" means the monies that Defendant will pay to the Claims Administrator in settlement of this Action.

## III.    MONETARY CONSIDERATION

### A.    Settlement Sum

In exchange for the release and waiver of Named Plaintiff's and Settlement Collective Members' claims and for their other promises in this Agreement, Defendant shall pay the sum of Eleven Million U.S. Dollars ($11,000,000) (the "Settlement Sum").  The Settlement Sum includes payment for: (i) all amounts to be paid to Named Plaintiff and Settlement Collective Members; (ii) all amounts to be paid to Named Plaintiff as a Service Payment; (iii) all attorneys' fees and costs awarded by the Court, including those in connection with securing court approval of the Settlement and the notice and claims process; (iv) all costs or expenses incurred in administering the Settlement and the Settlement Fund (as defined below), including but not limited to those related to notice, claims processing, or independent legal advice obtained by the Claims Administrator for the Qualified Settlement Fund, tax treatment, tax reporting, or the

4

Fund's tax returns (and to taxes associated with any tax returns); and (vi) all payroll withholding taxes, which means Named Plaintiff's, Settlement Collective Members', and Defendant's respective portions of payroll taxes (including but not limited to FICA, FUTA, and all other federal, state, or local payroll taxes) on amounts to be paid to the Settlement Collective Members treated as wages.  This Agreement does not require Defendant to pay more than the Settlement Sum.

1.    **Tax Liability**

Other than the allocations for individual payments and the Service Payment set forth below, the Parties make no representations about the tax treatment or legal effect of any payments under this Agreement. Named Plaintiff and Settlement Collective Members agree that, should any taxing authority assess any taxes, penalties, or interest against them as a result of the individual payments or the Service Payment, they will be solely responsible for the taxes, penalties, or interest, if any, that may be owed to any governmental agency as a result of the settlement payments.

2.    **No Other Payment**

The Settlement Sum constitutes the total cash outlay by Defendant in connection with the resolution and settlement of this Action. Defendant shall pay no other money separately in connection with this Settlement, including without limitation for any taxes, attorneys' fees or costs, or expenses. Defendant shall be solely responsible for fees, costs, and expenses of Defense Counsel, Defendant's accountants or tax attorneys, or other consultants or vendors independently retained by Defendant solely for Defendant's benefit.

### 3.     Settlement Fund and Administrator as Trustee

The Settlement Sum will be placed into an interest-bearing escrow account established by the Claims Administrator (the "Settlement Fund"). The Claims Administrator will serve as trustee of the Settlement Fund and will act as a fiduciary with respect to the handling, management, and distribution of amounts from the Fund, including the handling of tax-related issues and payments. The Claims Administrator will also act in a manner necessary to qualify the Settlement Fund as a "Qualified Settlement Fund" under Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. Section 1.468B-1 et seq., and to maintain that qualification. All costs and expenses of the Claims Administrator in administering this Settlement will be exclusively taken from and will serve to reduce the Settlement Sum.

### B.     Service Payment to Named Plaintiff

Collective Counsel will seek Court approval for a reasonable Service Payment from the Settlement Sum to Named Plaintiff Cheryl Fillekes in the amount of ten thousand dollars ($10,000) for her participation in prosecuting and settling this Action and for her general release and waiver of employment-related claims as described herein. Subject to Court approval, this proposed Service Payment will be in addition to any Settlement Collective payment that she may be eligible to receive under the Settlement Agreement. There was no trade-off of relief for the Settlement Collective in order to pay this Service Payment. This Service Payment will come exclusively from and will serve to reduce the Settlement Sum, and Named Plaintiff will be required to execute this settlement agreement and thereby generally release all employment-related claims described herein, known and unknown, against Defendant and the Released Parties in exchange for this Service Payment.

6

### C.    Attorneys' Fees and Costs

Collective Counsel will apply to the Court for an award of attorneys' fees in a total amount of twenty-five percent (25%) of the Settlement Sum, *i.e.*, $2,750,000, plus their litigation costs and expenses. Payment of these attorneys' fees and costs will be made exclusively from and will serve to reduce the Settlement Sum. Defendant's payment of Plaintiffs' attorneys' fees, costs, and expenses from the Settlement Sum shall constitute full satisfaction of any obligation it may have to pay any person, attorney, or law firm for attorneys' fees, costs, or expenses incurred on behalf of the Named Plaintiff and Settlement Collective and shall relieve Defendant from any other claims or liability to any other attorney or law firm or person for any attorneys' fees, costs, or expenses to which any of them may claim to be entitled on behalf of Named Plaintiff or the Settlement Collective or that are in any way related to this Settlement or to the Released Claims.

## IV.    PROGRAMMATIC RELIEF

### A.    Consideration and Duration

In exchange for the release and waiver of Named Plaintiff's and Settlement Collective Members' claims and for their other promises in this Agreement, Defendant also agrees to the programmatic relief described below. This programmatic relief will be binding on the Parties and their agents and successors for a 4-year period following its implementation. Defendant agrees to bear any costs of programmatic relief directly, and the Settlement Sum does not include costs of this relief.

### B.    Policies and Training

Defendant agrees to post existing policies prohibiting discrimination, harassment, and retaliation, as they may be updated from time to time, externally so that they are

7

accessible to all applicants and internally so that they are accessible to all employees and managers for the 4-year period. Defendant also agrees to provide newly hired employees access to or copies of these policies for the 4-year period. Defendant also agrees to continue to train its employees and managers, including all recruiters, sourcers, interviewers, hiring committee members, and others who participate in the hiring process, about its policies against discrimination, harassment, and retaliation and about implicit bias, and agrees specifically to train employees and managers on bias on the basis of age, including but not limited to age bias in hiring. Google agrees to form and maintain a subcommittee within Recruiting for 4 years that will focus on age diversity in Software Engineering, Site Reliability Engineering, and Systems Engineering positions. The subcommittee will be empowered to implement changes to recruiting practices intended to better attract candidates who have substantial industry experience. In creating the subcommittee, Google will communicate Plaintiffs' allegations regarding age discrimination in this action and the types of alleged evidence that Plaintiffs offered in support of their allegations. Google will also ensure that its marketing collateral, including the Google career website, reflects age diversity.

### C.    Complaints

For the 4-year period, Defendant agrees to annually provide to its Legal Department information about the processes by which applicants for, or employees who work in, Software Engineering, Site Reliability Engineering, and Systems Engineering positions may make formal or informal complaints of age discrimination. The complaint procedure will provide different means by which an applicant or employee may make a complaint (e.g., telephone or anonymous email) of age discrimination. Defendant also agrees to promptly investigate, based on all the circumstances, all complaints of age

discrimination, harassment, or retaliation made by applicants for, or employees who work in, Software Engineering, Site Reliability Engineering, and Systems Engineering positions and to take appropriate remedial action based on all the circumstances and as it deems appropriate in its sole discretion. Defendant will semi-annually apprise its Legal Department on a strictly confidential basis of any complaints, formal or informal, of age discrimination (including harassment or retaliation) made by applicants for, or employees who work in, Software Engineering, Site Reliability Engineering, and Systems Engineering positions.

### D.   Voluntary Exit Surveys

For the 4-year period, Defendant agrees to conduct exit surveys with departing employees who are age 40 or older if the employee voluntarily agrees to participate in this survey. The survey shall ask if the departing employee has experienced any form of discrimination at Google, and to describe any such discrimination. To the extent an interviewee or departing employee shares information or concerns about any potential age discrimination matter, Defendant will share such information on a strictly confidential basis with its Legal Department, which will investigate as appropriate and address concerns about age discrimination as appropriate.

### E.   No Interference with Business

This Settlement Agreement does not impose any obligations on the Parties beyond the terms and conditions stated in this Agreement. Accordingly, this Agreement shall not prevent or preclude Defendant from revising its employment practices and policies or taking other personnel actions during the term of this Settlement Agreement so long as they are not inconsistent with this Agreement. Further, nothing in this Settlement will be construed as interfering with Defendant's rights to determine the

nature, conduct, organization, or structure of its businesses as it deems appropriate or as may be required by law. This Settlement Agreement and its terms are subject to Defendant's other legal obligations, and nothing in this Agreement shall obligate Defendant to take any action that is contrary to those obligations.

## V.     RELEASE AND BAR

### A.     Release, Waiver, and Bar

In exchange for the consideration received under this Settlement Agreement, upon the date of the Court's Approval Order, except as to such rights or claims as may be created by this Settlement Agreement, Named Plaintiff and all Settlement Collective Members irrevocably and unconditionally release and waive all the claims described below that they may now have against Defendant and the Released Parties, as defined below. The claims they are releasing include all known and unknown claims, promises, causes of action, or similar rights of any kind that they may presently have for discrimination because of age based on claims or allegations that were raised or could have been raised in this Action, in the Second Amended Complaint, or in any Complaint filed in this Action, including, without limitation, claims under the Age Discrimination in Employment Act of 1967 ("ADEA") or parallel state or local laws ("Released Claims"). Named Plaintiff and Settlement Collective Members understand that the claims they are releasing may arise under many different foreign, domestic, federal, state, or local laws (including statutes, regulations, other administrative guidance, and common law doctrines) such as all common law contract, tort, or other claims they may have. Named Plaintiff and Settlement Collective Members are not releasing or waiving any claims that applicable law does not permit them to release or waive. The terms of Named Plaintiff's

and Settlement Collective Member's releases and waivers are a material part of this Settlement Agreement.

The "Released Parties" are Defendant, its current and former, direct and indirect owners, parents, subsidiaries, brother-sister companies, and all other affiliates and related entities, and their current and former partners, employees, officers, directors, stockholders, owners, representatives, assigns, attorneys, agents, insurers, employee benefit programs (and the trustees, administrators, fiduciaries, and insurers of those programs), and other related parties or persons acting by, through, under, or on behalf of any of the above persons or entities, and their successors.

Except for a proceeding brought to enforce the terms of the Settlement Agreement, Named Plaintiff and Settlement Collective Members who have agreed to participate in the settlement by signing the release shall, as of the date of the Court's Approval Order, be barred from commencing, maintaining, prosecuting, participating in, or permitting to be filed by any other person on their behalf, any action, suit, or proceeding of any kind against Defendant or the Released Parties with respect to the Released Claims and will be deemed to have agreed to the same by participating in this Settlement.

**B.      Reasonable Time to Consider Agreement**

To be eligible to receive a monetary payment pursuant to this Settlement Agreement, each Settlement Collective Member must sign an Acknowledgement and Consent, a copy of which is attached as Exhibit B. The Parties agree that, under 29 U.S.C. § 626(f)(2) and § (f)(1), Named Plaintiff and Settlement Collective Members are entitled to a reasonable period of time within which to consider the Acknowledgement and Consent and that no revocation period is required.

11

### C.        Named Plaintiff's General Release and Waiver

Subject to Court approval and in addition to the above release and waiver of claims, Named Plaintiff, by executing this Agreement, will generally release and waive any and all employment-related claims, known and unknown, against Defendant and the Released Parties with the exception of any claims for which she may be an absent class member in a class action lawsuit. The general release and waiver is in exchange for her Service Payment, which will exclusively come from, and serve to reduce, the Settlement Sum.

### D.        California Civil Code Section 1542

Named Plaintiff (including their heirs, administrators, representatives, executors, successors, and assigns) expressly waives any and all provisions, rights and benefits conferred under (or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to) California Civil Code § 1542, which states as follows:

> "A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."

### E.        Termination of Releases

If the Settlement does not become effective for any reason or the Settlement set forth in this Settlement Agreement terminates as provided below, then the releases will terminate nunc pro tunc and be of no force and effect as will any obligations Defendant has under this Agreement.

12

### F.      No Bar to Future Claims

Subject to the no reapplication provision below, nothing in this Settlement Agreement shall be construed to bar any claims of Named Plaintiff, Settlement Collective Members, or Defendant that may arise from conduct occurring after the date of the Court's Approval Order.

### G.      No Assignment

Named Plaintiff and Settlement Collective Members may not assign or transfer their rights to participate in this Settlement and represent that they have not done so.

## VI.     NO REAPPLICATION

In exchange for the consideration received under this Settlement Agreement, Named Plaintiff and the Settlement Collective Members agree, for a period of 3 years after the Effective Date of this Agreement, that they are not entitled to re-apply for employment with Defendant. If Named Plaintiff or a Settlement Collective Member does apply during the 3-year period after the Effective Date of this Agreement, she agrees upon request to withdraw her application for employment. If Defendant hires Named Plaintiff or a Settlement Collective Member within 3 years after the Effective Date of this Agreement, the hiring decision will not constitute Defendant's waiver of this provision. In that event, any hired Named Plaintiff or Settlement Collective Member agrees to resign upon request and agree that this Agreement constitutes lawful cause to terminate any future employment. The Parties agree that this provision does not constitute unlawful retaliation in violation of any federal, state, or local law. If, however, any entity that Named Plaintiff or Settlement Collective Member is or may be working for were to be acquired by or merged into Defendant, or acquires Defendant, this provision will not

13

require Named Plaintiff or any Settlement Collective Member to resign or mandate termination of her employment.

## VII.   SETTLEMENT PROCEDURES

### A.   Determination of Payments to Settlement Collective Members

$2.683 million of the Settlement Funds, which is approximately one-third of the amount anticipated to be available for distribution to Collective Members, will be distributed equally to each Collective Member (including Plaintiff Fillekes) who agree to participate in the settlement by signing the release resulting in a minimum payment to each of approximately $11,465. In addition, Settlement Collective Members who previously provided information to Collective Counsel indicating that they may have suffered lost wages damages will divide the amount remaining in the Settlement Sum after all other payments required by this Agreement have been made on a pro rata basis based on the amount of their lost wages damages calculated by Collective Counsel in good faith based on the information made available to Collective Counsel by Defendant and Collective Members, as reflected in Exhibit D. The Claims Administrator shall calculate these additional payments to Collective Members, if any, based on the formulas in Exhibit D. Determination of Settlement Collective Members' exact payments shall be made by the Claims Administrator, in consultation with Collective Counsel, and will be final and not subject to review by, or appeal to, any court, mediator, arbitrator, or other judicial body, including without limitation this Court. Defendant, Defendant's Counsel, Collective Counsel, and the Claims Administrator shall not be held liable for, and shall not be responsible for, any inaccuracies in the information they relied on, or in the determination of a Settlement Collective Member's monetary payment.

14

**B.     Providing Information about Settlement Collective Members to Claims Administrator**

Within five (5) days of the full execution of this Agreement, Collective Counsel will provide to the Claims Administrator the name, email address, last known address, phone number, application work State, and other identifying information for Named Plaintiff and each Settlement Collective Member, if known. Any information provided to the Claims Administrator by Settlement Collective Members will be confidential and not shared with anyone other than Collective Counsel, Defendant's Counsel, or Defendant.

Within five (5) days of the full execution of this Agreement, Collective Counsel will also provide to the Claims Administrator an excel version of Exhibit D that includes the Collective Member names corresponding to the Candidate ID number, and the formulas for calculating their distributions from the Settlement Sum as described in Paragraph VII.A.

**C.     Notice of Settlement**

Within twenty-one (21) days of the full execution of this Agreement, the Claims Administrator will distribute the Notice of Settlement form to each Settlement Collective Member by e-mail. If an e-mail address is not available, or is returned as undeliverable, the Notice shall be mailed.  The Notice of Settlement form (a copy of which is attached hereto as Exhibit A) will include (i) a summary notice, (ii) the Acknowledgement and Consent (a copy of which is attached as Exhibit B), and (iii) either a copy of this Settlement Agreement or a conspicuous electronic link to this Settlement Agreement.   The Notice will include language stating that the Settlement Collective Member understands and agrees that she is releasing and waiving all Released Claims against Defendant and the Released Parties and does so knowingly and voluntarily. The

Claims Administrator shall request that each Settlement Collective Member:   submit the Acknowledgement and Consent form; provide their preferred payment method and information; and provide any necessary tax information or forms, such as W-9 forms.

The Notice of Settlement form provided to the Claims Administrator will be used only in connection with administering this Settlement and shall not be admissible in this Action or any other subsequent proceeding against Defendant or the Released Parties for any purpose.

### D.      Eligibility for Monetary Payment

To be eligible to receive a monetary payment pursuant to this Settlement Agreement, Settlement Collective Members must submit the signed Acknowledgement and Consent, as described in the form attached hereto as Exhibit B, within sixty (60) days from the date that the settlement administrator first distributes the Notice of Settlement form to the Settlement Collective members.  Settlement Collective Members may sign the Acknowledgement and Consent electronically or in hard copy. Any Settlement Collective Member who previously released claims that would otherwise be covered by this Settlement Agreement, or who obtained a final judicial determination on claims that would otherwise be covered by this Settlement Agreement, is not eligible to receive a monetary payment for those claims.

Collective Counsel will notify Defendant's Counsel as soon as reasonably possible, but in any event not later than five (5) business days before the Parties file their Court approval papers, of the number of Settlement Collective Members who have submitted the above Acknowledgement and Consent.

### E.      Withdrawal and Dismissal

Settlement Collective members who affirmatively request to withdraw from the settlement and Settlement Collective members who do not respond to the Settlement Notice form or who cannot be contacted by the Claims Administrator or Collective Counsel will have their claims dismissed without prejudice.  The statute of limitations on their claims for individual relief will resume running on the date of their dismissal.

The Settlement Notice form will advise Settlement Collective Members that they can request to withdraw from the Settlement by mailing or emailing a signed statement to Collective Counsel stating that the Collective Member understands she will not receive any monetary benefits from the Settlement, and that the statute of limitations on their claims for individual relief will resume running on the date of their dismissal.  Collective Counsel will provide Defendant's Counsel with a copy of all withdrawal statements received, whether timely or not, except that attorney-client communications in any withdrawal statements sent to Collective Counsel may be redacted.

### F.      Defendant's Right to Rescind

Collective Counsel will recommend and endorse the settlement to Settlement Collective Members. If more than ten percent (10%) of Settlement Collective Members will have their claims dismissed without prejudice, including those who affirmatively request to withdraw, those who do not respond to the Settlement Notice form, and those who cannot be contacted by the Claims Administrator or Collective Counsel, then Defendant may in its sole discretion withdraw from and rescind this Agreement. Settlement Collective Members who previously released claims covered by this Agreement or who obtained a final judicial determination of claims covered by this Agreement will not be counted toward the above percentage rate. Within eighty (80) days

17

of the Claims Administrator issuing notice to all Collective Members, Collective Counsel

shall provide Defendant and its Counsel with: (i) notice of all eligible Settlement

Collective Members who have returned executed Acknowledgement and Consent forms;

and (ii) a declaration identifying Settlement Collective Members who affirmatively

requested to withdraw, did not respond to Counsel, or who could not be reached and

describing Counsel's reasonable efforts to contact them, after which Defendant and its

Counsel will have five (5) business days to give notice to Collective Counsel of

Defendant's intent to withdraw and rescind.

### G. Court Approval

Within the sooner of ninety (90) days of the Claims Administrator issuing notice

to all Collective Members or ten (10) days after the expiration of the time period for

Defendant to give notice of its intent to withdraw and rescind (as described in paragraph

VII.F above), and as long as Defendant does not rescind the Agreement pursuant to

Paragraph VII.F above, the Parties will jointly petition the Court for an Order: (i)

approving this Settlement as fair, reasonable, and adequate and approving the terms of

this Settlement Agreement; (ii) excluding from the Settlement and dismissing without

prejudice any Settlement Collective Members who timely requested to withdraw from the

Action, did not respond to the Notice Settlement form, or could not be contacted by the

Claims Administrator or Collective Counsel; (iii) requesting that the Court rule that the

statute of limitations for Settlement Collective Members who timely requested to

withdraw from the Action, did not respond to the Notice Settlement form, or could not be

contacted by the Claims Administrator or Collective Counsel, will resume running for

their individual claims from the date of their dismissal; (iv) enjoining and permanently

barring all Settlement Collective Members who have not requested to withdraw from

18

commencing, prosecuting, or maintaining, either directly, representatively, or in any other capacity, any claim that is released and barred by or subsumed within the Settlement Agreement; (v) dismissing this Action on the merits and with prejudice; and (vi) providing that the Court shall have continuing jurisdiction to enforce the Settlement Agreement.

### 1. Jurisdiction and Venue

The Parties agree that the Court has jurisdiction over the Parties and the subject matter of this Action and that venue is proper. The Court shall retain jurisdiction of this Action for at least two (2) years from the Effective Date of the Settlement Agreement solely for the purpose of entering all orders and judgments authorized that may be necessary to implement and enforce the Settlement.

### 2. Duty to Cooperate

The Parties and their Counsel agree to use their best efforts to obtain prompt entry of the Approval Order and to recommend to the Court that the Settlement Agreement is reasonable and appropriate and in the best interests of justice, they have bargained for the terms in the Agreement at arms' length, and no portion of this Agreement should be modified or struck. The parties agree that, although an Approval Hearing is not required by § 216(b), they will cooperate in any such hearing the Court may notice.

### 3. Stipulation to Final Certification

Solely for purposes of settlement and judicial approval of this Settlement, pursuant to 289 U.S.C. § 216(b), the Parties stipulate to the final certification of the Settlement Collective as defined above. Defendant does not waive, but instead expressly reserves, its right to challenge the propriety of certification and the Court's denial of decertification for any purpose as if this Settlement Agreement had not been entered into

19

by the Parties, should the Court not approve the Settlement Agreement, should the Effective Date not occur, should Defendant exercise its right to withdraw from and rescind this Agreement, or should the Settlement otherwise fail. Other than to effectuate this Settlement Agreement, Defendant does not agree to final certification of the Settlement Collective.

### 4. Procedural Guidance for Class Settlements and Standing Order

The Parties agree and will recommend to the Court that the Northern District of California's Procedural Guidance for Class Action Settlements does not apply to this action because this is a collective action under 29 U.S.C. § 216(b) and is not a Rule 23 class action.

### H. Distributions from the Settlement Sum

Within twenty (20) business days of the Court's approval of this Settlement Agreement, Defendant shall pay, by wire transfer to the Claims Administrator, the Settlement Sum of eleven million dollars ($11,000,000).  At its sole discretion, Defendant may pay the Settlement Sum before the Effective Date.

Within twenty (20) business days after the Effective Date, the Claims Administrator will make payment by mailing a check or making electronic payment to Named Plaintiff and each Settlement Collective Member who is identified in the Parties' Court approval papers as a Settlement Collective member who has agreed to participate in the settlement by signing the release, with their respective portions of the Settlement Sum. The total amount of monetary payments to Named Plaintiff and Settlement Collective Members shall not exceed the net amount of the Settlement Sum after considering interest earned and all costs related to the Settlement, Collective Counsel's

20

attorney's fees and costs, payroll withholding taxes, the Claims Administrator's fees and costs of administration, and other appropriate costs. Further, Named Plaintiff's or a Settlement Collective Member's receipt of a monetary payment does not require any additional contributions by Defendant to the Settlement Sum.  The payments to Named Plaintiff and each Settlement Collective member, if issued by check, will be issued with ninety (90) day void dates.  Requests for re-issued checks will only be accepted by the Claims Administrator within that ninety (90) day period.

Within five (5) business days after the receipt of the Settlement Sum from Defendant, the Claims Administrator will wire the total amount of Court-approved attorneys' fees and costs to Collective Counsel. In the event that fees or costs have been paid to Collective Counsel, and the Settlement does not become effective for any reason, or if the Judgment or order granting the fee and cost award is reversed or modified on appeal, then Collective Counsel shall within seven (7) business days of a request from Defendant or the Settlement Administrator, refund to the Settlement Fund any affected amounts paid to them. Each Collective Counsel or firm receiving a fee shall be liable for repayment in the amount it received. Each Collective Counsel's law firm, as a condition of receiving the fee or cost award in advance of the Effective Date, on behalf of itself and each partner, agrees that the law firm and its partners are subject to the jurisdiction of the Court for the purposes of enforcing this paragraph. Each such law firm and its partners agree that the Court may, upon application of Defendant and notice to Collective Counsel, summarily issue orders, including, but not limited to, judgments and attachment orders, and may make appropriate findings of or sanctions for contempt against any of them should such law firm or partner fail timely to repay the fee or cost award.

Defendant will have no liability or other responsibility for the allocation of attorneys' fees or costs, which decision shall be made solely by Collective Counsel.

**I.     Remaining Funds**

If funds exceeding twenty-five thousand dollars ($25,000) remain in the Settlement Fund ninety (90) days after the settlement payments are made to Named Plaintiff and Settlement Collective Members or after all re-issued payments have been deposited or voided, those funds (less reasonable administration costs for the Claims Administrator to issue the payments) will be distributed equally among the Named Plaintiff and the Settlement Collective Members who deposited their initial settlement payments. If less than twenty-five thousand dollars ($25,000) remains in the Settlement Fund or if any funds remain in the Settlement Fund ninety (90) days after the second round of disbursements described earlier in this paragraph, the remaining funds will be donated to the AARP Foundation and the Claims Administrator shall request that the donation be used to promote the employment of individuals over 40 years of age in technology jobs.

**J.     Confidentiality**

The Claims Administrator will provide Collective Counsel and Defendant's Counsel and Defendant's payroll department with the names of all Settlement Collective Members who are eligible to receive a monetary payment. The Claims Administrator will maintain the confidentiality of all Social Security numbers or other personal identifying information or data, which Collective Counsel will provide to the Administrator in accordance with applicable law and will enter into an appropriate form of agreement with the Parties for the protection of this information. To the extent there is any disagreement about the accuracy of the information provided to the Settlement Collective Members, the

22

disagreement will be resolved by the Claims Administrator in consultation with the Parties and their counsel.

### K.       Records and Reports

The Claims Administrator will, among other things: (i) maintain a record of its activities, including the dates of mailing of the Notice of Settlement forms and settlement checks, returned mail and other communications, and attempted communications with Settlement Collective Members; (ii) provide from time to time to counsel for the Parties in writing a summary of its activities and completion of the administration of the settlement; (iii) timely respond to communications from the Parties or their respective counsel; and (iv) perform any other tasks as the Parties mutually agree. The Claims Administrator will maintain all records of the Settlement and its administration for a period of seven (7) years.

### L.       Non-Admissibility of Fact of Payment or Non-Payment

Except to the extent it would constitute a setoff in an action for damages claimed for any period covered by this Settlement, neither the fact nor the amount of a monetary payment, nor the fact of any non-payment, from the Settlement Fund to a Settlement Collective Member shall be admissible in any proceeding for any purpose other than to enforce Named Plaintiff's or a Settlement Collective Member's release and waiver ordered or executed in connection with this Settlement, nor shall such a fact be deemed to be a finding on the merits of any claim.

## VIII.  TAXES

### A.       Qualified Tax Status and Tax Responsibilities

The Settlement Fund will be established as a Qualified Settlement Fund within the meaning of Section 468B of the Internal Revenue Code of 1986, as amended, and Treas.

23

Reg. Section 1.468B-1, et seq. The Fund will be administered by the Claims

Administrator under the Court's supervision. Defendant will be deemed to have made an

election under Section 468B of the Revenue Code to have the Fund treated as a

"Qualified Settlement Fund." Defendant will timely furnish a statement to the Claims

Administrator that complies with Treasury Regulation § 1.468B-3(e) and attach a copy of

the statement to its federal income tax return that is filed for the taxable year in which

Defendant makes the required payment to the Settlement Fund. The Parties agree to

cooperate to ensure such treatment and agree not to take a position in any filing or before

any tax authority inconsistent with this treatment.

**B.      Claims Administrator's Duties**

As noted above, the Claims Administrator will serve as trustee of the Settlement

Fund and will act as a fiduciary with respect to the handling, management, and

distribution of amounts from the Fund, including the handling of tax-related issues and

payments. Specifically, the Claims Administrator will be responsible for withholding,

remitting and reporting Named Plaintiff's, Settlement Collective Members', and

Defendant's share of payroll taxes.

**C.      Allocation of Payments and Service Payment**

The Parties recognize that the monetary payments to Settlement Collective

Members from the Settlement Fund will be subject to applicable taxes, withholding, and

reporting, which will be handled as follows. The Parties agree that fifty-percent (50%) of

all payments to Named Plaintiff and Settlement Collective Members will be allocated as

wages, and normal payroll taxes and withholdings will be deducted from this portion of

Named Plaintiff's and each Settlement Collective Member's monetary payments pursuant

to applicable law, except that any Service Payment to the Named Plaintiff will be paid as

non-wage income. This portion of monetary payments will be reported on an IRS Form W-2. The remaining fifty-percent (50%) will be allocated as liquidated damages and interest and will be reported on an IRS Form 1099. Named Plaintiff and Settlement Collective Members will be responsible for correctly reporting this for tax purposes and for paying any taxes on the amounts received.

Each Party's tax obligations, if any, and the determination thereof, are the sole responsibility of the Party, and the tax consequences, if any, depend on the particular circumstances of each party. Each Party agrees that, should any taxing authority assess any taxes, penalties, or interest against them as a result of the settlement, they will be solely responsible for the taxes, penalties, or interest, if any, which may be owed to any governmental agency as a result of the settlement payments.

Should the IRS determine that there has been an overpayment of withholding taxes on behalf of Defendant paid from the Settlement Fund, any such overpayment shall be credited or paid to the relevant Named Plaintiff or Collective Member and not to Defendant.

### D.      No Admission and Inadmissible

The Parties agree that Named Plaintiff's and the Settlement Collective's claims under the ADEA include a claim for liquidated damages and interest, but further agree that the above allocation of Settlement Collective Members' payments is solely for the purpose of settlement. This allocation does not constitute an admission that Defendant or the Released Parties are liable for damages of any kind, including but not limited to liquidated damages and interest, and this allocation may not be used in any proceeding as evidence that Defendant or the Released Parties are liable for damages of any kind or that

their acts or omissions were willful or were with malice or reckless disregard for any rights under applicable law.

### E.     Payment of Taxes, Expenses, and Costs

The Claims Administrator will be responsible to satisfy from the Settlement Fund any and all federal, state, and local employment and withholding taxes, including, without limitation, federal and state income tax withholding and employment taxes. The following will also be exclusively paid out of and will serve to reduce the Settlement Fund: (i) all taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed on Defendant with respect to income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" for federal and state income tax purposes ("Settlement Fund Taxes"); and (ii) all expenses and costs incurred by the Claims Administrator in connection with operating and implementing this paragraph (including, without limitation, expenses of tax attorneys or accountants and mailing and distribution costs and expenses relating to filing or failing to file any returns described in this Agreement or otherwise required to be filed pursuant to applicable authorities) ("Settlement Fund Tax Expenses"). Further, Settlement Fund Taxes and Settlement Fund Tax Expenses will be treated as costs of the administration of the Settlement Fund. The Parties agree to cooperate with the Claims Administrator and with each other and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions set forth in this paragraph.

26

### F. Tax Forms and Tax Reporting

The Claims Administrator will be responsible for procuring any required tax forms from Named Plaintiff and Settlement Collective Members. The Claims Administrator will timely report and remit Defendant's share of payroll taxes relative to the settlement payments to the appropriate taxing authorities and will be responsible for the timely reporting and remitting of that payment to the appropriate taxing authorities. The Claims Administrator will satisfy all federal, state, local, and other reporting requirements (including any applicable reporting with respect to attorneys' fees and other costs subject to reporting) and any and all taxes, penalties, and other obligations with respect to the payments or distributions from the Settlement Fund not otherwise addressed in this Agreement.

## IX. TERMINATION OF AGREEMENT

### A. No Final or Binding Settlement

If the Court does not approve any material condition of the Parties' Settlement Agreement (unless the Parties then agree to modify this Agreement), if the Effective Date does not occur, if as provided for above Defendant withdraws from the Settlement and rescinds this Agreement, or if the Settlement otherwise fails for any reason, the entire Settlement Agreement will be void and unenforceable. In that event: (i) the Parties shall be restored to the status quo ante, that is, their respective positions that existed in this Action prior to entering into this Settlement Agreement; (ii) the terms and provisions of this Settlement Agreement shall have no force or effect; (iii) neither this Settlement Agreement nor any statements, discussions, or materials prepared, exchanged, issued, or used during the negotiation of this Settlement Agreement shall be used in this Action or in any proceeding for any purpose; (iv) to the extent paid, the Settlement Sum, including

27

attorneys' fees and costs, shall be returned to Defendant, including the interest earned (or that would have been earned at same interest rate as the escrow account in which the Settlement Fund is held) through the date of termination, after deducting costs paid or incurred by the Claims Administrator as of the date of termination; (v) any judgment entered by the Court in accordance with the terms of this Settlement Agreement shall be treated as vacated, nunc pro tunc; and (vi) the litigation of the Action will resume as if there had been no Settlement Agreement, with no stipulated Collective. In this event, the Parties will retain all rights, claims, objections, defenses, and affirmative defenses as to certification and decertification and otherwise as to the merits, allegations, and claims asserted in and defenses to this Action. Also, the Settlement and all negotiations and proceedings related to it will be without prejudice to the rights of the Parties, and evidence of the Settlement and all negotiations and proceedings about it will be inadmissible and will not be discoverable.

### B.      No Waiver and No Admissions

If this Settlement does not become final and binding, neither Party will be deemed to have waived any claims, objections, rights, defenses or affirmative defenses, or factual or legal arguments or positions, including but not limited to those related to the merits or to certification or decertification, and each Party reserves the right to prosecute or defend this Action. In that event, Named Plaintiff and Settlement Collective Members will continue to assert the merits and validity of their claims for age discrimination, and Defendant will continue to assert the merits and validity of, and does not waive, its defenses and affirmative defenses to Named Plaintiff's and Settlement Collective Members' claims and allegations and to certification and decertification. Likewise, if this Settlement does not become final and binding, this Agreement also does not, and is not

intended to constitute, nor shall it be deemed to constitute, an admission by any Party on the merits, validity, or accuracy of any of the allegations, claims, defenses, or affirmative defenses of any party in this case or on certification or decertification. This provision survives the termination of this Agreement.

## X.    OTHER SETTLEMENT TERMS

### A.    Duty of Cooperation and Best Efforts

The Parties agree that they will fully cooperate to effectuate and implement, and will exercise good faith efforts to accomplish, all terms and conditions of this Settlement Agreement. The Parties agree to accept non-material and procedural changes to this Agreement if so required by the Court in connection with approval of the Settlement. But under no circumstances are the Parties obligated to accept any changes to the amount of the Settlement Sum, the scope of the releases, or any other material change to the Settlement, including but not limited to the programmatic relief provided for above.

### B.    Entire Agreement

This Settlement Agreement contains the entire agreement between the Parties relating to any and all matters addressed in the Settlement Agreement, and all prior or contemporaneous agreements, understandings, representations and statements, whether oral or written and whether by a Party or such Party's legal counsel, with respect to these matters are extinguished or merged into this Agreement. No rights under this agreement may be waived or modified except in a writing signed by all Parties.

### C.    No Admission and No Determination

By entering into this Agreement, Defendant and the Released Parties do not admit or concede, expressly or impliedly, but rather deny that they have violated in any way the ADEA or any parallel state and local laws prohibiting age discrimination, the common

law of any jurisdiction, or any other federal, state or local law, statute, ordinance, regulation, rule, or executive order, or any obligation or duty at law or in equity. Neither the Court nor any other court has made any findings or expressed any opinion about the merits, validity, or accuracy of any of the allegations, claims, defenses, or affirmative defenses in this case. To the contrary, Defendant and the Released Parties deny that they engaged in any form of discrimination on the basis of age or any other basis with respect to any applicant for employment.

### D.    Inadmissibility

Except for the purpose of enforcing this Settlement Agreement, nothing in this Agreement, nor the Court's Approval Order, nor any action taken in implementation of it, nor any statements, discussions, or communications, nor any materials prepared, exchanged, issued, or used during the course of any negotiations leading to this Settlement Agreement, is intended by the Parties to, nor shall any of the above constitute, be introduced, be used, or be admissible in any way in this Action or any other judicial, arbitral, administrative, investigative, or other proceeding of any kind or nature (including, without limitation, the results of the claims process established under this Settlement Agreement or in any proceeding related to Robert Heath's claims), as evidence on the merits, on the propriety of certification or decertification, or on any other issue or subject of this Action or any other action. For example, the above does not constitute and may not be used as evidence of age discrimination or as evidence of any violation of the ADEA or parallel state and local laws prohibiting age discrimination, the common law of any jurisdiction, or any other federal, state or local law, statute, ordinance, regulation, rule, or executive order, or any obligation or duty at law or in

equity. Neither shall this Settlement Agreement be admissible on the propriety of certification or decertification.

### E.     No Interference with Defendant's Business

This Settlement Agreement does not impose any obligations on the Parties beyond the terms and conditions stated in this Agreement. Accordingly, this Agreement shall not prevent or preclude Defendant from revising its employment practices and policies or taking other personnel actions during the term of this Settlement Agreement so long as those actions are not inconsistent with this Settlement Agreement. Further, nothing in this Settlement will be construed as interfering with Defendant's rights to determine the nature, conduct, organization, or structure of its businesses as it deems appropriate or as may be required by law. This Settlement Agreement and its terms are subject to Defendant's other legal obligations, and nothing in this Agreement shall obligate Defendant to take any action that is contrary to said obligations.

### F.     Non-Precedential

This Settlement Agreement is non-precedential and shall not be deemed to constitute an admission that certification or decertification is appropriate in this Action or any other action that might be brought against Defendant. Notwithstanding this, this Settlement Agreement may be used in any proceeding to enforce or implement any provision of this Settlement Agreement or implement any orders or judgments of the Court entered into in connection with this Settlement.

### G.     Public Statements

Before the Parties seek the Court's approval of the Settlement, Collective Counsel and Named Plaintiff agree to keep the terms of the Settlement confidential and the notice distributed by the Settlement Administrator will instruct Settlement Collective Members

31

also to do so. This includes, but is not limited to, not making any public statements in any form about the Settlement or any Party and not responding to any inquiries about the Settlement.

For 3 years following the Effective Date, Named Plaintiff agrees not to make any critical, negative, or disparaging remarks about Defendant related to any alleged discrimination, including, without limitation, about Defendant's current and former affiliates, subsidiaries, and its employees or Defendant's Counsel, or about the Action or the Settlement in any public press notices or in responding to press inquiries about the Action or the Settlement. Named Plaintiff may, however, generally describe the allegations asserted in the Action. Defendant, including Defendant's Counsel, agrees not to make critical, negative, or disparaging remarks about Named Plaintiff or Collective Counsel, or about the Action or the Settlement in any public press notices or in responding to press inquiries about the Action or Settlement Agreement. Defendant and Defendant's counsel may, however, state that Defendant vigorously denied and continues to deny the allegations in the Action, and Plaintiff and Collective Counsel may state that Plaintiff continues to believe in the merits of the allegations in the Action.

The Parties agree to support the Settlement, including in any public statements, and will not characterize the Settlement as a victory or a loss on the merits by either Party, but rather as a fair settlement from both Parties' perspectives. Before issuing any press release, the Parties and their Counsel will share drafts to ensure that they are consistent with this paragraph.

### H.    Documents and Electronically Stored Information

All documents or electronically stored information ("ESI") that were provided or produced to Collective Counsel or Defendant in this Action, or which are produced by

Collective Counsel or Defendant pursuant to any provision of this Settlement Agreement, unless otherwise agreed, shall as of the date this Agreement is executed, be treated as and thereafter remain confidential to the extent required by the Protective Order previously entered in this Action on November 13, 2015 (ECF 38). With respect to handling, disposal, and return of documents and ESI, the Parties will abide by the terms and conditions of the Protective Order previously entered in this Action on November 13, 2015 (ECF 38).

### I.      Governing Law

The Parties agree that federal law shall govern the validity, construction, and enforcement of this Settlement Agreement. To the extent that state law is determined to govern the validity, construction, or enforcement of this Settlement Agreement, the law of the State of California will apply.

### J.      CAFA Notice

To the extent required, Defendant will be responsible for timely compliance with all CAFA notice requirements and will serve notices consistent with 28 U.S.C. § 1715(b) and the timing set forth in 28 U.S.C. § 1715(d).

### K.      Waiver of Appeals

The Parties agree to waive all appeals and to stipulate to final certification of this Action as a collective action solely for purposes of implementing this Settlement.

### L.      Exhibits

The Exhibits to this Settlement Agreement are material and integral parts of the Settlement and are fully incorporated here by reference.

### M.     No Waiver

No rights or obligations under this Agreement may be waived except in writing. The failure of any Party to insist in any one or more instances on strict compliance with the terms and conditions of this Settlement Agreement may not be construed as a waiver of any other term or condition or any remedies available with respect to any prior or subsequent breach.

### N.     Modifications

No material modifications to this Settlement Agreement may be made without written agreement of all Parties and prior Court approval. The Parties will have the right to seek modification of the Agreement by the Court to ensure that its purposes are fully effectuated. The Parties may also jointly agree to modify the Settlement Agreement with the approval of the Court. Upon application for a modification of the Settlement Agreement, the movant shall bear the burden of proving by a preponderance of the evidence that circumstances make such modification necessary.

### O.     Extensions

Named Plaintiff and Defendant and their Counsel recognize that from time to time unforeseen events may cause delays in the accomplishment of objectives, no matter how well-intentioned and diligent the Parties may be. Accordingly, as to the provisions of this Settlement Agreement that require the Parties to take certain actions within specified time periods, except for deadlines set forth by the Court in its Approval Order or any other Order of the Court, the Parties agree that Court approval will not be required for reasonable extensions of deadlines. If any Party determines in good faith that an action required by this Agreement cannot be taken within the specified time period, Counsel for

that Party shall promptly notify Counsel for the other Party that it anticipates a delay, the reasons for the delay, and a proposed alternative deadline.

### P.      Construction and Interpretation of Agreement

The Parties agree that the terms of this Settlement Agreement are the result of extensive, arms-length negotiations between the Parties. Therefore, the terms of this Settlement Agreement shall not be construed more strictly against one party than another. Whenever possible, each provision and term of this Settlement Agreement shall be interpreted in such a manner as to be valid and enforceable. Paragraph and section headings are for convenience and for reference only, are not intended to create substantive rights or obligations, and in no way define, limit, extend, or describe the scope of this Agreement or any provision of it. Each term of this Agreement is contractual and is not merely a recital, except for those in Section I.

### Q.      Severability

If any portion of this Settlement Agreement is judged to be unenforceable, the remainder of this Agreement will continue to be valid and enforceable.

### R.      Agreement Binding

As of the date on which the Parties and their Counsel execute this Settlement Agreement, this Agreement will be binding in all respects, unless it is terminated as provided for elsewhere in this Agreement.

### S.      Successors and Assigns

This Settlement Agreement will inure to the benefit of, and be binding upon, the Parties and their respective heirs, dependents, executors, administrators, trustees, legal representatives, personal representatives, agents, successors and assigns, except that this Settlement Agreement shall not inure to the benefit of any third party.

### T.      Disputes and Enforcement

If any dispute or disagreement with respect to the meaning, effect, or interpretation of this Settlement Agreement or any of its Exhibits, or if there is a claimed breach of the Agreement, the Parties agree that this dispute will be resolved and adjudicated only in accordance with the following provisions. Enforcement of this Settlement Agreement may be prosecuted only by Collective Counsel or Defendant's Counsel, not by any third parties. The Parties agree to work diligently and in good faith to resolve all disputes that may arise during the term of this Settlement Agreement about the rights, obligations, and duties of the Parties to the Agreement. Collective Counsel and Defendant's Counsel agree first to meet and confer before commencing any enforcement proceedings. If the Parties cannot agree, they agree to attempt to resolve the dispute with a telephone conference with The Honorable Donna M. Ryu of the U.S. District Court for the Northern District of California. If the disagreement persists, the Parties agree to conduct an in-person session with Magistrate Judge Ryu. The Parties reserve their rights to seek recourse with the Court, but may do so only after first complying with the preceding provisions. Any enforcement proceedings related to or arising out of this Settlement Agreement will be resolved and adjudicated only by The Honorable Beth Labson Freeman of the U.S. District Court for the Northern District of California, or by any other federal judge to whom this case subsequently may be assigned, unless otherwise provided in this Settlement Agreement.

### U.      Counterparts

This Settlement Agreement may be executed in counterparts. Each signed counterpart together with the others shall constitute the full Settlement Agreement.

## V.    Notices to Counsel

All notices to counsel required or necessary to be given under this Agreement will be in writing and by e-mail to lead counsel for the respective Parties. Specifically, such notices shall be emailed to Daniel Kotchen and Daniel Low of Kotchen & Low LLP, for the Named Plaintiff and Settlement Collective, and Thomas McInerney and Craig Cleland of Ogletree Deakins, P.C., for Defendant, at their respective email addresses set forth below or to such other address as any such Party or Counsel may designate in a notice.

**IT IS SO AGREED**:

**NAMED PLAINTIFF**

Dated: _25 April 2019_

_Cheryl A Fillekes_

Cheryl Fillekes

**DEFENDANT GOOGLE LLC**

Dated: _____

Name: _____

Title: _____

Signature: _____

**APPROVED AS TO FORM:**

Dated: _____

OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.

_____

A. Craig Cleland
Thomas M. McInerney
Brian D. Berry
Counsel for Defendant Google LLC

37

## V.    Notices to Counsel

All notices to counsel required or necessary to be given under this Agreement will be in writing and by e-mail to lead counsel for the respective Parties. Specifically, such notices shall be emailed to Daniel Kotchen and Daniel Low of Kotchen & Low LLP, for the Named Plaintiff and Settlement Collective, and Thomas McInerney and Craig Cleland of Ogletree Deakins, P.C., for Defendant, at their respective email addresses set forth below or to such other address as any such Party or Counsel may designate in a notice.

**IT IS SO AGREED:**

**NAMED PLAINTIFF**

Dated: _____

_____
Cheryl Fillekes

**DEFENDANT GOOGLE LLC**

Dated: 4/29/19

Name: _Amy J. Lambert_

Title: _Vice President, Legal_

Signature: _Amy Lambert_

**APPROVED AS TO FORM:**

Dated: 4/27/7

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

A. Craig Cleland
Thomas M. McInerney
Brian D. Berry
Counsel for Defendant Google LLC

37

Dated: _4 - 25 - 19_

KOTCHEN & LOW LLP

Daniel L. Low
Daniel Kotchen
Michael von Klemperer
Counsel for Plaintiff Cheryl Fillekes and
Opt-In Plaintiffs

38282532.1

38

## Notice of Collective Action Settlement

### *Heath & Fillekes v. Google LLC, No. 5:15-cv-01824 (N.D. Cal.)*

**\*\* This Notice affects your legal rights.   Please read it carefully. \*\***

TO: [NAME].

**This notice explains the terms of the settlement in the *Heath v. Google* age discrimination lawsuit.  As an opt-in plaintiff in this collective action, you have the right to participate in the settlement and receive approximately $<<EstSet>> on a confidential basis.  Or if you decline to participate in the settlement, you will receive no payment or any of the other benefits in the settlement agreement, and your age discrimination claims against Google will be dismissed without prejudice by the Court.  To participate in the settlement on the terms described below, you MUST timely submit the attached Confidential Settlement Agreement Acknowledgement and Consent form ("Acknowledgement and Consent") by [DATE].**

Plaintiff Cheryl Fillekes initiated this collective action, alleging that Google has engaged in a systematic practice of discriminating against individuals who are age 40 or older in hiring for software engineering and related positions. You previously signed a Consent to Join form and joined this collective action as an opt-in Plaintiff.  Plaintiff Cheryl Fillekes and Google have now reached a settlement of this case.  Subject to the Court's approval at a later date, the settlement will resolve the claims of Fillekes and all collective action Plaintiffs who  participate in the settlement, including you.  Settlement payments will be made only after the Court approves the settlement, and any appeals are waived.

**Any questions? Read on and visit [insert website]**

If you submit the Acknowledgement and Consent for this settlement, you will receive approximately $<<EstSet>> or more upon approval of the settlement by the Court.

In return for this payment, you release and waive any age discrimination claims you may have against Google up until the time of the Court's approval of the settlement, and you also agree not to re-apply for employment with Google for three (3) years after the "Effective Date" of the settlement.

You should keep the terms of the settlement agreement and this notice confidential and not make any public statements about them.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
| --- | --- |
| **Participate in the Settlement.** | **Participate in the settlement. Receive a monetary payment. Give up age discrimination claims against Google.**<br><br>To participate in the settlement and receive a monetary payment under the Settlement Agreement, you MUST timely submit a Consent and Acknowledgement form online, by email, or by mail within sixty (60) days of the initial distribution of this notice. In doing so, you are releasing and waiving all age-based discrimination claims against Google and agreeing that you are not entitled to re-apply for employment with Google for three (3) years after the Effective Date of the settlement. |
| **Withdraw from the Settlement.** | **Request to withdraw from the settlement. Receive no monetary payment. Keep rights.**<br>If you ask to be excluded from the settlement, your claims in this lawsuit will be dismissed without prejudice, and the statute of limitations on those claims will resume running on the date of the dismissal of the case by the Court. You keep any right to pursue the same legal claims in an individual lawsuit against Google, but you will lose the ability to recover any monetary payment or other benefits under the Settlement Agreement. |
| **Do Nothing. Do Not Participate in the Settlement.** | **Take no action. Do not participate in the settlement. Receive no monetary award. Keep rights.**<br>If you do nothing, your claims in this lawsuit will be dismissed without prejudice, and the statute of limitations on those claims will resume running on the date of the dismissal by the Court. You keep any right to pursue the same legal claims in an individual lawsuit against Google, but will lose the ability to recover any monetary payment under the Settlement Agreement. |

- Your options are explained in this notice. To participate in the settlement, you must act before [DATE – 60 days from date of distribution of this notice] by completing and submitting an Acknowledgement and Consent  form to the Claims Administrator.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ...................................................................................... **- 4 -**

    1.  Why did I get this notice? ............................................................- 4 -

    2.  What is this lawsuit about? ...........................................................- 4 -

    3.  Why is there a settlement? ............................................................- 4 -

    4.  Who is the Claims Administrator?...............................................- 4 -

**SETTLEMENT TERMS AND EACH INDIVIDUAL'S ENTITLEMENT TO COMPENSATION**............................................................................. **- 5 -**

    5.  What are the settlement terms and how much can I expect to receive if I participate?..- 5 -

    6.  Court approval of the settlement.................................................- 7 -

**YOUR RIGHTS AND OPTIONS REGARDING PARTICIPATION IN THE SETTLEMENT** ...................................................................................... **- 7 -**

    7.  What are my options? ...................................................................- 7 -

    8.  Release of claims. What will I give up if I participate in the Settlement?......................- 8 -

**ADDITIONAL INFORMATION** .................................................................... **- 9 -**

    9.  Plaintiffs' Counsel ........................................................................- 9 -

    10.   Copies of Important Documents. ..........................................- 9 -

# BASIC INFORMATION

| 1.   Why did I get this notice? |
| --- |

You previously submitted a Consent to Join form and became a party plaintiff in the collective action age discrimination lawsuit known as *Heath & Fillekes v. Google LLC*, No. 5:15-cv-01824 (N.D. Cal.). This notice informs you that the Parties in the case have reached a settlement, subject to Court approval. This settlement entitles you to a monetary payment and other benefits under the Settlement Agreement and affects your legal rights. This notice provides you with instructions on the options available to you and how you can make a claim for payment under the Settlement Agreement.

| 2.   What is this lawsuit about? |
| --- |

This lawsuit involves allegations by approximately 234 Plaintiffs (including you) that Defendant Google LLC, through its hiring practices, violated the federal Age Discrimination in Employment Act (ADEA). Specifically, Plaintiffs allege that Google has engaged in a systematic practice of discriminating against individuals who are age 40 and older in hiring for software engineering and related positions.

| 3.   Why is there a settlement? |
| --- |

Instead of proceeding to trial, lead Plaintiff Cheryl Fillekes entered into a settlement with Google on behalf of all Plaintiffs, including you, who wish to participate in the settlement. The settlement is subject approval by the Court at a later date.  The settlement allows the Parties, including you, to avoid the costs and risks of a trial.

| 4.   Who is the Claims Administrator? |
| --- |

The Claims Administrator is a third party appointed by the parties to: send this notice, process and issue settlement checks; withhold, remit, and report Plaintiffs' and Google's share of payroll taxes; and otherwise administer the settlement. The Parties have retained KCC LLC for the purpose of administering the settlement after soliciting bids from five companies.

You may contact the Class Administrator at:

[insert KCC's address, website, etc.]

# SETTLEMENT TERMS AND EACH INDIVIDUAL'S ENTITLEMENT TO COMPENSATION

**5.   What are the settlement terms and how much can I expect to receive if I participate?**

### a.  Overall Summary of Settlement Terms.

Google will pay $11,000,000 to settle this case (the "Settlement Sum"). From that amount, payments will be made to: (1) each of the 234 Plaintiffs who return their signed Acknowledgement and Consent form within sixty (60) days; (2) Plaintiffs' counsel, Kotchen & Low LLP and DVG Law Partner LLC, for attorneys' fees and costs incurred in litigating this case ($2,750,000 or twenty-five percent (25%) of the Settlement Sum, plus their litigation costs and expenses); (3) the Settlement Administrator for administration costs (approximately $21,400); and (4) an incentive award to Plaintiff Fillekes for her participation in prosecuting and settling this action ($10,000). One-third of the amount anticipated to be available for distribution to Plaintiffs, $2,683,000, will be divided equally among those Plaintiffs who timely execute and submit an Acknowledgement and Consent form, or a minimum of approximately $11,465 (if every eligible Plaintiff participates). The remaining funds will be distributed to each eligible Plaintiff who suffered lost wages damages on a pro rata basis based on the estimated amount of his or her lost wages (as calculated by Plaintiffs' counsel based on the information previously provided to them). The payments will be valid for ninety (90) days from original issuance. Payments will not be re-issued unless requests are received within the ninety (90) day period.

If funds exceeding twenty-five thousand dollars ($25,000) remain in the Settlement Fund ninety (90) days after the settlement payments are made to Plaintiffs or after all re-issued payments have been deposited or voided, those funds (less reasonable administration costs for the Claims Administrator to issue the payments) will be distributed equally among the Plaintiffs who cashed their original payments in the settlement.  If less than twenty-five thousand dollars ($25,000) remains in the Settlement Fund or if any funds remain in the Settlement Fund ninety (90) days after the second round of disbursements, the remaining funds will be donated to the AARP Foundation, and the Claims Administrator shall request that the donation be used to promote the employment of individuals over 40 years of age in technology jobs.

### b.  Calculation of Each Individual's Payment.

$2,683,000 of the Settlement Sum will be distributed equally to each Plaintiff who timely executes and submits the Acknowledgement and Consent form. If you participate in the settlement, your share of the Settlement Sum will total, at a minimum, approximately $11,465. In addition, Plaintiffs who previously provided information to Plaintiffs' counsel

indicating that they may have suffered lost wages damages will divide the amount remaining in the Settlement Sum (after all other payments required by the Settlement Agreement have been made) on a pro rata basis based on the amount of their lost wages damages calculated by Plaintiffs' counsel in good faith based on the information made available to them.

### c.   How Much Can I Expect to Receive?

Each Plaintiff who agrees to participate in the settlement by signing the Acknowledgement and Consent form  can expect to receive, at a minimum, approximately $11,465.

Because you earned [less income OR more or the same income] than you would have earned had you been hired by Google following your on-site interview, you [may have suffered OR did not suffer] lost wages damages.  [You are entitled to additional monies from the Settlement Sum.] If you choose to participate in the settlement, you can therefore expect to receive approximately $<<EstSet>>.

### d.   Applicable Tax Withholding and Responsibility for Taxes.

The Settlement Agreement allocates how payments made to you under this settlement should be treated for tax purposes. Accordingly, payments to Plaintiffs are allocated for tax purposes as follows: fifty-percent (50%) of all payments to Plaintiffs will be allocated as wages, and normal payroll taxes and withholdings will be deducted from this portion of these monetary payments pursuant to applicable law. This portion of monetary payments will be reported on an IRS Form W-2. The remaining fifty-percent (50%) will be allocated as liquidated damages and interest and will be reported on an IRS Form 1099. You will be responsible for correctly reporting this for tax purposes and for paying any taxes on the amounts received.

You will also be responsible for the tax obligations and consequences of all payments received from the Settlement Sum, for filing returns and reporting all income received to state and federal taxing authorities, and for payment of any other applicable taxes due. The Parties cannot provide and will not provide any advice regarding tax obligations. You may want to seek advice from your own tax advisor concerning these responsibilities.

### e.   Attorneys' Fees and Costs for Plaintiffs' Counsel.

You elected to be represented by Plaintiffs' counsel, Kotchen & Low LLP and DVG Law Partner LLC, when joining the collective action lawsuit. Plaintiffs' Counsel was not paid as the matter proceeded, and they funded the expenses of conducting this litigation. The settlement provides that Plaintiffs' counsel will receive, subject to Court approval, an award of attorneys' fees of twenty-five percent (25%) of the Settlement Sum, or $2,750,000, plus reimbursement of expenses they incurred in litigating this action. These expenses amount to approximately $185,000 so far.

### f.   Settlement Administration Costs.

Reasonable costs of administering the settlement, including the Settlement Administrator's fees and expenses (approximately $21,400), will be paid out of the Settlement Sum.

### g.   Service Payment to Plaintiff Fillekes.

Subject to Court approval, Named Plaintiff Cheryl Fillekes will receive a service payment of $10,000, which will be paid out of the Settlement Sum. This award is intended to compensate Plaintiff Fillekes for her risk incurred and time and efforts spent advancing the prosecution of this lawsuit on behalf of Plaintiffs.

| | |
|---|---|
| **6.** | **Court approval of the settlement.** |

The terms and conditions of this settlement are subject to Court approval. The Parties will jointly petition the Court for an Order approving this settlement as fair, reasonable, and adequate and approving the terms of this Settlement Agreement. If the Settlement Agreement is approved by the Court, the Claims Administrator will make payment to each eligible Plaintiff by mailing a check or making electronic payment to him or her. If the Court does not approve the Settlement Agreement, no payment will be distributed to any individual, the entire Settlement Agreement will be void and unenforceable, and the Parties shall be restored to the status quo ante, that is, their respective positions that existed in this lawsuit prior to entering into this Settlement Agreement.

# YOUR RIGHTS AND OPTIONS REGARDING PARTICIPATION IN THE SETTLEMENT

| | |
|---|---|
| **7.** | **What are my options?** |

You have three options under this settlement:

### a.   Participate in the Settlement and Receive Payment.

If you wish to participate in the settlement and receive a monetary payment from the Settlement Sum, **you must submit the Acknowledgement and Consent form online at [insert website], by email, or by mail within sixty (60) days from the date of the initial distribution of this notice.** The form may be signed electronically or in hard copy, and may be mailed to the Claims Administrator at the address listed below, or submitted through the Claims Administrator's website, [insert website]:

[insert KCC's address]

In order to be valid, the executed Acknowledgement and Consent form must be filed online, emailed, or postmarked no later than [DATE]. In executing this form, you agree to be bound by the Settlement Agreement and waive all known and unknown claims, promises, causes of action, or similar rights of any kind that you may presently have for age discrimination against Google.

b.  **Withdraw from the Settlement.**

You may affirmatively request to withdraw from the settlement within sixty (60) days from the initial distribution of this notice. If you withdraw, you will not receive any monetary payment from this settlement, you will not be bound by the terms of the Settlement Agreement, including the release and waiver and no reapplication provision. The parties will ask that your claims be dismissed by the Court without prejudice and the statute of limitations on your individual claims for relief will resume running on the date of your dismissal.

To withdraw from the settlement, you must mail or email a signed statement to Plaintiffs' counsel stating that you understand that you will not receive any monetary benefits from the settlement, and that the statute of limitations on your claims for individual relief will resume running on the date of your dismissal.

The signed statement may be emailed to Plaintiffs' counsel at googlesettlement@kotchen.com or mailed to the following address:

> Kotchen & Low LLP
> 1745 Kalorama Road NW, Suite 101
> Washington, DC 20009

c.  **Do Nothing / Fail to Timely Return the Acknowledgement and Consent Form.**

If you do not wish to participate in the settlement, or if you fail to submit the Acknowledgement and Consent form within sixty (60) days from the initial distribution of this notice, you will not receive any monetary payment from the Settlement Sum, the parties will ask the Court to dismiss your claims without prejudice, and the statute of limitations on your individual claims for relief will resume running on the date of your dismissal.

| |
|---|
| **8.   Release of claims. What will I give up if I participate in the Settlement?** |

Plaintiffs who participate in the settlement must complete and submit an Acknowledgement and Consent form to the Claims Administrator within sixty (60) days of the initial distribution of this notice. In completing this form, you are knowingly and voluntarily releasing and waiving the following claims against Google: all known and

unknown claims, promises, causes of action, or similar rights of any kind that you may presently have for discrimination because of age based on claims or allegations that were raised or could have been raised in this lawsuit, in the Second Amended Complaint, or in any Complaint filed in this lawsuit, including, without limitation, claims under ADEA or parallel state or local laws. In executing this form, you also understand that the claims you are releasing may arise under many different foreign, domestic, federal, state, or local laws (including statutes, regulations, other administrative guidance, and common law doctrines) such as all common law contract, tort, or other claims you may have. You are not releasing or waiving any claims that applicable law does not permit you to release or waive.

In addition, you are agreeing that you are not entitled to re-apply for employment with Google for three (3) years after the Effective Date of the settlement.

# ADDITIONAL INFORMATION

### 9.   Plaintiffs' Counsel

You are represented by Plaintiffs' counsel, Kotchen & Low LLP and DVG Law Partner LLC, in this matter. More information about these lawyers, their experience, and their law firm is available at www.kotchen.com and www.dvglawpartner.com. Inquiries may be directed to:

**Kotchen & Low LLP**
Daniel Kotchen (dkotchen@kotchen.com)
Daniel Low (dlow@kotchen.com)
1745 Kalorama Road NW, Suite 101
Washington, DC 20009
Telephone: 202-471-1995
Facsimile: 202-280-1128
www.kotchen.com

**DVG Law Partner LLC**
Michael Brown (mbrown@dvglawpartner.com)
4321 W. College Avenue, Suite 200
Appleton, WI 54914
Telephone: 920-757-2488
Facsimile: 920-273-6177
www.dvglawpartner.com

### 10.  Copies of Important Documents.

A copy of the Settlement Agreement and copies of important documents are available on the Claims Administrator's website: [insert website].

**PLEASE DO NOT TELEPHONE OR OTHERWISE WRITE THE COURT, THE OFFICE OF THE CLERK, GOOGLE, OR COUNSEL FOR GOOGLE FOR INFORMATION REGARDING THIS SETTLEMENT.**

37981207.1

**EXHIBIT B**

**CONFIDENTIAL SETTLEMENT AGREEMENT**

**ACKNOWLEDGEMENT AND CONSENT**

**[PLAINTIFF'S NAME]**

**[MAILING ADDRESS]**

You , [**PLAINTIFF'S NAME**], previously submitted a Consent to Join and became a party Plaintiff in the age-discrimination collective action titled *ROBERT HEATH, on behalf of himself, and CHERYL FILLEKES, on behalf of herself and others similarly situated, v. GOOGLE LLC*, Case No. 5:15-cv-01824-BLF, United State District Court, Northern District of California (the "Collective Action").

As explained in the Notice of Settlement, Plaintiff Cheryl Fillekes and Defendant Google LLC ("Google") have entered into a Settlement Agreement that, upon approval by the Court, will settle and finally resolve the Collective Action.

If you wish to participate in the settlement and receive a settlement payment of approximately $<**EstSet>>** but not less than $ 11,465.81, then you must sign and submit this Confidential Settlement Agreement Acknowledgement and Consent ("Acknowledgement and Consent") no later than [**DATE**].

If you do not sign and submit this Acknowledgement and Consent by [**DATE**], you will receive no money from the settlement and your claims will be dismissed from this Collective Action without prejudice.

**BY CHECKING THE "I AGREE" BOX BELOW AND PRESSING THE "SUBMIT" BUTTON, YOU ARE ACKNOWLEDGING, AGREEING, AND CONSENTING TO EACH OF THE FOLLOWING:**

- You received the Notice of Settlement and an electronic link to the Settlement Agreement.

- Prior to signing this Acknowledgement and Consent, you reviewed the Notice of Settlement, the Settlement Agreement, and this Acknowledgement and Consent and had a reasonable amount of time to discuss them with your counsel in this Collective Action, Kotchen & Low LLP, whose contact information is included in the Notice of Settlement and restated below:

    KOTCHEN & LOW LLP

    1745 Kalorama Road NW, Suite 101

    Washington, D.C. 20009

Telephone: 202-471-1995

Facsimile: 202-280-1128

- You agree and consent to the Settlement Agreement in its entirety.
- You must submit a complete Form W-9 as a condition to receiving a settlement payment.

I , [**PLAINTIFF'S NAME**], have carefully read this Acknowledgement and Consent. I wish to participate in the settlement. I agree and consent to the Settlement Agreement in its entirety.

__ I AGREE   [***SUBMIT BUTTON***]

38279979.1

2

Ex. C - Plaintiff List

| | A | B |
|---|---|---|
| 1 | **First** | **Last** |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |
| 29 | | |
| 30 | | |
| 31 | | |
| 32 | | |
| 33 | | |
| 34 | | |
| 35 | | |
| 36 | | |
| 37 | | |
| 38 | | |
| 39 | | |
| 40 | | |
| 41 | | |
| 42 | | |
| 43 | | |

Ex C - Plaintiff List

| | A | B |
|---|---|---|
| 44 | | |
| 45 | | |
| 46 | | |
| 47 | | |
| 48 | | |
| 49 | | |
| 50 | | |
| 51 | | |
| 52 | | |
| 53 | | |
| 54 | | |
| 55 | | |
| 56 | | |
| 57 | | |
| 58 | | |
| 59 | | |
| 60 | | |
| 61 | | |
| 62 | | |
| 63 | | |
| 64 | | |
| 65 | | |
| 66 | | |
| 67 | | |
| 68 | | |
| 69 | | |
| 70 | | |
| 71 | | |
| 72 | | |
| 73 | | |
| 74 | | |
| 75 | | |
| 76 | | |
| 77 | | |
| 78 | | |
| 79 | | |
| 80 | | |
| 81 | | |
| 82 | | |
| 83 | | |
| 84 | | |
| 85 | | |
| 86 | | |

Ex C - Plaintiff List



Ex C - Plaintiff List

|     | A | B |
| --- | --- | --- |
| 130 | | |
| 131 | | |
| 132 | | |
| 133 | | |
| 134 | | |
| 135 | | |
| 136 | | |
| 137 | | |
| 138 | | |
| 139 | | |
| 140 | | |
| 141 | | |
| 142 | | |
| 143 | | |
| 144 | | |
| 145 | | |
| 146 | | |
| 147 | | |
| 148 | | |
| 149 | | |
| 150 | | |
| 151 | | |
| 152 | | |
| 153 | | |
| 154 | | |
| 155 | | |
| 156 | | |
| 157 | | |
| 158 | | |
| 159 | | |
| 160 | | |
| 161 | | |
| 162 | | |
| 163 | | |
| 164 | | |
| 165 | | |
| 166 | | |
| 167 | | |
| 168 | | |
| 169 | | |
| 170 | | |
| 171 | | |
| 172 | | |

Ex C - Plaintiff List



Ex C - Plaintiff List

| | A | B |
|---|---|---|
| 216 | | |
| 217 | | |
| 218 | | |
| 219 | | |
| 220 | | |
| 221 | | |
| 222 | | |
| 223 | | |
| 224 | | |
| 225 | | |
| 226 | | |
| 227 | | |
| 228 | | |
| 229 | | |
| 230 | | |
| 231 | | |
| 232 | | |
| 233 | | |
| 234 | | |
| 235 | | |

Totals

| | Totals | Per class member ave. |
|---|---|---|
| **Gross settlement amount** | $11,000,000 | ███████ |
| **Interest** | tbd | |
| | | |
| **Deductions** | | |
| Attorney fees | $2,750,000 | $11,752.14 |
| Litig. Expenses (approx.) | $176,000 | $752.14 |
| Settlement administrator (approx.) | $24,000 | $102.56 |
| Incentive award to class rep | $10,000 | $42.74 |
| **Net recovery to class** | $8,040,000 | ███████ |
| | | |
| **Allocation to Class Members** | | |
| Approx 1/3 divided equally | $2,683,000 | $11,465.81 |
| Remainder divided pro rata based on lost wages | $5,357,000 | ███████ |

Allocation

| Candidate ID | Lost Wages During Relevant Period | Lost wages recovery | Equal share of $2.683 m | Total |
|---|---|---|---|---|
| 376681160 | | | $11,465.81 | |
| 50507070 | | | $11,465.81 | |
| 56149540 | | | $11,465.81 | |
| 70558154 | | | $11,465.81 | |
| 401794148 | | | $11,465.81 | |
| 54110212 | | | $11,465.81 | |
| 289051545 | | | $11,465.81 | |
| 399945564 | | | $11,465.81 | |
| 1096691 | | | $11,465.81 | |
| 1581470 | | | $11,465.81 | |
| 140447 | | | $11,465.81 | |
| 406118908 | | | $11,465.81 | |
| 376778118 | | | $11,465.81 | |
| 411094273 | | | $11,465.81 | |
| 51314316 | | | $11,465.81 | |
| 376598602 | | | $11,465.81 | |
| 288009826 | | | $11,465.81 | |
| 57863357 | | | $11,465.81 | |
| 51965952 | | | $11,465.81 | |
| 70566929 | | | $11,465.81 | |
| 401600533 | | | $11,465.81 | |
| 59825547 | | | $11,465.81 | |
| 2545094 | | | $11,465.81 | |
| 410517837 | | | $11,465.81 | |
| 52306103 | | | $11,465.81 | |
| 287502213 | | | $11,465.81 | |

Allocation

| | | | |
|---|---|---|---|
| 5940377 | | $11,465.81 | |
| 289048987 | | $11,465.81 | |
| 4835371 | | $11,465.81 | |
| 377403187 | | $11,465.81 | |
| 4144086 | | $11,465.81 | |
| 403647713 | | $11,465.81 | |
| 54281119 | | $11,465.81 | |
| 5513680 | | $11,465.81 | |
| 3559305 | | $11,465.81 | |
| 405752998 | | $11,465.81 | |
| 71634000 | | $11,465.81 | |
| 996718 | | $11,465.81 | |
| 289627501 | | $11,465.81 | |
| 399933631 | | $11,465.81 | |
| 290092543 | | $11,465.81 | |
| 287959973 | | $11,465.81 | |
| 52196010 | | $11,465.81 | |
| 408485404 | | $11,465.81 | |
| 289931646 | | $11,465.81 | |
| 7763335 | | $11,465.81 | |
| 70467732 | | $11,465.81 | |
| 52253 | | $11,465.81 | |
| 287818370 | | $11,465.81 | |

Allocation

| | | | |
|---|---|---|---|
| 7547063 | | $11,465.81 | |
| 1460921 | | $11,465.81 | |
| 377426662 | | $11,465.81 | |
| 290581450 | | $11,465.81 | |
| 405747968 | | $11,465.81 | |
| 403291 | | $11,465.81 | |
| 376770952 | | $11,465.81 | |
| 400370655 | | $11,465.81 | |
| 1314066 | | $11,465.81 | |
| 401982039 | | $11,465.81 | |
| 287501078 | | $11,465.81 | |
| 376803702 | | $11,465.81 | |
| 288311393 | | $11,465.81 | |
| 401561305 | | $11,465.81 | |
| 70567903 | | $11,465.81 | |
| 406855617 | | $11,465.81 | |
| 70736225 | | $11,465.81 | |
| 402420895 | | $11,465.81 | |
| 3899206 | | $11,465.81 | |
| 287500627 | | $11,465.81 | |
| 534057 | | $11,465.81 | |
| 378623638 | | $11,465.81 | |
| 1261927 | | $11,465.81 | |
| 401857315 | | $11,465.81 | |

Allocation

| | | |
|---|---|---|
| 400012619 | | $11,465.81 |
| 70222799 | | $11,465.81 |
| 287449 | | $11,465.81 |
| 5981527 | | $11,465.81 |
| 50174503 | | $11,465.81 |
| 2136332 | | $11,465.81 |
| 287530696 | | $11,465.81 |
| 405832678 | | $11,465.81 |
| 56682292 | | $11,465.81 |
| 59953186 | | $11,465.81 |
| 52312702 | | $11,465.81 |
| 401253296 | | $11,465.81 |
| 70516504 | | $11,465.81 |
| 917334 | | $11,465.81 |
| 54092799 | | $11,465.81 |
| 400189644 | | $11,465.81 |
| 407178562 | | $11,465.81 |
| 402402484 | | $11,465.81 |
| 59209186 | | $11,465.81 |
| 974118 | | $11,465.81 |
| 5796111 | | $11,465.81 |
| 71113532 | | $11,465.81 |
| 378459011 | | $11,465.81 |
| 287558256 | | $11,465.81 |
| 402067266 | | $11,465.81 |
| 410700104 | | $11,465.81 |

Allocation

| | | Allocation | |
|---|---|---|---|
| 186150 | | $11,465.81 | |
| 406695467 | | $11,465.81 | |
| 7047019 | | $11,465.81 | |
| 289005906 | | $11,465.81 | |
| 406798184 | | $11,465.81 | |
| 400961193 | | $11,465.81 | |
| 403204540 | | $11,465.81 | |
| 4670610 | | $11,465.81 | |
| 403621072 | | $11,465.81 | |
| 6654807 | | $11,465.81 | |
| 56041540 | | $11,465.81 | |
| 59835747 | | $11,465.81 | |
| 7625063 | | $11,465.81 | |
| 377234929 | | $11,465.81 | |
| 400320203 | | $11,465.81 | |
| 52612073 | | $11,465.81 | |
| 751926 | | $11,465.81 | |
| 54576355 | | $11,465.81 | |
| 287482723 | | $11,465.81 | |
| 1010655 | | $11,465.81 | |
| 287915408 | | $11,465.81 | |
| 3129228 | | $11,465.81 | |
| 289012298 | | $11,465.81 | |
| 288683274 | | $11,465.81 | |
| 402504296 | | $11,465.81 | |

Allocation

| | | |
|---|---|---|
| 56577251 | | $11,465.81 |
| 288021766 | | $11,465.81 |
| 70371419 | | $11,465.81 |
| 56577859 | | $11,465.81 |
| 400714934 | | $11,465.81 |
| 376819213 | | $11,465.81 |
| 54546348 | | $11,465.81 |
| 287595403 | | $11,465.81 |
| 334792 | | $11,465.81 |
| 401108220 | | $11,465.81 |
| 406539389 | | $11,465.81 |
| 400847922 | | $11,465.81 |
| 402080935 | | $11,465.81 |
| 4931514 | | $11,465.81 |
| 401942004 | | $11,465.81 |
| 67134647 | | $11,465.81 |
| 6539616 | | $11,465.81 |
| 288516274 | | $11,465.81 |
| 400083203 | | $11,465.81 |
| 56918412 | | $11,465.81 |
| 51522902 | | $11,465.81 |
| 378355344 | | $11,465.81 |
| 287527125 | | $11,465.81 |
| 430194 | | $11,465.81 |

Allocation

| | | |
|---|---|---|
| 290525375 | | $11,465.81 |
| 1062255 | | $11,465.81 |
| 406516070 | | $11,465.81 |
| 6341775 | | $11,465.81 |
| 4521378 | | $11,465.81 |
| 1429122 | | $11,465.81 |
| 407768150 | | $11,465.81 |
| 402456706 | | $11,465.81 |
| 6936842 | | $11,465.81 |
| 7767647 | | $11,465.81 |
| 377043740 | | $11,465.81 |
| 656235 | | $11,465.81 |
| 376863050 | | $11,465.81 |
| 290537344 | | $11,465.81 |
| 407602389 | | $11,465.81 |
| 52355234 | | $11,465.81 |
| 1791480 | | $11,465.81 |
| 402654511 | | $11,465.81 |
| 5564111 | | $11,465.81 |
| 3215827 | | $11,465.81 |
| 400251430 | | $11,465.81 |
| 59319275 | | $11,465.81 |
| 401204016 | | $11,465.81 |
| 289769327 | | $11,465.81 |
| 59917197 | | $11,465.81 |

Allocation

| | | | |
|---|---|---|---|
| 6802778 | | $11,465.81 | |
| 1724563 | | $11,465.81 | |
| 70548466 | | $11,465.81 | |
| 400320121 | | $11,465.81 | |
| 969570 | | $11,465.81 | |
| 290541369 | | $11,465.81 | |
| 4649415 | | $11,465.81 | |
| 53621545 | | $11,465.81 | |
| 406645994 | | $11,465.81 | |
| 402063066 | | $11,465.81 | |
| 511223 | | $11,465.81 | |
| 403012780 | | $11,465.81 | |
| 5515567 | | $11,465.81 | |
| 6248705 | | $11,465.81 | |
| 527285 | | $11,465.81 | |
| 296928 | | $11,465.81 | |
| 1216625 | | $11,465.81 | |
| 4548783 | | $11,465.81 | |
| 290168481 | | $11,465.81 | |
| 405837580 | | $11,465.81 | |
| 85470 | | $11,465.81 | |
| 2208103 | | $11,465.81 | |
| 866854 | | $11,465.81 | |

Allocation

| | | |
|---|---|---|
| 400883893 | | $11,465.81 |
| 70227009 | | $11,465.81 |
| 408034131 | | $11,465.81 |
| 407124685 | | $11,465.81 |
| 290608475 | | $11,465.81 |
| 59816672 | | $11,465.81 |
| 70850063 | | $11,465.81 |
| 4995436 | | $11,465.81 |
| 402187332 | | $11,465.81 |
| 290039266 | | $11,465.81 |
| 288054056 | | $11,465.81 |
| 2692635 | | $11,465.81 |
| 401352637 | | $11,465.81 |
| 50184761 | | $11,465.81 |
| 406473506 | | $11,465.81 |
| 59861132 | | $11,465.81 |
| 406286607 | | $11,465.81 |
| 4544198 | | $11,465.81 |
| 3124391 | | $11,465.81 |
| 286196648 | | $11,465.81 |
| 1709188 | | $11,465.81 |
| 70542004 | | $11,465.81 |
| 289945568 | | $11,465.81 |
| 379237055 | | $11,465.81 |
| 3428568 | | $11,465.81 |
| 290083909 | | $11,465.81 |
| 4703710 | | $11,465.81 |
| 288103284 | | $11,465.81 |
| 376837836 | | $11,465.81 |
| 287542612 | | $11,465.81 |
| 406827582 | | $11,465.81 |

Allocation

| | | | | |
|---|---|---|---|---|
| 406402500 | | | $11,465.81 | |
| 7309497 | | | $11,465.81 | |
| 289668655 | | | $11,465.81 | |
| 404471631 | | | $11,465.81 | |
| 651344 | | | $11,465.81 | |
| 406503749 | | | $11,465.81 | |
| 639521 | | | $11,465.81 | |
| | **$13,032,800** | **$5,357,000** | **$2,683,000** | **$8,040,000** |